IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ELGASIM MOHAMED FADLALLA, *et al.*, | * |
| Plaintiffs | * |
| v. | *   Civil Action No. 8:15-cv-01806-PX |
| DYNCORP INTERNATIONAL, LLC *et al.*, | * |
| Defendants | * |

\*\*\*

## MEMORANDUM OPINION

Relators filed this *qui tam* action on June 19, 2015, on behalf of the United States, against numerous business entities that contracted to provide linguistic services to the United States military forces in the Middle East. ECF No. 1.[1] After prolonged investigation and deliberation, the United States declined to intervene. ECF No. 29. The United States requests that it be served with all pleadings, notices of appeal, and Court orders in this case, and that the Court unseal only the Complaint, the Notice of Election to Decline Intervention, and the proposed Order with all other filings remaining sealed. *Id.* at 2-3. The Court grants the United States' request for service of pleadings, notices of appeal, and Court orders, but denies the request for limited continuous sealing.

Under the False Claims Act, private parties may bring suit in the name of the United States. *Am. Civil Liberties Union v. Holder*, 673 F.3d 245, 248 (4th Cir. 2011). The private parties, known as *qui tam* relators, initially must file the complaint under seal. 31 U.S.C. § 3730(b)(2). Sealing protects the United States' investigation while the government determines whether to intervene in the action. *Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003)

---

[1] Relators also filed a claim under the Trafficking Victims Protection Reauthorization Act. ECF No. 9 ¶¶ 548–93. Because this claim is not on behalf of the United States, it is not presently at issue.

(citing *United States ex rel. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245 (9th Cir. 1995)).  If the United States declines to intervene, it can elect to receive copies of all pleadings.  31 U.S.C. § 3730(c)(3).  The United States may also prevent the action from being dismissed.  *Id.* § 3730(b)(1).

Once the United States decides whether to intervene, "the qui tam complaint and docket sheet are unsealed."  *Holder*, 673 F.3d at 247.  This is in keeping with the general presumption that the public enjoys free and unfettered access to Court records.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  To justify continued sealing of *qui tam* court records, the risk of disclosure must outweigh the public benefits in access to court records.  *United States ex rel. Littlewood v. King Pharm., Inc.*, 806 F. Supp. 2d 833, 843 (D. Md. 2011).

This court is persuaded that continued sealing would be justified upon a showing that the particular pleading either includes confidential investigative techniques, jeopardizes an ongoing investigation, or risks injury to non-parties.  *Id.* at 843 (quoting *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1993)).  By contrast, if the pleading "merely disclose[s] routine investigative procedures which anyone with rudimentary knowledge of the investigative processes would assume would be utilized in the regular course of business and contain[s] no information about specific investigatory techniques," then the pleading ought to be unsealed. *King Pharm.*, 806 F. Supp. 2d at 843 (quoting *Mikes*, 846 F. Supp. at 23) (internal quotations omitted); *see also United States ex rel. Yannacopolous v. Gen. Dynamics*, 457 F. Supp. 2d 854, 860 (N.D. Ill. 2006).

The pleadings that the United States seeks to maintain under seal consist primarily of motions for extensions of time.  These motions summarize information originally included in the Amended Complaint, which will be unsealed with the United States' assent.  ECF No. 29 at 3.

The remaining portions of these pleadings refer to such routine investigative matters as the numbers of subpoenas issued, witnesses interviewed, and pages of documents reviewed. *See, e.g.*, ECF No. 24 at 4. The motions also refer to general discussions with defense counsel, but do not disclose the content of such conversations. *See, e.g.*, ECF No. 17 at 4. Nor does a generalized reference to the process for obtaining final authorization regarding intervention justify continued sealing. In short, none of the pleadings "implicate specific people or provide any substantive details" about the investigative or decision-making efforts beyond memorializing routine investigative steps involved in any such process. *See Yannacopolous*, 457 F. Supp. 2d at 859 (quoting *United States v. CACI Int'l, Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995)) (internal quotation marks omitted). The pleadings, therefore, must be unsealed.

In arguing to the contrary, the United States summarily contends that sealing is warranted because the motions "are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." ECF No. 29 at 3. Notably, the United States offered a near identical rationale in *King Pharm.*, 806 F. Supp. 2d at 843, which was rightfully rejected as "conclusory and unpersuasive." *Id.* The argument has not improved the second time around. Accordingly, the United States has not rebutted the presumption that court records remain public. *King Pharm.*, 806 F. Supp. 2d at 838.

For the above-stated reasons, the case in its entirety will be unsealed. The Court is mindful, however, that the case has not yet begun in earnest against Defendants, and that the United States or Defendants may wish to provide additional bases for sealing some or all of the filings. Although the Court does not see a path to continued sealing at this juncture, it will stay the effect of this Order for 30 days to allow any interested party to move for reconsideration. The United States may solicit the views of any interested party and submit any additional facts or

grounds in support of continued sealing.

      For the foregoing reasons, the Court grants the United States' request to receive copies of all pleadings, notices of appeal, and Court orders.  The United States' request to permanently seal all docket items besides the Complaint, the Notice of Election to Decline Intervention, and the proposed Order is denied; the case record and docket will be unsealed.  A separate Order follows.


October 10, 2018_____            ___/S/_____
Date                                                               Paula Xinis
                                                                                     United States District Judge