IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELGASIM MOHAMED FADLALLA, *et al.*, <br><br> Plaintiff-Relators, <br><br> v. <br><br> DYNCORP INTERNATIONAL LLC, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) Case No. 8:15-cv-01806-PX ) ) ) ) ) |

**OPPOSITION OF PLAINTIFFS/RELATORS
ELGASIM FADLALLA, *et al.*, TO DEFENDANTS KMS
SOLUTIONS, LLC'S and THOMAS/WRIGHT, INC.'S MOTIONS TO DISMISS**

                        Joseph A. Hennessey
                        The Law Office of Joseph Hennessey, LLC
                        2 Wisconsin Circle, Suite 700
                        Chevy Chase, Maryland 20815

                        Charles S. Fax
                        Liesel J. Schopler
                        Rifkin Weiner Livingston LLC
                        225 Duke of Gloucester Street
                        Annapolis, Maryland 21401

                        Timothy Matthews
                        Chimicles Schwartz Kriner & Donaldson-Smith LLP
                        361 West Lancaster Avenue
                        Haverford, Pennsylvania 19041

                        *Attorneys for Plaintiffs/Relators*

April 30, 2019

**OPPOSITION TO KMS'S AND THOMAS WRIGHT'S MOTIONS TO DISMISS**
**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. KMS AND T/WI ARE LIABLE FOR THE FCA AND
TVPRA CLAIMS ALLEGED AS TO CONTRACT 1 ................................................. 1

    A.    KMS and T/WI are Liable for Violations of the
FCA as to Contract 1.......................................................................................... 1

    B.    KMS and T/WI are Liable for Violations of the TVPRA....................................... 4

III. CONCLUSION ............................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*Bistline v. Parker*,
  2019 U.S. App. LEXIS 7503 (10th Cir. Mar. 14, 2019) ...................................................... 4

*Elat v. Ngoubene*,
  993 F. Supp. 2d 497 (D. Md. 2014) ................................................................................... 4

*Mann v. Heckler & Koch Defense, Inc.*,
  639 F. Supp.2d 619 (E.D. Va. 2009) ................................................................................. 4

*United States ex rel. Westrick v. Second Chance Body Armor, Inc.*,
  266 F. Supp. 3d 110 (D.D.C. 2017) ................................................................................... 4

*United States. ex rel. Elms v. Accenture LLP*,
  341 F.App'x 869 (4th Cir. 2009) ....................................................................................... 2

*Veridyne Corp. v. United States*,
  758 F.3d 1371 (Fed. Cir. 2014) ......................................................................................... 4

**Statutes**

18 U.S.C. § 1589 (b) ................................................................................................................ 4

18 U.S.C. § 1591 (e)(6) ............................................................................................................ 4

31 U.S.C. § 3729 ...................................................................................................................... 1

**I.   INTRODUCTION**

Plaintiffs/Relators Elgasim Mohamed Fadlalla, *et al.* ("Relators"), by their counsel of record, for their Opposition to the Motions to Dismiss filed by Defendants Thomas Wright, Inc ("T/WI"), and KMS Solutions, Inc. ("KMS"),[1] state as follows:

Contemporaneously with the filing of this Opposition, Relators are filing oppositions to the Motions to Dismiss ("MTD") filed by Defendants Global Linguist Solutions, LLC ("GLS"), DynCorp International, LLC ("DI") and AECOM National Security Programs, Inc. ("AECOM"). Relators incorporate by reference, as though fully stated herein, the statement of facts set forth in their Opposition to GLS's Motion to Dismiss.  Relators also incorporate by reference their arguments in their GLS Opposition that Relators Adequately plead False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, violations and Relators adequately plead a reverse false claim violation. Additionally, Relators incorporate by reference their arguments in their DI Opposition that the public disclosure bar does not bar Relators' FCA claims.

This memorandum also rebuts T/WI's and KMS's arguments that the FAC fails to sufficiently allege liability on their part as to Relators' FCA and Trafficking Victims Protection Reauthorization Act ("TVPRA") claims.

