# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELGASIM MOHAMED FADLALLA, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>DYNCORP INTERNATIONAL LLC, *et al.*,<br><br>Defendants. | Case No.  8:15-cv-01806-PX |

## DEFENDANT GLOBAL LINGUIST SOLUTIONS, LLC'S ANSWER

Defendant Global Linguist Solutions, LLC ("GLS"),[1] by and through its attorneys, Orrick Herrington & Sutcliffe LLP, respectfully submits the following as its Answer to Plaintiffs'/Relators'[2] First Amended Complaint (Dkt. 9), filed March 25, 2016, alleging violations of the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*. and the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1581 *et seq*.

GLS hereby responds to Relators' First Amended Complaint ("FAC"). Pursuant to the Court's Order and Memorandum Opinion of September 5, 2019 (Dkt. 145), the Court dismissed Relators' Count III (alleging reverse false claims) and allowed the remaining Counts I, II, and IV of the FAC to move forward against GLS.  Relators' FAC attempts to resurrect their unsuccessful

---

[1] Per the Court's Memorandum Opinion, page 36, the Court dismissed "Global Linguist Solutions" as a separate party.

[2] According to the FAC, the Plaintiffs/Relators are "'Relators' for purposes of the False Claims Act" claims and "'Plaintiffs' for the Trafficking Victims Protection Reauthorization Act" claims.  FAC ¶ 1.  For simplicity, GLS refers to them herein as Relators.

2013 employment and labor claims against GLS, which Relators now repackage under the FCA and TVRPA.

GLS affirmatively states that through this lawsuit, Relators continue to pursue meritless claims that the United States previously investigated and determined not to pursue, and which have been abandoned in several previously filed civil cases, beginning in 2013. Through the contracts at issue, GLS provided valuable interpretation and translation services to the United States military, in the Middle East, to support the United States at a critical time in history. At all times, GLS was in compliance with the relevant contracts and with all applicable law.

GLS denies any liability whatsoever in Relators' First Amended Complaint. GLS further denies any allegations that are not expressly admitted below.

## I.      **<u>INTRODUCTION</u>**[3]

1.      In response to Paragraph 1 of the FAC, GLS admits that Relators bring allegations under the FCA, 31 U.S.C. §§ 3729(a)(1)(A), 3729(a)(1)(B), and 3729(a)(1)(G), and under the TVPRA, 18 U.S.C. § 1581 against Defendants AECOM National Security Programs, Inc.;[4] DynCorp International, LLC; GLS; Shee Atika Languages, LLC; Invizion, Inc.; TigerSwan, Inc.; Thomas Wright, Inc.; and KMS Solutions, LLC. GLS denies the allegation that GLS has two separate entities. GLS denies that Relators are proper relators pursuant to the FCA. GLS otherwise denies Paragraph 1.

2.      In response to Paragraph 2 of the FAC, GLS admits Contract No. W911W4-08-D-0002 ("Contract 1") was awarded to GLS on or about December 6, 2007 and that Contract No.

---

[3] For ease of reference, GLS's Answer replicates the headings contained in Relators' FAC. These are merely headings and no response is required to such headings. To the extent, however, that a response may be required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.
[4] The Court dismissed Defendant AECOM National Security Programs, Inc. by its Memorandum Opinion and Order dated September 5, 2019. *See* Dkt. 145, 146-1.

W911W4-11-D-0004 ("Contract 2") was awarded to GLS on or about July 1, 2011.  GLS was a contractor and signatory to those Contracts.  GLS admits that it subcontracted with Defendants Shee Atika Languages, LLC; Invizion, Inc.; TigerSwan, Inc.; Thomas Wright, Inc.; and KMS Solutions, LLC in connection with Contract 1.  Except as admitted, GLS denies Paragraph 2.

3.      In response to Paragraph 3, GLS admits that Contract 1 called for provision of foreign language linguistic, interpretation, and translation services of an "indefinite delivery, indefinite quantity."  Except as admitted, GLS denies Paragraph 3.

4.      In response to Paragraph 4, GLS admits that Contract 2 called for provision of foreign language linguistic, interpretation, and translation services and GLS was a signatory to Contract 2.  That Contract states that the "cumulative value for all [task] orders issued . . . shall not exceed the program ceiling of" $9.7 billion.  Except as admitted, GLS denies Paragraph 4.

5.      In response to Paragraph 5, GLS admits that certain Relators worked for GLS under Contract 1 and/or Contract 2 as linguists, translators and interpreters.  Except as admitted, GLS denies the allegations in Paragraph 5.

6.      GLS denies Paragraph 6.

7.      GLS denies Paragraph 7.

8.      GLS denies Paragraph 8.

9.      GLS denies Paragraph 9.

10.      GLS denies Paragraph 10.

11.      GLS denies Paragraph 11.

12.      GLS denies Paragraph 12.

13.      GLS denies Paragraph 13.

14.      GLS denies Paragraph 14.

15.     GLS denies Paragraph 15.

## II.     **PARTIES**

16.     In response to Paragraph 16, GLS admits only that certain Relators worked for GLS as linguists, interpreters and translators under Contract 1 and/or Contract 2 and that of these certain worked in Kuwait.  GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 16 and its subparts.

17.     In response to Paragraph 17, GLS admits the first sentence.  GLS denies the rest of Paragraph 17.

18.     In response to Paragraph 18, GLS admits the first sentence.  GLS lacks knowledge and information sufficient to form a belief as to the truth of the rest of the allegations, and on that basis denies the rest of Paragraph 18.

19.     In response to Paragraph 19, GLS admits it is a Delaware-registered limited liability company in which DynCorp holds an interest.  Except as admitted, GLS denies Paragraph 19.

20.     GLS denies Paragraph 20.

21.     GLS denies Paragraph 21.

22.     GLS denies Paragraph 22.

23.     In response to Paragraph 23, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 23.

24.     In response to Paragraph 24, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 24.

25.     In response to Paragraph 25, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 25.

26.     In response to Paragraph 26, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 26.

27.     GLS denies Paragraph 27.

28.     GLS denies Paragraph 28.

29.     In response to Paragraph 29, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 29.

30.     In response to Paragraph 30, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 30.

31.     In response to Paragraph 31, GLS admits that its financial statements were consolidated with DynCorp financial statements for a certain period.  Except as admitted, GLS denies paragraph 31.

32.     GLS denies Paragraph 32.

33.     In response to Paragraph 33, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 33.

34.     GLS denies Paragraph 34.

35.     In response to Paragraph 35, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 35.

36.     GLS denies Paragraph 36.

37.     GLS denies Paragraph 37.

38.     GLS denies Paragraph 38.

39.     GLS admits that GLS employees were eligible for a 401(k) plan at T. Rowe Price until 2015, a vendor also used by DynCorp.  Except as admitted, GLS denies Paragraph 39.

40.     GLS denies Paragraph 40.

41.     GLS denies Paragraph 41.

42.     GLS denies Paragraph 42.

43.     GLS denies Paragraph 43.

44.     GLS denies Paragraph 44.

45.     In response to Paragraph 45, GLS admits that it employed "Samuel Sidamed" during the relevant timeframe and that the email address Samuel.Sidamed@dyn-intl.com and Samuel.Sidamed@gls-1.com exist.  Except as admitted, GLS denies Paragraph 45.

46.     GLS admits that the email address greg.williams@dyn-intl.com exists.  GLS otherwise denies Paragraph 46.

47.     In response to Paragraph 47, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 47.

48.     GLS denies Paragraph 48.

49.     GLS admits that the email address bader.sultan@dyn-intl.com exists.  GLS otherwise denies Paragraph 49.

50.     In response to Paragraph 50, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 50.

51.     In response to Paragraph 51, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 51.

52.     In response to Paragraph 52, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 52.

53.     In response to Paragraph 53, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 53.

54.     In response to Paragraph 54, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 54.

## III.   JURISDICTION AND VENUE

55.     GLS denies Paragraph 55.

56.     GLS denies Paragraph 56.

57.     GLS denies Paragraph 57.

58.     GLS denies Paragraph 58.

## IV.   DEFENDANTS' MATERIAL REPRESENTATIONS IN THEIR BID FOR CONTRACT 1

59.     In response to Paragraph 59, GLS admits that the government solicited proposals for W911-05-R-0001 for the provision of linguist support to the U.S. military in the Middle East. GLS otherwise denies Paragraph 59.

