IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**Southern Division**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* )<br>ELGASIM MOHAMED FADLALLA, *et al.*, )<br>    )<br>    Plaintiff-Relators, )<br>v.    )<br>    )<br>DYNCORP INTERNATIONAL LLC, *et al.*, )<br>    )<br>    Defendants. )<br>_____)  | Case No. 8:15-cv-01806-PX |

**PLAINTIFFS/RELATORS' OPPOSITION
TO TIGERSWAN, LLC'S MOTION TO DISMISS
COUNTS I AND II, IN PART, AND COUNTS III
AND IV OF THE FIRST AMENDED COMPLAINT**

Relator/Plaintiffs ("Relators") respectfully submit this brief in opposition to TigerSwan, LLC's ("TS") motion to dismiss (Doc. 171).[1]

**I.   INTRODUCTION**

Relators served the unsealed First Amended Complaint ("FAC") upon TS on November 27, 2018. Rather than file a motion to dismiss under Fed. R. Civ. P. 12(b)(6) at the same time as the other Defendants, TS chose to challenge this Court's personal jurisdiction in a motion pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. 64, December 18, 2018).

The Court denied TS's jurisdictional challenge in the same Memorandum Opinion that addressed the other defendants' Rule 12(b)(6) motions. (Doc. 145, p. 9-13). Now TS returns to the Court seeking the benefit of rulings made by the Court on September 5, 2019. TS makes three arguments for dismissal.

---

[1] TS is identified as a "Small Business Defendant" in the First Amended Complaint ("FCA") (Doc. 9, ¶8).

1

First:

*Counts I and II should be dismissed in part as to TigerSwan, to the extent such claims are based upon violations of Kuwaiti labor, employment and/or immigration laws [because] . . . the First Amended Complaint contains no allegations that Tigerswan provided any services in Kuwait and/or had any knowledge of the services provided in Kuwait by GLS or others.*

Plaintiffs-Relators oppose this request for the reasons discussed *infra*.

Second:

*[A] reverse false claim does not constitute an obligation owing to the Government. The Court granted dismissal as to "all Defendants." TigerSwan is formally moving to dismiss herein to insure and confirm for the record that Count III is dismissed with prejudice as to TigerSwan as well.*

While not waiving any rights, Plaintiffs-Relators acknowledge that the Court's earlier decision on this issue is dispositive, as Plaintiffs have not alleged any facts distinguishing TS from the other defendants relevant to this issue. However, such dismissals are, and should remain, "without prejudice."

Third:

*Plaintiffs cannot maintain TVPRA claims against certain defendants (namely, AECOM, KMS, Wright, and Shee Atika), because Plaintiffs failed to maintain any allegations regarding their knowledge of GLS' treatment of Plaintiffs in Kuwait. Similarly, Plaintiffs failed to allege any facts regarding TigerSwan's provision of services in Kuwait or TigerSwan's knowledge of GLS' alleged conduct in Kuwait relating to Plaintiffs.*

While not waiving any rights, Plaintiffs-Relators acknowledge that the Court's earlier decision on this issue is dispositive here as well, as Plaintiffs have not alleged any facts distinguishing TS from the other defendants relevant to this issue. However, such dismissals are, and should remain, "without prejudice."

## II. ANALYSIS

### A. TS Remains Liable Under Counts I and II.

The Court has already denied other Small Business Defendants' ("SBA Defendants") motions to dismiss Counts I and II. TS has provided no new grounds for the Court deviating from its September 5, 2019 Memorandum Opinion.

TS does not, because it cannot, dispute that the Court allowed Counts I and II based on underlying factual allegations of subcontractor fraud, as well as violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), Kuwait law, and the National Industrial Security Program Operations Manual ("NISPOM"). TS nevertheless seeks dismissal – with prejudice – founded on the view that TS cannot be liable under the False Claims Act ("FCA") because TS is not liable under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Counts I and II against TS should stand.

Fundamentally, TS's motion does not ask the Court to dismiss any Count in the Complaint, but merely asks the Court to hold that one alleged fact pattern (subcontracting fraud), but not another (TVPRA), supports the FCA claims, Counts I and II, against TS. The Court already held that both Counts survive based on both sets of factual allegations. Thus, granting TS's motion would have no impact on discovery or any other practical effect in this litigation. If, at the end of discovery, TS and other SBA Defendants should not be held liable for DynCorp and GLS's TVPRA-based certifications (because, for example, DynCorp and GLS actively mislead SBA Defendants about certifications being submitted to the government), then judgment will be entered in their favor. Were the Court to grant TS's motion, however, and discovery were to reveal-s that TS and other SBA Defendants are liable for DynCorp and GLS's TVPRA-based certifications, then Plaintiffs-Relators would need to seek leave to amend to add claims back into the Complaint

which are already there.  Thus, from a practical standpoint, granting TS's motion would make little sense.