**II.   KMS AND T/WI ARE LIABLE FOR THE FCA AND TVPRA CLAIMS ALLEGED AS TO CONTRACT 1**

    **A.   KMS and T/WI are Liable for Violations of the FCA as to Contract 1**

Rule 9(b) requires Relators to specify how KMS and T/WI participated in the SBA fraud-

---

[1] T/WI and KMS are two of the five SBA-certified purported small business subcontractors sued in this action. Three other purported small business subcontractors, TigerSwan, Inc. ("TigerSwan"); Shee Atiká Languages, LLC ("Shee Atiká") and Invizion, Inc. ("Invizion"), have not moved to dismiss for failure to state a claim.  All of the small business defendants are referred to hereinafter as the "SBA Defendants."

based and TVPRA-based FCA claims.  *United States. ex rel. Elms v. Accenture LLP*, 341 F.App'x 869, 873 (4th Cir. 2009) (requiring the pleading of the who, what, where, when, and how of the false claims).  Given that the core allegation against KMS, T/WI and the other SBA Defendants is that they did nothing in the face of an obligation to do *something* to meet their participation requirements for performance of Contract 1 (and to refrain from profiting from human trafficking), there exists a natural limitation on the various ways of describing "nothing" with particularity.

Nevertheless, Relators' 110-page, 593-paragraph First Amended Complaint ("FAC") provides an extraordinary amount of detail about the scheme employed to falsify KMS and T/WI's participation in the performance of Contract 1 and to hide GLS's violations of the TVPRA – violations from which KMS and T/WI generously profited.[2]  The FAC includes particularized allegations about the "who" (GLS operating through managers Samuel de Sidmed, Cheryl Robinson, Todd Lawrence, Greg Williams, and GLS Presidents John Houck and Ken Tolleson, FAC ¶¶ 45, 48, 111, 165-77, 195, 199-200, 271, 277, 279, 303, 316-18, 340, 367, 401, 409, 416, 448-50) who worked cooperatively with easily identifiable contractual counterparties at KMS, T/WI, Shee Atiká, TigerSwan, and Invizion, KMS Solutions on the falsified Foreign Service (employment) Agreements to perpetrate extensive SBA-contracting fraud (the "what").  *Id.* at ¶¶164-76.[3]  This massive SBA fraud was perpetrated in Herndon, Virginia and in Kuwait (at camps

---

[2] GLS was a joint venture between DI and AECOM.  Hereinafter, "GLS" refers collectively to GLS, DI and AECOM.

[3] Though the complaint does not name specific personal among SBA Defendants, identities can be easily ascertained by reference to the counter-signatures of the contracts identified, *e.g.*, Thomas Wright of TigerSwan (counter-signatory of Elgasim Fadlalla's contract), FAC ¶ 283; Robert A. Wright of T/WI (counter-signatory of Mahmmoud Luttfi and Tony Antar's contracts), *id.* at ¶¶ 284, 286, 297, 323; Robert Arsenault of Shee Atiká (counter-signatory of Elgasim Fadlalla's contract), *id.* at ¶ 284; Monica Ortiz-Rivera for Invizion (counter-signatory of Nada Malek's and Maryan Mure's contracts), *see* FAC ¶¶ 298, 385.

Ali Al-Salem, Arifjan, and Buehring) (the "where"), *id.* at ¶¶ 185-87, from June 30, 2006, through January 2013 (the "when"), *id.* at ¶¶ 2, 59.  This same information provides the "who" and the "where" of KMS's and T/WI's participation in the false certification of TVPRA compliance as this same cadre of people was charged with certifying TVPRA compliance and reporting TVPRA violations occurring at these locations.

KMS and T/WI were active participants in these false claims.[4]  They partook in this wrong-doing as evidenced by the "teaming agreements" they entered into with GLS the terms of which had the effect of converting them into GLS's affiliates and surrendering actual participation in the performance of Contract 1, FAC ¶¶ 80-90, and by allowing GLS to generate paperwork that falsely represent them as Relators' employers, *id.* at ¶¶ 190, 193, 196, 210, 214, 228, 243, 261-62, 277-79, 283-84, 289, 298, 300, 309-10, 312, 365, 371 and 385-86.  In reality, KMS and T/WI had no role as Relators' "employers" and no role in the performance of Contract 1, not even processing payroll.  *Id.* at ¶¶ 93-119.