60.     In response to Paragraph 60, GLS admits that it was awarded Contract W911W4-08-D-0002 ("Contract 1") on or about December 6, 2007.  GLS otherwise denies Paragraph 60.

61.     In response to Paragraph 61, GLS denies Contract 1 was for "Indefinite Duration, Indefinite Quantity."  GLS admits that Contract 1 states that the "maximum of all orders under the contract is $4.645 Billion" and that the document contains the partially-quoted language. GLS otherwise denies Paragraph 61.

62.     In response to Paragraph 62, GLS admits that Contract 1 states "The specific linguist services may be bought on the basis of man-hours, man-days, man-months, man-years, task completion or linguists based on the specific task order."

63.     In response to Paragraph 63, GLS admits Contract 1 includes the partially-quoted language.  GLS admits Contract 1 lists a provision for thirty-seven languages for services up to 24-hous per day seven days per week.  GLS otherwise denies Paragraph 63.

64.     In response to Paragraph 64, GLS admits that pursuant to Contract 1, the government, amongst other things, paid GLS for services related to linguists, including being available in theatre for translation and interpretation services.  GLS otherwise denies Paragraph 64.

65.     In response to Paragraph 65, GLS admits that Contract 1 includes the partially-quoted language. GLS otherwise denies Paragraph 65.

66.     GLS denies Paragraph 66.

67.     In response to Paragraph 67, GLS admits that Contract 1 includes the partially-quoted language.  GLS otherwise denies Paragraph 67.

68.     In response to Paragraph 68, GLS admits that Contract 1 includes the partially-quoted language. GLS otherwise denies Paragraph 68.

69.     In response to Paragraph 69, GLS denies that Contract 1, Section H.14 is entitled "Small Business Subcontracting Plan."  GLS admits that Contract 1 contains the partially-quoted language.  GLS otherwise denies Paragraph 69.

70.     In response to Paragraph 70, GLS admits that Contract 1, Section H.4 called for a submission pursuant to FAR 19.708(b) and in accordance with FAR 52.219.9, a section of the regulation entitled "Small Business Subcontracting Plan."  GLS otherwise denies Paragraph 70.

71.     In response to Paragraph 71, GLS admits that its proposal for Contract 1 included participation levels for "Small business," "Small Disadvantaged Businesses," "Women-Owned Small Businesses," "HUBZone Small Businesses," and "Service Disabled Veteran Small Businesses."  GLS otherwise denies Paragraph 71.

72.     In response to Paragraph 72, GLS admits that FAR 52.219-9(d)(1)(i) states in part that "Subcontracts awarded to an ANC or Indian tribe shall be counted towards the

subcontracting goals for small business and small disadvantaged business concerns."  GLS otherwise denies Paragraph 72.

73.     GLS admits that the section of the United States Code referenced in Paragraph 73 includes the partially-quoted language.  GLS otherwise denies Paragraph 73.

74.     GLS admits that the United States Code referenced in Paragraph 74 discusses the "policy of the United States" relating to the "maximum practicable opportunity to participate in the performance of contracts . . . ."  GLS otherwise denies Paragraph 74.

75.     GLS denies Paragraph 75.

76.     GLS admits that the United States Code referenced in Paragraph 76 is titled "Offenses and penalties" and that Section 645(d)(1)-(2) includes a potential fine of not more than $500,000 and administrative remedies under the Program Fraud Civil Remedies Act of 1986. GLS otherwise denies Paragraph 76.

77.     GLS admits that the FAR 52.219-9(d)(10)(ii) referenced in Paragraph 77 discusses in part what a "subcontracting plan shall include," where applicable.   GLS admits that Contract 1, Section H.4 references FAR 52.219.9.  GLS otherwise denies Paragraph 77.

78.     GLS admits that Contract 1, Section H.4 references FAR 52.219.9 and that this section discusses "[a]ssurances that the Offeror" will "[s]ubmit periodic reports."  GLS otherwise denies Paragraph 78.

79.     In response to Paragraph 79, GLS admits that FAR 52.219-9 contains the partially-quoted language.   GLS admits that Contract 1, Section H.4 references FAR 52.219-9. GLS admits that Contract 1, Section H.14(c)(3) states "The failure of the Contractor or subcontractor to comply in good faith with its subcontracting plan required by this contract shall be a material breach of the contract."  GLS otherwise denies Paragraph 79.

80.     GLS admits that Chapter 8 of the Cost Accounting Standards 8-103.2(c) includes the language referenced in Paragraph 80.  GLS otherwise denies Paragraph 80.

81.     GLS denies Paragraph 81.

82.     GLS admits only that Paragraph 82 cites 13 C.F.R. § 121.103, "How does SBA determine affiliation?" and that this section of the Code of Federal Regulations discusses "affiliation," and specifically Subsection (a) cited repeatedly by Relators entitled "General Principles of Affiliation."  Paragraph 82 appears to be Relators' summary and interpretation of regulatory language.  GLS otherwise denies Paragraph 82.

83.     In response to Paragraph 83, GLS admits it entered into certain agreements with small businesses in connection with Contract 1.  Otherwise, GLS denies Paragraph 83.

84.     In response to the first sentence of Paragraph 84, GLS admits it entered into certain agreements with small businesses as part of its bid for Contract 1.  Otherwise, GLS denies the first sentence of Paragraph 84.  GLS further states that it lacks knowledge and information sufficient as to why the government awarded the contract to GLS in the final sentence of Paragraph 84.  GLS denies the implication that it made any misrepresentation.

85.     GLS denies Paragraph 85.

86.     GLS denies Paragraph 86.

87.     GLS denies Paragraph 87.

88.     GLS denies Paragraph 88.

89.     In response to Paragraph 89, GLS admits that Exhibit B to the Teaming Agreement between GLS and Shee Atika discusses the partially-referenced items.  GLS otherwise denies Paragraph 89.

90.     In response to Paragraph 90, GLS admits that it entered into certain agreements with small businesses as part of its bid for Contract 1.  GLS otherwise denies Paragraph 90.

## V.    DEFENDANTS' MATERIAL REPRESENTATIONS IN THEIR BID FOR CONTRACT 2

91.     In response to Paragraph 91, GLS admits that the government solicited proposals for W911W4-11-R0003 for language interpretation and translation services at the end of 2010. GLS otherwise denies paragraph 91.

92.     In response to Paragraph 92, GLS admits it was awarded W911W4-11-D004 ("Contract 2") and that the Contract states that the "cumulative value for all [task] orders issued . . . shall not exceed the program ceiling of" $9.7 billion.  GLS otherwise denies Paragraph 92.

## VI.   DEFENDANTS' PERFORMANCE OF CONTRACT 1

93.     In response to Paragraph 93, GLS admits it submitted a proposal that included the use of small businesses.  GLS otherwise denies Paragraph 93.

94.     GLS denies Paragraph 94.

95.     GLS denies Paragraph 95.

96.     In response to Paragraph 96, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 96.

97.     In response to Paragraph 97, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 97.

98.     In response to Paragraph 98, GLS admits that it would have taken steps to engage certain "individuals who responded to" GLS stemming from GLS's advertisements.  Except as admitted, GLS denies Paragraph 98.

99.     GLS denies that the address Relators purportedly sent documents "indicating" anything about who employed Relators.  GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 99.

100.    In response to Paragraph 100, GLS admits that it would have taken steps to engage certain "individuals who responded to" GLS stemming from GLS's advertisements. Except as admitted, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 100.

101.    In response to Paragraph 101, GLS admits that it would have taken steps to engage certain individuals who responded to GLS stemming from GLS's advertisements. Except as admitted, GLS denies Paragraph 101.

102.    In response to Paragraph 102, GLS admits that it would have taken steps to engage certain individuals who responded to GLS stemming from GLS's advertisements. Except as admitted, GLS denies Paragraph 102.

103.    In response to Paragraph 103, GLS admits that it would have taken steps to engage certain individuals who responded to GLS stemming from GLS's advertisements, in some instances including arranging for certain logistics.  Except as admitted, GLS denies Paragraph 103.