Moreover, TS is wrong as a matter of law.  As previously briefed (Docs. 167), there are no circumstances wherein the absence of a dismissal can be interpreted as a dismissal.  *See, Maria v. McElroy*, 68 F.Supp.2d 206, 227 (E.D.N.Y. 1999) "[S]ilence is not ambiguous.").  As there was no express dismissal of these counts, SBA Defendant TS is bound to litigate them.  *See Hogan v. Cherokee Cty.*, No. 1:18-cv-00096-MR-WCM, 2019 U.S. Dist. LEXIS 51734, at *8 (W.D.N.C. Mar. 27, 2019) (holding that "[a]ll claims not expressly dismissed remain pending."); *Schutze v. Fin. Comput., Software, LP*, No. 3:04-cv-0276-H ECF, 2006 U.S. Dist. LEXIS 73734, at *25 (N.D. Tex. Sept. 29, 2006) ("claims not expressly dismissed herein will be for trial."); *see also Pinkston v. Garcia*, 29 F.3d 633 (9th Cir. 1994) (denying the court's own jurisdiction "[b]ecause the order did not dismiss all the defendants"); *Agristor Leasing v. Mohr*, 902 F.2d 32 (6th Cir. 1990) (no appellate jurisdiction where the Order dismissing counterclaims against one of the counterclaim defendants did not affirmatively dismiss the counterclaims against the other counterclaims defendants).

Counts I and II are brought under the FCA.  "To state a claim under the FCA, Relators must allege sufficient facts by which the Court could plausibly infer that (1) Defendants made false statements or engaged in a fraudulent course of conduct; (2) with the requisite knowledge; (3) the statements or conduct was material; and (4) caused the government to pay out money or to forfeit monies due on a 'claim.'"  (Doc. 145, p. 26).  The Court has already found that Relators have alleged adequately that SBA Defendants, including TS, engaged in a fraudulent course of conduct by falsely claiming that the linguists were the SBA Defendants' own employees.  *Id.* at 22.  The Court has likewise found that Relators have alleged adequately that certifications under TVPRA

and NISPOM are material conditions of payment by the United States. *Id.* at 32-33. With respect to the knowledge prong of Count I and II, "[t]he FCA defines 'knowingly' as . . . deliberate ignorance of the truth . . . or reckless disregard of the truth or falsity of the information." Order at 28 (citing 31 U.S.C. § 3729(b)(1)(A)).

The FAC alleges that SBA Defendants, including TS, accepted payment from the United States with reckless disregard of truth or falsity of the representations that were being made about the intelligence-gathering linguists that they were falsely representing as their own employees. FAC ¶¶ 501, 504, 516, and 519. TS's participation in the collusive bidding process combined with its reckless disregard for the truth or falsity of the certifications that were being made with respect to the safety of its "own" employees make it liable under Counts I and II. *See Mann v. Heckler & Koch Defense, Inc.*, 639 F.Supp.2d 619, 629 (E.D. Va. 2009) ( "the 'taint' of fraud caused by defendants who knowingly participated in a collusive bidding process 'entered into every' payment made under the contracts that eventually resulted from the bidding process."); *United States ex rel. Decesare v. Americare in Home Nursing*, 757 F. Supp. 2d 573, 588-89 (E.D. Va. 2010) (conceding that, usually, a FCA complaint establishes "some degree of participation in the claims process" but pointing out that "most courts agree that the FCA covers 'indirect mulcting of the government.'").

To prevail on a motion to dismiss with respect to the TVPRA certifications, TS would have to show that it is entitled to retain the money received from the government notwithstanding TS's reckless disregard and/or willful ignorance of the fact that GLS and DynCorp were falsely certifying that the linguists (whom TS had identified as its own employees) were safe from forced labor abuse – and do so "against the backdrop of the Government's 'zero tolerance policy regarding trafficking in persons.'" Order at 32 (quoting Federal Acquisition Regulation § 52.222-

50(b)).  Regarding NISPOM-based FCA violations, TS would have to demonstrate that it is not liable for the millions of dollars received from the government notwithstanding its reckless disregard and/or willful ignorance of the fact that GLS and DynCorp were certifying that TS's security-cleared linguists (its "own" employees) – who were providing sensitive foreign language intelligence to front-line United States Army Intelligence and Security Command forces operating in the Middle East– had not been placed under foreign control.  Not surprisingly, TS has not even attempted to make this argument because, on its face, it is implausible.