As the United States District Court for the District of Columbia has made clear, "the FCA's provisions, considered together, indicate a purpose to reach any person who knowingly assisted in causing the government to pay claims which were grounded in fraud, without regard to whether that person had direct contractual relations with the government." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 266 F. Supp. 3d 110, 126 (D.D.C. 2017) (internal quotation and citation omitted).  In the Fourth Circuit, "the taint of fraud caused by defendants who

---

[4] KMS ingenuously asserts that only seven of the 593 paragraphs in this complaint apply to it. KMS MTD at 2.  In fact, the FAC describes, with exquisite particularity, the small business contracting fraud wherein KMS was one of five small businesses that sold their small business status for use by DI, AECOM, and GLS to bid upon and earn money from Contract 1.  *See* FAC at ¶¶ 50-54, 59, 67, 69-90, 93-118, 166-77, 190, 193, 196, 210, 217-18, 228, 230-32, 234, 243, 255, 260, 262, 268, 273, 278-79, 283-89, 297-304, 306-12, 323-24, 354, 365-66, 385-90, 438-39.

knowingly participated in a collusive bidding process entered into every [subsequent] payment made under the contracts that eventually resulted from the bidding process." *Mann v. Heckler & Koch Defense, Inc.*, 639 F. Supp.2d 619 (E.D. Va. 2009); *see also Veridyne Corp. v. United States*, 758 F.3d 1371, 1379 (Fed. Cir. 2014) (making clear that "claims submitted pursuant to a fraudulently obtained contract are FCA violations even if the claims themselves do not contain false statements.").

### B. KMS and T/WI are Liable for Violations of the TVPRA

KMS and T/WI are liable for TVPRA violations pursuant to 18 U.S.C. § 1589 (b), as the TVPRA "holds not just primary offenders accountable but also anybody who knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in forced labor." *Bistline v. Parker*, 2019 U.S. App. LEXIS 7503, at *1 (10th Cir. Mar. 14, 2019);[5] *see also Elat v. Ngoubene*, 993 F. Supp. 2d 497, 531 n.17 (D. Md. 2014) ("Knowingly benefitting from the forced labor of a victim of human trafficking is a violation of 18 U.S.C. § 1589 (b) (2008)[.]").

KMS and T/WI are liable for the pleaded TVPRA violations because they participated in a venture that benefited from the described trafficking activity. Given the materiality of TVPRA compliance, KMS and T/WI's knowledge is established from their reckless disregard of the legality of Relators' presence in Kuwait, especially where they had participated in a venture to falsely represent to the United States that Relators were their own employees. The complete lack of interest in whether or not "their" linguists were being illegally trafficked into Kuwait betrays

---

[5] The TVPRA defines "venture" as "any group of two or more individuals associated in fact, whether or not a legal entity." 18 U.S.C. §1591 (e)(6).

SBA Contractors' reckless disregard, and therefore KMS and T/WI's knowledge of the TVPRA violations that are the subject of the FAC.

### III. CONCLUSION1

For the reasons discussed above, Defendant KMS's and T/WI's Motions to Dismiss should be denied. Should the motions be granted, however, it should be without prejudice, and Relators should be granted leave to file a Second Amended Complaint.

Respectfully submitted,

/s/ Joseph A. Hennessey
Joseph A. Hennessey, Esq.
The Law Office of Joseph Hennessey, LLC
2 Wisconsin Circle, Suite 700
Chevy Chase, Maryland 20815
Telephone: (301) 351-5614
Email: jhennessey@jahlegal.com

/s/ Charles S. Fax
Charles S. Fax
Rifkin Weiner Livingston LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Cell Phone: (410) 274-1453
Email: cfax@rwllaw.com

/s/ Liesel J. Schopler
Liesel J. Schopler
Rifkin Weiner Livingston LLC
225 Duke of Gloucester Street
Annapolis, Maryland 21401
Telephone: (410) 269-5066
Email: lschopler@rwllaw.com

<div style="margin-left: 50%;">

/s/ Timothy Matthews
Timothy Mathews
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
TimothyMathews@chimicles.com
*Admitted Pro Hac Vice*

Steven A. Schwartz
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 645-4720
steveschwartz@chimicles.com
*Pro Hac Vice Application Pending*

</div>