104.    In response to Paragraph 104, GLS admits that it would have taken steps to engage certain individuals who responded to GLS stemming from GLS's advertisements, in some instances including arranging for certain logistics.  Except as admitted, GLS denies Paragraph 104.

105.    In response to Paragraph 105, GLS admits that it would have taken steps to engage and in some cases manage certain individuals who responded to GLS stemming from GLS's advertisements.  Except as admitted, GLS denies Paragraph 105.

106.    In response to Paragraph 106, GLS admits that it would have taken steps to engage and in some cases manage certain individuals who responded to GLS stemming from GLS's advertisements.  Except as admitted, GLS denies Paragraph 106.

107.    In response to Paragraph 107, GLS admits that it would have taken steps to engage certain individuals who responded to GLS stemming from GLS's advertisements. Except as admitted, GLS denies Paragraph 107.

108.    In response to Paragraph 108, GLS admits that it would have taken steps to engage certain individuals who responded to GLS stemming from GLS's advertisements. Except as admitted, GLS denies Paragraph 108.

109.    In response to Paragraph 109, GLS admits that it would have taken steps to engage certain individuals who responded to GLS stemming from GLS's advertisements. Except as admitted, GLS denies Paragraph 109.

110.    In response to Paragraph 110, GLS admits that it would have taken steps to engage certain individuals who responded to GLS stemming from GLS's advertisements. Except as admitted, GLS denies Paragraph 110.

111.    In response to Paragraph 111, GLS admits that it would have taken steps to engage and in some cases manage certain individuals who responded to GLS stemming from GLS's advertisements.  Except as admitted, GLS denies Paragraph 111.

112.    GLS denies Paragraph 112.

113.    GLS denies Paragraph 113.

114.     In response to Paragraph 114, GLS admits that Contract 1 states the "maximum of all orders under the contract is $4.465 Billion" and that the "estimated contract capacity" for Contract 2 was "$9.7B."  GLS otherwise denies Paragraph 114.

115.     GLS denies Paragraph 115.

116.     GLS denies Paragraph 116.

117.     GLS denies Paragraph 117.

118.     GLS denies Paragraph 118.

119.     GLS denies Paragraph 119.

## VII.    GLS'S CORRUPT RELATIONSHIP WITH ALSHORA

120.     GLS denies Paragraph 120.

121.     GLS denies Paragraph 121.

122.     GLS denies Paragraph 122.

123.     GLS denies Paragraph 123.  GLS further states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 123.

124.     In response to Paragraph 124, GLS admits that GLS and AlShora[5] entered into an agreement in December 2010 pursuant to which AlShora would "provide services which GLS wishes to purchase from Alshora in support of [Contract 1]."  GLS otherwise denies paragraph 124.

125.     GLS denies Paragraph 125.  GLS further states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations, specifically including which costs are alleged, and on that basis denies Paragraph 125.

---

[5] AlShora is sometimes spelled "Alshora" or "Al Shora" in various filings and documents.  Unless referencing a quotation, GLS refers to the company throughout this Answer as AlShora.

126.     GLS denies Paragraph 126.

127.     In response to Paragraph 127, GLS admits that Kuwait regulates work visas for foreign nationals.  GLS otherwise denies Paragraph 127.

128.     In response to Paragraph 128, GLS admits that Kuwait regulates work visas for foreign nationals.  GLS otherwise denies Paragraph 128.

129.     GLS denies Paragraph 129.

130.     GLS admits that the subcontracting agreement with AlShora (NO. INSCOM-AIC-0001) contains the partially-quoted language.  GLS otherwise denies Paragraph 130.

131.     GLS denies the first sentence of Paragraph 131.  In response to the second sentence of 131, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 131.

132.     In response to Paragraph 132, GLS admits that Kuwait regulates its own requirement for travel and licensing.  GLS otherwise denies Paragraph 132.

133.     GLS denies Paragraph 133.

134.     In response to Paragraph 134, GLS admits that Contract 1 was a "Cost Plus Award Fee" indefinite delivery, indefinite quantity contract and that Contract 2 was a Cost Plus Fixed Fee contract.  GLS otherwise denies Paragraph 134.

135.     In response to Paragraph 135, GLS admits it informed AlShora its agreement with AlShora would terminate on or around February 17, 2013.  GLS otherwise denies Paragraph 135.

136.     In response to Paragraph 136, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 136.

137.     GLS denies Paragraph 137.

138. In response to Paragraph 138, GLS states that GLS instructed linguists under AlShora to stop working.  GLS otherwise denies Paragraph 138.

139. GLS denies Paragraph 139.

140. GLS denies Paragraph 140.

141. In response to Paragraph 141, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 141.

142. GLS admits that the Kuwait Private Sector Labor Law addresses "absconding." GLS otherwise denies Paragraph 142.

143. In response to Paragraph 143, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 143.

144. In response to Paragraph 144, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 144.

145. In response to Paragraph 145, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 145.

146. In response to Paragraph 146, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 146.

147. In response to Paragraph 147, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 147.

148. GLS denies Paragraph 148.

149. In response to Paragraph 149, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 149.

150. In response to Paragraph 150, GLS admits that in April 2013 linguists, potentially including certain Relators, needed Kuwaiti visas; GLS otherwise denies Paragraph 150.

151.    GLS denies Paragraph 151.

152.    GLS denies Paragraph 152.

153.    GLS denies Paragraph 153.

154.    In response to Paragraph 154, GLS lacks knowledge and information sufficient to form a belief as to Relators' knowledge, and on that basis denies the allegation.

155.    GLS denies Paragraph 155.

156.    In response to Paragraph 156, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 156.

157.    In response to the first sentence of Paragraph 157, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.  GLS denies the second sentence of Paragraph 157.

158.    GLS denies Paragraph 158.

159.    In response to Paragraph 159, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 159.

## VIII.   GLS'S VIOLATION OF NISPON REGULATIONS

160.    In response to Paragraph 160, GLS admits that the material includes the partially-quoted language.  GLS otherwise denies Paragraph 160.

161.    In response to Paragraph 161, GLS admits that NISPON DoD 5220.22M is dated February 28, 2006.  GLS otherwise denies Paragraph 161.

162.    In response to Paragraph 162, GLS admits that NISPON DoD 5220.22M states that "Any violation of administrative security procedures or export control regulations that would subject classified information to possible compromise by foreign visitors or foreign national employees shall be reported to the CSA."  GLS otherwise denies Paragraph 162.

163.    GLS denies Paragraph 163.

IX.   **GLS'S MISREPRESENTATIONS TO THE COMMISSION ON WARTIME CONTRACTING REGARDING PERFORMANCE OF CONTRACT 1**

164.   In response to Paragraph 164, GLS admits only that Section 841 of the National Defense Authorization Act for Fiscal Year 2008 established the Commission on Wartime Contracting in Iraq and Afghanistan (the "Commission").  GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 164.

165.   In response to Paragraph 165, GLS admits that the Commission held a hearing on August 12, 2009 on linguist support services provided by GLS, and that the listed witnesses were called to testify.  GLS otherwise denies Paragraph 165.

166.   GLS denies Paragraph 166.

167.   In response to Paragraph 167, GLS admits that the hearing transcript includes the quoted language.  GLS otherwise denies Paragraph 167

168.   In response to Paragraph 168, GLS admits that the hearing transcript includes the quoted language from Paragraph 167.  GLS otherwise denies Paragraph 168.

169.   In response to Paragraph 169, GLS denies that "Houck responded, 'Yes, sir.  To the best of my knowledge that is true."  GLS otherwise admits that the hearing transcript includes the quoted language.  GLS otherwise denies Paragraph 169.

170.   GLS denies Paragraph 170.

171.   In response to Paragraph 171, GLS admits that the hearing transcript includes the quoted language.  GLS otherwise denies Paragraph 171.

172.   GLS denies Paragraph 172.

173.   GLS denies Paragraph 173.

174.     In response to Paragraph 174, GLS admits that the hearing transcript includes the quoted language from Commissioner Henke and Mr. Houck.  GLS otherwise denies Paragraph 174.