      **B.**    **Relators Acknowledge that the Deficiency in Pleading a "Reverse False Claim" Exists with Respect to TS's Liability.**

The Court has ruled that Relators have failed to plead facts necessary to maintain a "reverse false claim" action pursuant to 31 U.S.C. § 3729(a)(1)(G).  (Doc. 145, 33-34).  Without waiving any rights or arguments, relators acknowledge that there are no material differences between their allegations against TS and the other Defendants relevant to this issue and therefore the dismissal that applied to Defendants pursuant to the Court's Order of September 5, 2019 applies equally to TS.

      **C.**    **Relators Acknowledge That They Have Not Pleaded Unique Facts Against TS That Would Make TS Liable for TVPRA Violations Where the Court has Dismissed TVPRA Claims Against Other SBA Defendants.**

The Court has ruled that Relators have not alleged sufficient facts to hold SBA Defendants Liable for TVPRA violations.  (Doc. 145, p. 44).  Without waiving any rights or arguments, Relators acknowledge that they have not alleged facts unique to TS relevant to his issue and therefore the Court's has dismissal of TVPRA claims against other SBA Defendants applies equally to TS.

      **D.**    **The Dismissal Against TS Should Be Without Prejudice**

TS suggests that all dismissals that might be affected against it should be with prejudice.  This is erroneous.  In fact, the Court has not dismissed any of Relators' claims against Defendants

with prejudice. That is because dismissal with prejudice "is the exception, not the rule, in federal practice because it operates as a rejection of the plaintiff's claims on the merits and ultimately precludes further litigation of them." *Rudder v. Williams*, 666 F.3d 790, 794-95 (D.C. Cir., 2012) (quotation marks and brackets omitted) (citing *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C.Cir.2006); *see also Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550 (2010) (noting "the preference expressed in the Federal Rules of Civil Procedure ... for resolving disputes on their merits"). Accordingly, the standard for dismissing a complaint with prejudice is high: "dismissal with prejudice is warranted only when ... the allegation of other facts consistent with the challenged pleading *could not possibly* cure the deficiency." *Belizan*, 434 F.3d at 583 (internal citation and quotation omitted). At this point, "the Court has no way to determine what additional facts may be available to cure the [FAC] amended complaint or whether such facts would be consistent with the pleading." *Umude v. Am. Sec. Programs, Inc.*, 107 F.Supp.3d 52 (D. D.C., 2015). *See* Fed. R. Civ. P. 15(b)(2) ("A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence . . ."). Accordingly, dismissal with prejudice is not appropriate for any claims made against TS.

### III.   SUMMARY AND CONCLUSION

For the foregoing reasons, TS (1) remains liable for claims made under Counts I and II; (2) is subject to the logic of dismissal without prejudice with respect to Relators' "reverse false claims"; and (3) is subject to the logic of dismissal without prejudice with respect to Relators' claims against SBA Defendants under the TVPRA.

                                        Respectfully submitted,

                                        /s/ Joseph A. Hennessey
                                        Joseph A. Hennessey, Esq.
                                        The Law Office of Joseph Hennessey, LLC
                                        2 Wisconsin Circle, Suite 700
                                        Chevy Chase, Maryland 20815

Telephone: (301) 351-5614
Email: jhennessey@jahlegal.com

/s/ Charles S. Fax_____
Charles S. Fax
Rifkin Weiner Livingston LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Cell Phone: (410) 274-1453
cfax@rwllaw.com

Liesel J. Schopler
Rifkin Weiner Livingston LLC
225 Duke of Gloucester Street
Annapolis, Maryland 21401
Telephone: (410) 269-5066
lschopler@rwlaw.com

/s/ Timothy Matthews_____
Timothy Mathews
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
TimothyMathews@chimicles.com
*Admitted Pro Hac Vice*

Steven A. Schwartz
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 645-4720
steveschwartz@chimicles.com
*Admitted Pro Hac Vice*