175.     GLS denies Paragraph 175.

176.     In response to Paragraph 176, GLS admits that the hearing transcript includes the quoted language.  GLS otherwise denies Paragraph 176.

177.     GLS denies Paragraph 177.

## X.     DEFENDANTS' PERFORMANCE OF CONTRACT 2

178.     GLS denies Paragraph 178.

179.     GLS denies Paragraph 179.

180.     In response to Paragraph 180, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

## XI.    WRONGDOING EXPERIENCED BY INDIVIDUAL RELATORS

181.     In response to Paragraph 181, GLS admits that the Relators describe themselves as "Resident Visa Relators" and "Non-Resident Visa Relators."  GLS otherwise denies Paragraph 181, including that Relators are proper relators pursuant to the FCA or any liability regarding visa status implicated by Relators descriptions of themselves.

182.     GLS denies Paragraph 182.

183.     GLS denies Paragraph 183.

184.     GLS denies Paragraph 184.

185.     In response to Paragraph 185, GLS admits the approximate location of Camp Ali Al-Salem and that certain Relators may have been housed there at certain times.  GLS lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 185, and on that basis denies all other allegations in Paragraph 185.

186.     In response to Paragraph 186, GLS admits the approximate location of Camp Buehring and that certain Relators may have been housed there at certain times.  GLS lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 186, and on that basis denies all other allegations in Paragraph 186.

187.     In response to Paragraph 187, GLS admits the approximate location of Camp Arifjan and that certain Relators may have been housed there at certain times.  GLS lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 187, and on that basis denies all other allegations in Paragraph 187.

188.     In response to Paragraph 188, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 188.

189.     GLS admits that Relator Zinnekah worked with GLS.  GLS otherwise denies Paragraph 189.

190.     GLS denies Paragraph 190.

191.     GLS denies Paragraph 191.

192.     GLS denies Paragraph 192.

193.     In response to Paragraph 193, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 193.

194.     In response to Paragraph 194, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 194.

195.     In response to Paragraph 195, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 195.

196.     GLS denies Paragraph 196.

197.     GLS denies Paragraph 197.

198.    GLS denies Paragraph 198.

199.    In response to Paragraph 199, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 199.

200.    GLS denies Paragraph 200.

201.    GLS denies Paragraph 201.

202.    GLS denies Paragraph 202.

203.    GLS denies the first clause of the sentence in Paragraph 203; GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies the second clause of the sentence in Paragraph 203.

204.    In response to the first sentence up until the colon in Paragraph 204, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations. GLS admits that the email dated April 22, 2013 includes the partially-quoted language.  GLS otherwise denies Paragraph 204.

205.    In response to the first sentence in Paragraph 205, GLS admits that an email from Kenneth Bellamy stated "you are legal to work."  GLS otherwise denies Paragraph 205.

206.    In response to Paragraph 206, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 206.

207.    GLS denies Paragraph 207.

208.    GLS denies Paragraph 208.

209.    In response to Paragraph 209, GLS admits only that Maher Al-Masri worked with GLS; GLS otherwise denies Paragraph 209.

210.    GLS denies the first sentence in Paragraph 210.  In response to the second sentence in Paragraph 210, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies the allegations.

211.    In response to Paragraph 211, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 211.

212.    GLS denies Paragraph 212.

213.    In response to Paragraph 213, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 213.

214.    GLS denies Paragraph 214.

215.    In response to Paragraph 215, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 215.

216.    GLS denies Paragraph 216.

217.    GLS denies Paragraph 217.

218.    GLS denies Paragraph 218.

219.    GLS denies Paragraph 219.

220.    GLS denies Paragraph 220.

221.    In response to Paragraph 221, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 221.

222.    In response to Paragraph 222, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 222.

223.    In response to Paragraph 223, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 223.

224.     In response to Paragraph 224, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 224.

225.     In response to Paragraph 225, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 225.

226.     In response to Paragraph 226, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 226.

227.     In response to the first and third sentence of Paragraph 227, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  In response to the second sentence of Paragraph 227, GLS admits only that Majdi Abulghani worked with GLS; GLS otherwise denies Paragraph 227.

228.     GLS denies Paragraph 228.

229.     GLS denies Paragraph 229.

230.     GLS denies Paragraph 230.

231.     In response to Paragraph 231, GLS admits only that Majdi Abulghani worked with GLS; GLS otherwise denies Paragraph 231.

232.     GLS denies Paragraph 232.

233.     In response to Paragraph 233, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 233.

234.     In response to Paragraph 234, admits only that Majdi Abulghani worked with GLS.  GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 234.

235.     In response to Paragraph 235, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 235.

236.    GLS denies Paragraph 236.

237.    In response to Paragraph 237, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 237.

238.    In response to Paragraph 238, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 238.

239.    In response to Paragraph 239, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 239.

240.    In response to Paragraph 240, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 240.

241.    In response to Paragraph 241, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 241.

242.    In response to Paragraph 242, GLS admits only that Sadiq Al-Saidi and Haidar Al-Saidi worked with GLS.  GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 242.

243.    GLS denies Paragraph 243.

244.    In response to Paragraph 244, GLS admits only that Sadiq Al-Saidi and Haidar Al-Saidi worked with GLS; GLS otherwise denies Paragraph 244.

245.    GLS denies Paragraph 245.

246.    GLS denies Paragraph 246.

247.    GLS denies Paragraph 247.

248.    GLS denies Paragraph 248.

249.    GLS denies Paragraph 249.

250.     In response to Paragraph 250, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 250.

251.     In response to the second clause of the first sentence of Paragraph 251, GLS denies the allegation it abused any power-of-attorney forms.  In response to the second clause of the second sentence of Paragraph 251, GLS also denies the allegations regarding a private Kuwait attorney.  In response to the rest of Paragraph 251, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 251.

252.     In response to Paragraph 252, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 252.

253.     In response to Paragraph 253, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 253.

254.     In response to Paragraph 254, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 254.

255.     In response to Paragraph 255, GLS admits only that Sinan Marrogy worked with GLS; GLS otherwise denies Paragraph 255.

256.     In response to the first clause of the first sentence of Paragraph 256, GLS denies the allegation it abused any power-of-attorney form.  In response to the second clause of the second sentence of Paragraph 256, GLS also denies the allegations regarding a private Kuwait attorney.  In response to the rest of Paragraph 256, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 256.

257.    In response to Paragraph 257, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 257.

258.    In response to Paragraph 258, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 258.

259.    In response to Paragraph 259, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 259.

260.    GLS denies Paragraph 260.

261.    GLS denies Paragraph 261.

262.    GLS denies Paragraph 262.

263.    In response to Paragraph 263, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 263.

264.    In response to Paragraph 264, GLS admits only that Neil Magi worked with GLS; GLS otherwise denies the first and second sentences of Paragraph 264.  In response to the last sentence of Paragraph 264, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

265.    GLS denies Paragraph 265.

266.    GLS denies Paragraph 266.

267.    GLS denies Paragraph 267.

268.    In response to Paragraph 268, GLS admits only that Neil Magi worked with GLS; GLS otherwise denies Paragraph 268.

269.    In response to Paragraph 269, GLS admits only that Neil Magi worked with GLS; GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 269.

270.     In response to Paragraph 270, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 270.

271.     GLS denies Paragraph 271.

272.     GLS denies Paragraph 272.

273.     In response to Paragraph 273, GLS admits only that Faycal Maroufi worked with GLS; GLS otherwise denies Paragraph 273.

274.     In response to Paragraph 274, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 274.

275.     GLS denies Paragraph 275.

276.     In response to the second clause of the first sentence of Paragraph 276, GLS denies the allegation it abused any power-of-attorney form.  In response to the second clause of the second sentence of Paragraph 276, GLS also denies the allegations regarding a private Kuwait attorney.  In response to the rest of Paragraph 276, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 276.

277.     In response to Paragraph 277, GLS admits only that Kidar Mohammad Al-Safar worked with GLS; GLS otherwise denies Paragraph 277.

278.     GLS denies Paragraph 278.

279.     GLS denies Paragraph 279.

280.     GLS denies Paragraph 280.

281.     In response to Paragraph 281, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 281.

282.     In response to the first sentence of Paragraph 282, GLS denies the allegation it abused any power-of-attorney form.  In response to the second clause of the second sentence of Paragraph 282, GLS also denies the allegations regarding a private Kuwait attorney.  In response to the rest of Paragraph 282, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 282.

283.     In response to Paragraph 283, GLS admits only that Elgasim Mohamed Fadlalla worked with GLS; GLS otherwise denies Paragraph 283.

284.     GLS denies Paragraph 284.

285.     GLS denies Paragraph 285.

286.     GLS denies Paragraph 286.

287.     GLS denies Paragraph 287.

288.     GLS denies Paragraph 288.

289.     GLS denies Paragraph 289.

290.     GLS denies Paragraph 290.

291.     In response to Paragraph 291, GLS admits only that Mahmoud Ali Luttfi worked with GLS; GLS otherwise denies Paragraph 291.

292.     In response to the first three sentences of Paragraph 292, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS denies the fourth sentence of Paragraph 292.

293.     GLS denies Paragraph 293.

294.     GLS denies Paragraph 294.

295.     In response to the first two sentences of Paragraph 295, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS denies the last sentence of Paragraph 295.

296.     In response to Paragraph 296, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 296.

297.     GLS denies Paragraph 297.

298.     In response to Paragraph 298, GLS admits only that Nada Malek worked with GLS; GLS otherwise Paragraph 298.

299.     In response to Paragraph 299, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 299.

300.     GLS denies Paragraph 300.

301.     In response to Paragraph 301, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 301.

302.     In response to Paragraph 302, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 302.

303.     In response to Paragraph 303, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 303.

304.     In response to Paragraph 304, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 304.

305.     GLS denies Paragraph 305.

306.     In response to Paragraph 306, GLS admits only that Louai Salim worked with GLS; GLS otherwise denies Paragraph 306.

307.     GLS denies Paragraph 307.

308.     In response to Paragraph 308, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 308.

309.     In response to Paragraph 309, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 309.

310.     In response to Paragraph 310, GLS admits only that Louai Salim worked with GLS.  GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 310.

311.     In response to Paragraph 311, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 311.

312.     GLS denies Paragraph 312.

313.     In response to Paragraph 313, GLS admits only that Antonio Antar worked with GLS.  GLS otherwise denies Paragraph 313.

314.     In response to Paragraph 314, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 314.

315.     In response to Paragraph 315, GLS admits only that Antonio Antar worked with GLS; GLS otherwise denies Paragraph 315.

316.     GLS denies Paragraph 316.

317.     GLS denies Paragraph 317.

318.     GLS denies Paragraph 318.

319.     In response to Paragraph 319, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 319.

320.     In response to Paragraph 320, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 320.

321.    GLS denies Paragraph 321.

322.    In response to Paragraph 322, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 322.

323.    GLS denies Paragraph 323.

324.    In response to Paragraph 324, GLS admits only that Akhtar Hayat worked with GLS.  GLS otherwise denies Paragraph 324.

325.    GLS denies Paragraph 325.

326.    In response to Paragraph 326, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 326.

327.    GLS denies Paragraph 327.

328.    GLS denies Paragraph 328.

329.    GLS denies Paragraph 329.

330.    In response to the first sentence of Paragraph 330, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS otherwise denies Paragraph 330.

331.    GLS denies the first sentence of Paragraph 331.  In response to the second sentence of Paragraph 331, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

332.    GLS denies Paragraph 332.

333.    In response to Paragraph 333, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 333.

334.    GLS denies Paragraph 334.

335.     In response to Paragraph 335, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 335.

336.     GLS denies Paragraph 336.

337.     In response to Paragraph 337, GLS admits that on August 19, 2013, Hayat sent an email to Kenneth Bellamy with the quoted language.  GLS otherwise denies Paragraph 337.

338.     In response to the last portion of the last sentence of Paragraph 338 regarding Hayat's travel in the middle east, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS otherwise denies Paragraph 338.

339.     In response to Paragraph 339, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 339.

340.     GLS denies Paragraph 340.

341.     GLS denies the first sentence of Paragraph 341.  In response to the second sentence of Paragraph 341, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

342.     In response to Paragraph 342, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 342.

343.     In response to Paragraph 343, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 343.

344.     In response to Paragraph 344, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 344.

345.     In response to Paragraph 345, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 345.

346.    In response to Paragraph 346, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 346.

347.    In response to Paragraph 347, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 347.

348.    GLS denies Paragraph 348.

349.    In response to Paragraph 349, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 349.

350.    In response to Paragraph 350, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 350.

351.    In response to Paragraph 351, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 351.

352.    In response to Paragraph 352, GLS admits only that Parcham Khoshaba Mikhaiel executed a Foreign Service Employment Agreement and worked with GLS.  GLS otherwise denies Paragraph 352.

353.    In response to Paragraph 353, GLS admits only that Parcham Khoshaba Mikhaiel executed a Foreign Service Employment Agreement and worked with GLS; GLS otherwise denies Paragraph 353.

354.    GLS denies Paragraph 354.

355.    GLS denies Paragraph 355.

356.    In response to Paragraph 356, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 356.

357.   In response to Paragraph 357, GLS admits only that Parcham Khoshaba Mikhaiel executed a Foreign Service Employment Agreement and worked with GLS; GLS otherwise denies Paragraph 357.

358.   In response to Paragraph 358, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 358.

359.   GLS denies Paragraph 359.

360.   In response to Paragraph 360, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 360.

361.   In response to Paragraph 361, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 361.

362.   GLS denies Paragraph 362.

363.   GLS denies Paragraph 363.

364.   In response to Paragraph 364, GLS admits only that Edward Youkhana worked with GLS; GLS otherwise denies Paragraph 364.

365.   In response to Paragraph 365, GLS admits only that Dr. Ali Al-Taie worked with GLS; GLS otherwise denies Paragraph 365.

366.   GLS denies Paragraph 366.

367.   GLS denies Paragraph 367.

368.   GLS denies Paragraph 368.

369.   GLS denies Paragraph 369.

370.   GLS denies Paragraph 370.

371.   In response to Paragraph 371, GLS admits only that Ali Elsebaey worked with GLS; GLS otherwise denies Paragraph 371.

372.    In response to Paragraph 372, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 372.

373.    GLS denies Paragraph 373.

374.    In response to Paragraph 374, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 374.

375.    In response to Paragraph 375, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 375.

376.    GLS denies Paragraph 376.

377.    GLS denies Paragraph 377.

378.    In response to Paragraph 378, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 378.

379.    In response to Paragraph 379, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 379.

380.    In response to Paragraph 380, GLS admits only that Nourdelin Muhsen worked with GLS; GLS otherwise Paragraph 380.

381.    In response to Paragraph 381, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 381.

382.    GLS denies the fifth sentence of paragraph 382.  In response to the rest of Paragraph 382, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 382.

383.    In response to Paragraph 383, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 383.

384.     In response to Paragraph 384, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 384.

385.     In response to Paragraph 385, GLS admits only that Maryan Mure executed a Foreign Service Employment Agreement and worked with GLS; GLS otherwise Paragraph 385.

386.     In response to Paragraph 386, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 386.

387.     GLS denies Paragraph 387.

388.     GLS denies Paragraph 388.

389.     GLS denies Paragraph 389.

390.     GLS denies Paragraph 390.

391.     GLS denies Paragraph 391.

392.     In response to Paragraph 392, GLS admits only that Tebyan Al Nawasreh worked with GLS; GLS otherwise denies Paragraph 392.

393.     GLS denies Paragraph 393.

394.     In response to Paragraph 394, GLS denies the allegation it abused Al Nawasreh. In response to the remaining allegations in Paragraph 394, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

395.     In response to Paragraph 395, GLS admits only that Waiel Samy Mansour executed a Foreign Service Employment Agreement and worked with GLS; GLS otherwise denies Paragraph 395.

396.     In response to Paragraph 396, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 396.

397.    In response to Paragraph 397, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 397.

398.    In response to Paragraph 398, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 398.

399.    GLS denies Paragraph 399.

400.    GLS denies the first sentence of Paragraph 400.  In response to the rest of Paragraph 400, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 400.

401.    In response to Paragraph 401, GLS admits only that Waiel Samy Mansour and Saad Kabbaj executed Foreign Service Employment Agreements and worked with GLS; GLS otherwise denies Paragraph 401.

402.    In response to Paragraph 402, GLS admits only that Waiel Samy Mansour and Saad Kabbaj executed Foreign Service Employment Agreements and worked with GLS; GLS otherwise denies Paragraph 402.

403.    GLS denies the first sentence of Paragraph 403.  In response to the second sentence of Paragraph 403, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

404.    In response to Paragraph 404, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 404.

405.    GLS denies the first and third sentences of Paragraph 405.  In response to the second, fourth, and fifth sentences of Paragraph 405, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

406.     In response Paragraph 406, GLS admits only that Samah Fikri executed a Foreign Service Employment Agreement and worked with GLS; GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 406.

407.     GLS denies Paragraph 407.

408.     In response to the first and third sentences of Paragraph 408, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.  GLS denies the second and fourth sentences of Paragraph 408.

409.     GLS denies the last clause of the last sentence of Paragraph 409.  In response to the rest of Paragraph 409, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis, denies those allegations.

410.     In response to Paragraph 410, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 410.

411.     GLS denies the first and second sentences of Paragraph 411.  In response to the third and final sentence of Paragraph 411, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

412.     GLS denies Paragraph 412.

413.     In response to Paragraph 413, GLS denies the allegation it consented to AlShora taking Fikri to the Kuwaiti passport office.  In response to the rest of Paragraph 413, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

414.    In response to Paragraph 414, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 414.

415.    In response to Paragraph 415, GLS admits only that Hamid Skili worked with GLS; GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

416.    In response to the first sentence of Paragraph 416, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS denies the second and third sentences of Paragraph 416.

417.    In response to Paragraph 417, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 417.

418.    In response to the first sentence of Paragraph 418, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS denies the second sentence of Paragraph 418.

419.    GLS denies Paragraph 419.

420.    GLS denies Paragraph 420.

421.    In response to Paragraph 421, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 421.

422.    In response to Paragraph 422, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 422.

423.    In response to Paragraph 423, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 423.

424.    GLS denies Paragraph 424.

425.    GLS denies the first sentence of Paragraph 425.  In response to the second sentence of Paragraph 425, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

426.    In response to second and third clause of the third sentence of Paragraph 426, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS denies the rest of Paragraph 426.

427.    In response to Paragraph 427, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 427.

428.    GLS denies Paragraph 428.

429.    GLS denies Paragraph 429.

430.    In response to Paragraph 430, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 430.

431.    GLS denies Paragraph 431.

432.    In response to Paragraph 432, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 432.

433.    In response to Paragraph 433, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 433.

434.    GLS denies the first sentence of Paragraph 434.  In response to the rest of Paragraph 434, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

435.    In response to Paragraph 435, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 435.

436.    In response Paragraph 436, GLS admits only that Saad Kabbaj worked with GLS; GLS otherwise denies Paragraph 436.

437.    In response Paragraph 437, GLS admits only that Saad Kabbaj worked with GLS; GLS otherwise denies Paragraph 437.

438.    GLS denies the first sentence of Paragraph 438.  In response to the rest of Paragraph 438, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

439.    GLS denies Paragraph 439.

440.    In response Paragraph 440, GLS admits only that Saad Kabbaj worked with GLS; GLS otherwise denies Paragraph 440.

441.    GLS denies Paragraph 441.

442.    GLS denies Paragraph 442.

443.    GLS denies the first and second sentences of Paragraph 443.  In response to the third sentence of Paragraph 443, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

444.    GLS denies Paragraph 444.

445.    GLS denies Paragraph 445.

446.    In response to Paragraph 446, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 446.

447.    GLS denies Paragraph 447.

448.    In response to Paragraph 448, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 448.

449.     In response to Paragraph 449, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 449.

450.     GLS denies Paragraph 450.

451.     GLS denies Paragraph 451.

452.     In response to the fourth sentence of Paragraph 452, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS otherwise denies Paragraph 452.

453.     In response to the first sentence of Paragraph 453, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS otherwise denies Paragraph 453.

454.     GLS denies Paragraph 454.

455.     In response Paragraph 455, GLS admits only that Saad Kabbaj worked with GLS; GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

456.     In response to the first sentence of Paragraph 456, GLS admits only that Nimna L. Jayasinghe Mudalige worked with GLS; GLS otherwise denies the first sentence of Paragraph 456.  In response to the second sentence of Paragraph 456, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

457.     GLS denies Paragraph 457.

458.     GLS denies Paragraph 458.

459.     In response to Paragraph 459, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 459.

460.     GLS denies Paragraph 460.

461.     In response to Paragraph 461, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 461.

462.     In response to Paragraph 462, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 462.

463.     In response to Paragraph 463, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 463.

464.     In response to Paragraph 464, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 464.

465.     In response to Paragraph 465, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 465.

466.     In response to Paragraph 466, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 466.

467.     In response to Paragraph 467, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 467.

468.     In response to Paragraph 468, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 468.

469.     In response to Paragraph 469, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 469.

470.     In response to Paragraph 470, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 470.

471.     In response to Paragraph 471, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 471.

472.     In response to Paragraph 472, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 472.

473.     GLS denies Paragraph 473.

474.     In response to Paragraph 474, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 474.

475.     In response to Paragraph 475, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 475.

476.     In response to Paragraph 476, GLS admits that Navdeep Kaur Tucker worked with GLS; GLS otherwise denies 476.

477.     GLS denies Paragraph 477.

478.     GLS denies Paragraph 478.

479.     In response to Paragraph 479, GLS admits that Navdeep Kaur Tucker worked with GLS; GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

480.     In response to the first sentence Paragraph 480, GLS admits that Navdeep Kaur Tucker worked with GLS.  In response to the second sentence of Paragraph 480, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.  GLS denies the third sentence of Paragraph 480.

481.     In response to Paragraph 481, GLS admits that Navdeep Kaur Tucker worked with GLS; GLS otherwise lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

482.     GLS denies Paragraph 482.

483.     GLS denies the first clause of the only sentence in Paragraph 483.  In response to the rest of Paragraph 483, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies those allegations.

484.     In response to Paragraph 484, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 484.

485.     In response to Paragraph 485, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 485.

486.     GLS denies Paragraph 486.

487.     In response to Paragraph 487, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 487.

## XII.   CLAIMS

### COUNT I
### (Violation of the False Claims Act – Presentation of False Claims, 31 U.S.C. §3729(a)(1)(A) – Against All Defendants)

488.     In response to Paragraph 488, GLS incorporates by reference its responses to the forgoing paragraphs of the FAC.

489.     GLS denies Paragraph 489.

490.     In response to Paragraph 490, GLS admits it entered into certain agreements with small businesses as part of its bid for Contract 1.   GLS otherwise denies Paragraph 490.

491.     In response to Paragraph 491, GLS admits it entered into certain agreements with small businesses as part of its bid for Contract 1.   GLS otherwise denies Paragraph 491.

492.     GLS denies Paragraph 492.

493.     GLS denies Paragraph 493.

494.     GLS denies Paragraph 494.

495.     GLS denies Paragraph 495.

496.    GLS denies Paragraph 496.

497.    GLS denies Paragraph 497.

498.    GLS denies Paragraph 498.

499.    GLS denies Paragraph 499.  GLS further states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding other Defendant's actions, and on that basis denies Paragraph 499.

500.    GLS denies Paragraph 500.  GLS further states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 500, and on that basis denies the allegations.

501.    GLS denies Paragraph 501.

502.    GLS denies Paragraph 502.  GLS further states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the U.S.'s knowledge and decisions, and on that basis denies Paragraph 502.

503.    GLS denies Paragraph 503.

504.    GLS denies Paragraph 504.

505.    GLS denies Paragraph 505.  GLS further states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the U.S.'s knowledge and decisions, and on that basis denies Paragraph 505.

506.    GLS denies Paragraph 506.

507.    GLS denies Paragraph 507.

508.    GLS denies Paragraph 508.

509.    GLS denies Paragraph 509.

510.    GLS denies Paragraph 510.

511.    GLS denies Paragraph 511.

512.    GLS denies Paragraph 512.

513.    GLS denies Paragraph 513.

514.    GLS denies Paragraph 514.

515.    GLS denies Paragraph 515.  GLS further states that it lacks knowledge and
information sufficient to form a belief as to the truth of the allegations regarding the U.S.'s
knowledge and decisions, and on that basis denies Paragraph 515.

516.    GLS denies Paragraph 516.

517.    GLS denies Paragraph 517.  GLS further states that it lacks knowledge and
information sufficient to form a belief as to the truth of the allegations regarding the U.S.'s
knowledge and decisions, and on that basis denies Paragraph 517.

518.    GLS denies Paragraph 518.

519.    GLS denies Paragraph 519.

520.    GLS denies Paragraph 520.

521.    GLS denies Paragraph 521.

522.    GLS denies Paragraph 522.

523.    GLS denies Paragraph 523.

## COUNT II
### (Violation of the False Claims Act – Material False Records and Statements, 31 U.S.C. §3729(a)(1)(B) – Against All Defendants)

524.    In response to Paragraph 524, GLS incorporates by reference its responses to the
forgoing paragraphs of the FAC.

525.    GLS denies Paragraph 525.

526.    GLS denies Paragraph 526.

527.    GLS denies Paragraph 527.

528.    GLS denies Paragraph 528.

529.    GLS denies Paragraph 529.

530.    GLS denies Paragraph 530.

531.    GLS denies Paragraph 531.

532.    GLS denies Paragraph 532.

533.    GLS denies Paragraph 533.

534.    GLS denies Paragraph 534.  GLS further states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the U.S.'s knowledge and decisions, and on that basis denies Paragraph 534.

535.    GLS denies Paragraph 535.  Further, GLS further states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations regarding the U.S.'s knowledge and decisions, and on that basis denies Paragraph 535.

536.    GLS denies Paragraph 536.

537.    GLS denies Paragraph 537.

538.    GLS denies Paragraph 538.

539.    GLS denies Paragraph 539.

540.    GLS denies Paragraph 540.

<u>**COUNT III**</u>
**(Violation of the False Claims Act – Reverse False Claims,**
**31 U.S.C. §3729(a)(1)(G) – Against All Defendants)**

541.    In response to Paragraph 541, GLS incorporates by reference its responses to the forgoing paragraphs of the FAC.

542.    No response is required to this Paragraph or its subparts because the Court dismissed this Claim by Memorandum Opinion and Order dated September 5, 2019.  *See* Dkt. 145, 146-1.  To the extent a response is required, GLS denies Paragraph 542.

543.     No response is required to this Paragraph or its subparts because the Court dismissed this Claim by Memorandum Opinion and Order dated September 5, 2019.  *See* Dkt. 145, 146-1.  To the extent a response is required, GLS denies Paragraph 543.

544.     No response is required to this Paragraph or its subparts because the Court dismissed this Claim by Memorandum Opinion and Order dated September 5, 2019.  *See* Dkt. 145, 146-1.  To the extent a response is required, GLS denies Paragraph 544.

545.     No response is required to this Paragraph or its subparts because the Court dismissed this Claim by Memorandum Opinion and Order dated September 5, 2019.  *See* Dkt. 145, 146-1.  To the extent a response is required, GLS denies Paragraph 545.

546.     No response is required to this Paragraph or its subparts because the Court dismissed this Claim by Memorandum Opinion and Order dated September 5, 2019.  *See* Dkt. 145, 146-1.  To the extent a response is required, GLS denies Paragraph 546.

547.     No response is required to this Paragraph or its subparts because the Court dismissed this Claim by Memorandum Opinion and Order dated September 5, 2019.  *See* Dkt. 145, 146-1.  To the extent a response is required, GLS denies Paragraph 547.

## COUNT IV
### (Violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §1581, et seq. – Against All Defendants)

548.     In response to Paragraph 548, GLS incorporates by reference its responses to the forgoing paragraphs of the FAC.

549.     GLS admits Relators[6] bring a claim under TVPRA 18 U.S.C. § 1581, *et seq.*  GSL otherwise denies Paragraph 549.

---

[6] According to the FAC, the Plaintiffs/Relators are "'Relators' for purposes of the False Claims Act" claims and "'Plaintiffs' for the Trafficking Victims Protection Reauthorization Act" claims.  FAC ¶ 1.  For simplicity, GLS refers to Plaintiffs/Relators throughout as Relators.

550.     In response to the first sentence of Paragraph 550, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 550.  GLS admits only that 22 U.S.C. § 7102 contains the language referenced in Paragraph 550.  GLS otherwise denies Paragraph 550.

551.     GLS admits that 18 U.S.C. § 1595 states in part that an "individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator."  GLS otherwise denies Paragraph 551.

552.     GLS admits that the United States Code section referenced in Paragraph 552 contains the quoted language.  GLS otherwise denies Paragraph 552.

553.     GLS denies Paragraph 553.

554.     GLS admits that the United States Code section referenced in Paragraph 554 contains the partially-quoted language.  GLS otherwise denies Paragraph 554.

555.     GLS admits that the United States Code section referenced in Paragraph 555 calls for the creation of an integrated database and contains the partially-quoted language.  GLS otherwise denies Paragraph 555.

556.     GLS admits that the United States Code section referenced in Paragraph 556 directs a court to order restitution for offenses under the referenced chapter.  GLS otherwise denies paragraph 556.

557.     GLS admits that the United States Code section referenced in Paragraph 557 instructs courts to direct a defendant to pay "the full amount of the victim's losses, as determined by the court."  GLS otherwise denies Paragraph 557.

558.     GLS admits that the Section 1593(b)(3) contains the language referenced in Paragraph 558.  GLS otherwise denies Paragraph 558.

559.    GLS denies the Regulation referenced in Paragraph 559 is accurately quoted. GLS otherwise denies Paragraph 559.

560.    GLS denies the Regulation referenced in Paragraph 560 is accurately quoted. GLS otherwise denies Paragraph 560.

561.    GLS admits that the Regulation referenced in Paragraph 561 includes the partially-quoted language.  GLS otherwise denies Paragraph 561.

562.    GLS admits that an unverified English translation of the material referenced in Paragraph 562 contains the partially-quoted language.  GLS otherwise denies Paragraph 562.

563.    GLS admits that an unverified English translation of the material referenced in Paragraph 563 contains the partially-quoted language.  GLS otherwise denies Paragraph 563.

564.    GLS admits that an unverified English translation of the material referenced in Paragraph 564 contains the partially-quoted language.  GLS otherwise denies Paragraph 564.

565.    GLS admits that Contract 1 and 2 called for, amongst other things, foreign language linguistic, interpretation, and translation services to be provided in Kuwait.

566.    GLS admits that a visa #18 allows a person to work in Kuwait.  GLS otherwise denies Paragraph 566.

567.    GLS denies Paragraph 567.

568.    In response to Paragraph 568, GLS admits that Kuwait regulates work visas for foreign nationals.  GLS otherwise denies Paragraph 568.

569.    In response to Paragraph 569, GLS admits that Kuwait regulates work visas for foreign nationals.  GLS otherwise denies Paragraph 569.

570.    In response to Paragraph 570, GLS admits that Kuwait regulates work visas for foreign nationals.  GLS otherwise denies Paragraph 570.

571.     In response to Paragraph 571, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 571.

572.     GLS denies the first sentence of Paragraph 572.  In response to the second sentence in Paragraph 572, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies second sentence of Paragraph 572.

573.     GLS denies Paragraph 573.

574.     GLS denies Paragraph 574.

575.     GLS denies Paragraph 575.

576.     GLS denies Paragraph 576.

577.     GLS denies Paragraph 577.

578.     GLS denies Paragraph 578.

579.     GLS denies Paragraph 579.

580.     GLS denies Paragraph 580.

581.     GLS denies Paragraph 581.

582.     GLS denies Paragraph 582.

583.     GLS denies Paragraph 583.

584.     GLS denies Paragraph 584.

585.     GLS denies Paragraph 585.

586.     GLS denies Paragraph 586.

587.     No response is required for Paragraph 587 of the First Amended Complaint, which is blank.

588.     GLS denies Paragraph 588.

589.     GLS denies Paragraph 598.

590.    GLS denies Paragraph 590.

591.    GLS denies Paragraph 591.

592.    In response to the first clause in the first sentence of Paragraph 592, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies the first clause in the first sentence of Paragraph 592.   GLS denies the rest of Paragraph 592.

593.    In response to Paragraph 593, GLS lacks knowledge and information sufficient to form a belief as to the truth of the allegations, and on that basis denies Paragraph 593.  GLS denies any allegations in Paragraph 593 that incorporate previous allegations by virtue of the first clause of the first sentence, "[A]s a result of the aforementioned actions."

**PRAYER FOR RELIEF**

With respect to Relators' "Prayer for Relief," including each subpart thereto, GLS denies that Relators are entitled to any relief and avers that judgment should be entered in GLS's favor.

**DEFENSES**

In connection with its Answer, GLS brings the following defenses to Relators' First Amended Complaint.   Nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Relators' allegations. Without assuming or admitting that it has the burden of proof and/or the burden of persuasion with respect to any of these matters, GLS asserts the following:

**FIRST DEFENSE**

The First Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted.  This includes, but is not limited to, Relators failing to identify facts meeting the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure, such as, *inter alia*, Relators' improper reliance on "upon information and belief" and failure to allege specific facts

establishing the relevant legal or contractual requirements, describe the fraudulent conduct and statements, or identify specific false claims for payment.

## SECOND DEFENSE

Relators fail to plead a false claim as they do not plead facts showing any false or fraudulent statements.  Specifically, Relators fail to make a fraudulent inducement claim because they do not identify facts that prove GLS procured the Contracts by fraud or knowingly induced the Government into either Contract.  Relators fail to make a false certification claim because they do not identify any false certification by GLS or identify facts of that certification.  Relators fail to make an implied false certification claim where they have not identified facts proving what GLS implicitly certified, that GLS was not in compliance with that certification, that such noncompliance was not disclosed, or any particular request for payment.  Relators fail to make an actual false submission claim where they do not identify any false claims for payment or identify facts proving any particular claim for payment.

## THIRD DEFENSE

Relators' claims are barred, in whole or in part, because and to the extent that GLS never knowingly made, used, or caused to be made or used a false record or statement material to a false or fraudulent claim.

## FOURTH DEFENSE

Relators' claims are barred, in whole or in part, because and to the extent that they fail to identify a breach of a material term of any Contract.  Relators fail to identify, for any purportedly false statement, that it concerns a material requirement within the meaning of 31 U.S.C. § 3729 and *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016).

**FIFTH DEFENSE**

Relators fail to make a claim based on a violation of Contract 1 or Contract 2 because they have not identified facts showing GLS failed to perform under the Contracts.

**SIXTH DEFENSE**

Relators' claims are barred, in whole or in part, because and to the extent that they failed to identify facts showing GLS acted with the requisite scienter in making any alleged statements, representations, or omissions. Relators' claims are barred, in whole or in part, because and to the extent that Relators have not offered facts showing the alleged statements, representations, or omissions by GLS were knowing and intentional.

**SEVENTH DEFENSE**

Relators' claims are barred, in whole or in part, by the False Claims Act's public disclosure bar pursuant to 31 U.S.C. § 3730(e)(4). This includes, but is not limited to, the fact that the information on which Relators base their claims was previously publicly disclosed during a Congressional hearing, in previous litigation, and in public news sources. Relators are not original sources for purposes of the public disclosure bar, including but not limited to the fact that Relators fail to plead facts that materially add to publicly disclosed information. Further, the United States had actual or constructive knowledge of the facts underlying Relators' allegations.

**EIGHTH DEFENSE**

Relators' claims are barred, in whole or in part, because and to the extent that GLS did not restrain Relators' freedom of movement. Insofar as Relators' freedom of movement was allegedly restricted by GLS, Relators consented to such restrictions.

Relators' claims are barred, in whole or in part, because and to the extent that GLS did not directly, unconditionally, or continuously control Relators' passports.   Insofar as Relators' passports were allegedly held by GLS, GLS had a legitimate and legal reason to do so.

Insofar as Relators' freedom of movement was allegedly restricted by GLS, GLS did so in compliance with directives from the United States military and Kuwaiti government and local officials, and in a good faith effort to protect Relators' safety and welfare.

## NINTH DEFENSE

Relators' claims are barred, in whole or in part, because and to the extent that Relators expressly and/or impliedly assumed the risk of the allegations described in the First Amended Complaint. Relators are barred from recovering any alleged damages because they have not sustained any injury or damages as a result of any actions allegedly taken by GLS.  Relators were well compensated for their time consistent with the terms of their employment with GLS or certain other Defendants.

## TENTH DEFENSE

Relators' claims are barred, in whole or in part, because and to the extent that their alleged damages are speculative.

## ELEVENTH DEFENSE

Relators' claims are barred because the United States ratified, or otherwise consented to, the transactions and occurrences that are the subject of this action.

## TWELFTH DEFENSE

Relators' claims are barred, in whole or in part, because and to the extent that Relators expressly and/or impliedly consented to and/or had knowledge of all activities alleged in the First

Amended Complaint to have caused them harm, including but not limited to actions GLS took to secure Relators' visas and to provide Relators with housing.

## THIRTEENTH DEFENSE

Relators' claims are barred, in whole or in part, by the applicable statute of limitations, including under the False Claims Act, 31 U.S.C. § 3731.

## FOURTEENTH DEFENSE

Relators' claims are barred, in whole or in part, because of intervening or superseding causes of the alleged loss or harm to Relators, including, but not limited to, actions taken by AlShora that impacted Relators' visas, status, and other employment conditions.

## FIFTEENTH DEFENSE

Relators' claims are barred, in whole or in part, because the Court lacks jurisdiction over violations of the TVPRA because Relators allege conduct occurring outside the United States.

## SIXTEENTH DEFENSE

Relators' claims related to injuries or other tortious conduct, whether intentional or negligent, that occurred overseas under Contract 1 or Contract 2 are exclusively remediable under the Defense Base Act, 42 U.S.C. § 1651, *et seq.*

## SEVENTEENTH DEFENSE

Relators' claims alleging violations of Kuwaiti law are barred, in whole or in part, because of and to the extent that the Defense Cooperation Agreement Status of Forces Agreement, signed by both the United States and Kuwait, provides that United States law applies to United States forces in Kuwait, including civilian contractors.

## EIGHTEENTH DEFENSE

Relators' claims are barred by accord and satisfaction, arbitration and award, estoppel, and/or res judicata because and to the extent that the claims have previously been resolved.

## NINETEENTH DEFENSE

Relators' claims may be barred by discharge in bankruptcy, fraud, illegality, unclean hands, laches, payment, release, ratification, acquiescence, and/or waiver.

\*       \*       \*

GLS hereby adopts and incorporates all defenses asserted by any other party to the extent applicable.  GLS's investigation of the allegations asserted in the First Amended Complaint is ongoing and GLS reserves the right to raise any additional defenses, counter-claims, and third-party claims not asserted herein of which GLS may become aware through discovery or other investigation.

WHEREFORE, after considering this Answer and Defenses, GLS respectfully requests that this Court:

Order that Relators are entitled to no damages;

Dismiss this action with prejudice;

Order Relators to pay GLS's attorneys' fees and costs related to this litigation; and

Grant GLS such other relief as the Court shall deem just and proper.

Respectfully submitted,

Dated: October 21, 2019                    ORRICK, HERRINGTON & SUTCLIFFE LLP


                                           By: */s/ William F. Stute*
                                               William F. Stute (D. Md. Bar No. 20837)
                                               David Rhinesmith (D. Md. Bar No. 20881)
                                               Jonathan Direnfeld (D. Md. Bar No. 28859)

                                               Columbia Center
                                               1152 15th Street, N.W.
                                               Washington, DC  20005-1706
                                               Telephone:      +1 202 339 8400
                                               Facsimile:      +1 202 339 8500

                                               *Attorneys for Defendant Global Linguist*
                                               *Solutions, LLC*

**<u>Certificate of Service</u>**

I hereby certify that on October 21, 2019 I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filings to all counsel of record.

*/s/ William F. Stute*_____
William F. Stute