## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.* | ) | |
| **ELGASIM MOHAMED FADLALLA,** *et al.,* | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 8:15-cv-01806-PX** |
| | ) | |
| **DYNCORP INTERNATIONAL LLC,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## RESPONSE IN OPPOSITION TO RELATORS' MOTION TO STRIKE DI'S DEFENSES AND AFFIRMATIVE DEFENSES

Pursuant to Rule 12(f), Defendant DynCorp International ("DI") hereby opposes Relators' Motion to Strike its defenses and affirmative defenses, which were filed in DI's Answer. DI's defenses and affirmative defenses meet the pleading standards required under the Federal Rules of Civil Procedure 8(b) and 8(c).

While Relator claims that heightened pleading standards apply to affirmative defenses, neither the Fourth Circuit nor Supreme Court have applied the pleading standards of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (hereinafter, "*Twombly*") and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (hereinafter, "*Iqbal*") to defenses or affirmative defenses, nor does the text of the Federal Rules support such application. Many District Courts in Maryland and other Fourth Circuit jurisdictions refuse to expand the application of heightened pleading standards to affirmative defenses, based on textual differences within Rule 8, concerns for judicial efficiency, and the time in which defendants have to file an answer. DI's Answer provides fair notice of the defenses and affirmative defenses to be explored in discovery, and under Fourth Circuit law,

defenses and affirmative defense need do no more. In addition, Relators' characterization of numerous defenses as "affirmative defenses" is incorrect and, therefore, Relators' Motion provides no basis on which to strike DI's defenses, which must pled under Rules 8(b) and 12(b). Finally, Relators do not allege sufficient prejudice to overcome the Fourth Circuit's disfavoring of Motions to Strike. For these reasons, as further discussed below, DI respectfully requests that this Court deny Relators' Motion to Strike.

## **LEGAL STANDARD**

While a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter" under FED. R. CIV. P. 12(f), such motions "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (citing 5A Charles Allan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE §1380, 647 (2d ed. 1990)). When reviewing a 12(f) motion, "the court must view the pleading under attack in a light most favorable to the pleader." *M.T. ex rel. Hayes v. Medley*, No. 14-cv-0424, 2014 WL 1404527 at *1 (D. Md. Apr. 9, 2014). "Rule 12(f) motions will be denied unless the matter under challenge has no possible relation to the controversy and may prejudice the other party." *Id.* "[C]ourts generally refrain from striking affirmative defenses in the absence of a showing that, by not doing so, the movant would be unfairly prejudiced." *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 386 (D. Md. 2014); *see also*, *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 592 (D. Md. 2013). Relators, therefore, are entitled to the "drastic remedy" of a stricken pleading only where they show that "any of Defendant's affirmative defenses might confuse the issues in the case and

would not, under the facts alleged, constitute a valid defense to the action." *Id.* (internal quotations omitted). In this case, Relators have made no such showing.

## *TWOMBLY* AND *IQBAL* STANDARDS DO NOT APPLY TO AFFIRMATIVE DEFENSES

While Relators claim that "affirmative defenses must be pled with specificity" and that the "prevailing view" in this District requires the application of the pleading standards described in *Twombly* and *Iqbal* to affirmative defenses, Motion at 2, these assertions are incorrect. Relators' Motion ignores the split of authority on this issue — in the District of Maryland, the Fourth Circuit, and in federal courts throughout the country.

The Fourth Circuit "has not addressed whether the *Twombly* and *Iqbal* standard for pleading claims also applies to affirmative defenses." *Henderson v. Gen. Revenue Corp.*, No. 7:17CV00292, 2019 WL 4148172 at *3 (W.D. Va. Aug. 30, 2019); *Sheppard*, 302 F.R.D. at 387 ("neither the Supreme Court nor the Fourth Circuit has applied the *Twombly–Iqbal* standard of Rule 8(a) to either defenses or affirmative defenses under Rule 8(b) or (c), respectively."). Courts in Maryland and nearby districts that examined the issue shortly after the *Twombly* and *Iqbal* decisions were, at best, split on the question. *See Lockheed Martin*, 973 F. Supp. 2d at 593 (collecting cases as of 2013); *Tyco Fire Prods. v. Victaulic Co.*, 777 F. Supp. 2d 893, 898 (E.D. Pa. 2011) ("Whether *Twombly's* 'plausibility' standard applies to affirmative defenses, however, is far from settled."). However, that split has since resolved against the application of heightened pleading standards to affirmative defenses. "A review of district court decisions within the Fourth Circuit reveals that the trend . . . in recent years has been not to apply the *Twombly/Iqbal* standard to affirmative defenses." *Henderson*, 2019 WL 4148172 at *3 (citing *Benedict v. Hankook Tire Co.*, No. 3:17-cv-00109, 2018 WL 936090 at *2, (E.D. Va. Feb. 16, 2018)) (internal quotations omitted); *Davis v. Toyota Motor Credit Corp.*, 251 F. Supp. 3d 925 (D. Md.

2017) (declining to apply *Twombly–Iqbal* to affirmative defenses); *Baron v. Directv, LLC*, 233 F. Supp. 3d 441, 444 (D. Md. 2017) (same); *Commerce and Indus. Ins. Co. v. WMS Solutions, LLC*, No. TDC-14-1182, 2015 WL 6531585 at *2 (D. Md. Oct. 27, 2015) (same); *Advanced Pain Mgmt. Servs., LLC v. Wadhwa*, No. MJG-12-3579, 2014 WL 253401 at *1 (D. Md. Jan. 22, 2014) (declining to extend *Twombly–Iqbal* to affirmative defenses based on ruling in *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532 (D. Md. 2010)); *Sheppard*, 302 F.R.D. at 387 (declining to extend *Twombly–Iqbal* to affirmative defenses); *Sprint Nextel Corp. v. Simple Cell, Inc.*, No. CCB-13-617, 2013 WL 3776933 at *9 (D. Md. July 17, 2013) (same); *Lockheed Martin*, 973 F. Supp. 2d at 594 ("At any rate, the Court deems it unlikely that the Supreme Court 'would have ushered in such a radical change in legal landscape *sub silentio*.'"); *see also Hand Held Prods. v. Code Corp.*, No. 2:17-cv-00167, 2017 WL 2537235 at *6 (D.S.C. June 9, 2017) (holding, consistent with the "recent trend," that "*Twombly* and *Iqbal* do not provide the pleading standard applicable to affirmative defenses")); *Cohen v. SunTrust Mortgage, Inc.*, No. 3:16-cv-02513, 2017 WL 1173581 at *3 (D.S.C. Mar. 30, 2017) ("The former approach [applying *Twombly-Iqbal* to affirmative defenses] is now the minority approach."); William M. Janssen, *The Odd State of Twiqbal Plausibility in Pleading Affirmative Defenses*, 70 WASH. & LEE L. REV. 1573, 1605 (showing a majority of district courts not applying "Twiqbal" standards after 2010).

These recent district court rulings have relied on three main arguments: (1) textual differences between Rule 8(a), 8(b), and 8(c) and the language of *Twombly* and *Iqbal*; (2) differing time periods permitted for each party's filing and the relative burdens created by the complaint and the answer; and (3) concerns for judicial efficiency and prevention of nuisance motions to strike.

1.   **The Textual Differences Within Rule 8 and Timing Considerations Counsel Against Application of the Same Pleading Standards for Complaints and Affirmative Defenses**

Complaints are pled according to Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Both *Twombly* and *Iqbal*, by their own terms, discuss "what a plaintiff must plead in order to state a [] claim." *Twombly*, 550 U.S. at 545; *see Iqbal*, 556 U.S. at 676-78 (discussing Rule 8(a)(2) and "facial plausibility"). A complaint, because it "invokes the jurisdiction of the federal courts in the first instance," must reach a certain level of pleading "to ensure that 'largely groundless claims' are not made to 'take up the time of a number of other people.'" *Lockheed Martin*, 973 F. Supp. 2d at 595 (quoting *Twombly*, 550 U.S. at 558). The Supreme Court specifically pointed out that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. The reasoning behind those cases was based on concerns about the uneven burden placed on defendants when minimally pled complaints proceed to discovery. *Lockheed Martin*, 973 F. Supp. 2d at 595. "*Twombly* and *Iqbal* . . . were partially prompted by the concern that allowing threadbare complaints to survive a Rule 12(b)(6) motion to dismiss would unjustifiably subject more defendants to the burdens of discovery." *Tyco Prods.*, 777 F. Supp. 2d at 899; *see also*, *Baron*, 233 F. Supp. 3d at 444 ("Thus, a plaintiff is required to show his entitlement to relief, but a defendant is not. A complaint's required showing of entitlement lay at the heart of the Supreme Court's analysis in *Twombly*.").

A defendant's answer, by contrast, does not "unlock the doors of discovery," and affirmative defenses do not place any burden on plaintiffs beyond the normal discovery that would already occur if a complaint survives a motion to dismiss. As Judge Blake of the District of Maryland stated in 2013:

> To the extent that any of the allegedly defective defenses that have been pled . . . have no basis, there will be nothing for [plaintiff] to discover or litigate. If the defendants can adduce evidence supporting these defenses, and fully articulate them, granting the motion to strike and permitting the defendants time to amend their answer . . . will only delay the inevitable litigation of the merits. Otherwise, if no valid basis exists for any of the defenses, as [plaintiff] argues, then the pled defenses will have little impact on the litigation going forward.

*Sprint Nextel*, 2013 WL 3776933 at *9.

Defenses and affirmative defenses are pled according to Rules 8(b), "Defenses; Admissions and Denials," and 8(c), "Affirmative Defenses." FED. R. CIV. P. 8(b)-(c). Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it," and Rule 8(b)(3) permits general denials, by which a party may "deny all the allegations of a pleading." FED. R. CIV. P. 8(b). The Rules also require a defendant to respond to each allegation in a complaint or risk a damaging admission. FED. R. CIV. P. 8(b)(6). While Rule 8(b) contains some of the same language as Rule 8(a), it does not require that defenses "show[] that a pleader is entitled to relief," as Rule 8(a) does. That difference matters because "[k]nowledge at the pleading stage is often asymmetrical, disproportionately favoring the pleading of a claim by a plaintiff who has had the opportunity to time its filing. While the plaintiff often can conduct an investigation before filing the complaint to ensure its allegations are adequately supported, the defendant must respond quickly after being served." *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010).

These differences in knowledge and timing of filing, as well as a defendant's obligation to address every allegation in any compliant create an imbalance in the impact of applying *Twombly* and *Iqbal* pleading standards. While plaintiffs have the entire period of the statute of limitations in which to investigate and bring a complaint, defendants generally have 21 days in

which to respond. FED. R. CIV. P. 12(a)(1)(A). Even if that time is extended, such a time remains much shorter than plaintiffs are permitted. Courts generally recognize that difference in timing places defendants at a disadvantage in pleading facts. *E.g.*, *Lockheed Martin*, 973 F. Supp. 2d at 594-95 ("in this case, Plaintiff requests a refund for taxes paid in 2004-2008. Yet Plaintiff did not file suit until 2013."); *Bayer CropScience AG v. Dow AgroSciences LLC*, No. 10-1045 RMB/JS, 2011 WL 6934557 at *1-2 (D. Del. Dec. 30, 2011) (citing the "unfairness of holding the defendant to the same pleading standard, when the defendant has only a limited time to respond after service of the complaint."). In the present case, most of the violations alleged in the Complaint occurred from 2009 to 2013; the Relators filed suit in 2016. *See* ECF No. 9. While Relators had years in which to investigate the facts of their Complaint, DI had 51 days in which to respond to the First Amended Complaint, following the Court's decision on the Motion to Dismiss. *See* ECF No. 146; ECF No. 150 (requesting 30-day extension); ECF No. 160 (granting 30-day extension).

Furthermore, Rule 8(c) contains completely different language from both 8(a) and 8(b), and requires much less. "In responding to a pleading, a party must *affirmatively state* any avoidance or affirmative defense. . ." FED. R. CIV. P. 8(c) (emphasis added). "A plaintiff's complaint invokes the jurisdiction of the court and seeks affirmative relief. An affirmative defense does neither; consequently, it is reasonable to interpret the wording of Rule 8(b) and (c) . . . differently from the interpretation given by the Supreme Court to the distinctive wording of Rule 8(a) applicable to claims for relief." *Sheppard*, 302 F.R.D at 387. As *Lockheed Martin* pointed out, "It would be anomalous if Rule 8(b) allowed parties to generally deny the allegations in the complaint yet required them to plead facially plausible affirmative defenses." 973 F. Supp. 2d at 594. The Fourth Circuit has clearly stated, "An affirmative defense may be

pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 Fed. Appx. 197, 203 (4th Cir. 2004) (citing 5 Wright & Miller §1274, 455-56 (2d ed. 1990)). Indeed, some district courts have gone further, stating "[t]here is no requirement under Rule 8(c) that a defendant plead any facts at all." *Sibley v. Choice Hotels Intern., Inc.*, 304 F.R.D. 125, 132 (S.D.N.Y. 2015); *Tyco Fire Prods.*, 777 F. Supp. 2d at 900-01 ("An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved. . . . the requisite notice is provided where the affirmative defense in question alerts the adversary to the existence of the issue for trial.").

### 2. The Policy Arguments Relied Upon to Apply *Twombly* and *Iqbal* to Affirmative Defenses Ignore Other Policy Considerations that Weigh Against Such Application

The main arguments relied upon by district courts to apply *Twombly* and *Iqbal* standards to affirmative defenses are (1) concern for equitability between pleading of complaints and defenses under 8(a) and 8(b); and (2) "promot[ing] litigation efficiency" and discouraging boilerplate affirmative defenses, "based upon nothing more than some conjecture." *Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 536 (D. Md. 2010); *see also*, *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 461-62 (D. Md. 2014).

In the cases applying *Twombly* and *Iqbal* to affirmative defenses, however, the courts ignore other policy considerations that would cut against such application, and overstate the argument that striking affirmative defenses promotes judicial efficiency. "[W]hile the Court recognizes the majority's concerns about judicial efficiency, one must question whether the majority has overstated them. The discovery rules are written broadly. Thus, the extent to which the pleading of boilerplate affirmative defenses portends to subject parties to added discovery is presumptively unclear." *Lockheed Martin*, 973 F. Supp. 2d at 595. As discussed above, Rules

8(b) and 8(c) do not contain the same text as Rule 8(a), examined in *Twombly* and *Iqbal*, and do not require the same level of pleading. Moreover, the apparent concern for fairness in pleading standards ignores the differences between the timing of the filings (the term of the statute of limitations versus 21 days for an answer) and the fact that *Twombly* and *Iqbal* were focused on preventing nuisance complaints from getting to discovery, not nuisance defenses.

The courts applying *Twombly* and *Iqbal* appear to forget one other concern for judicial efficiency — "the fact that a heightened pleading requirement would produce more motions to strike, which are disfavored." *Bayer CropScience*, 2011 WL 6934557 at *2; *Tyco Fire Prods.*, 777 F. Supp. 2d at 901 ("requiring more detailed defensive pleading will inevitably lead plaintiffs to file more motions to strike."); *Waste Mgmt.*, 252 F.3d at 347 (stating that motions to strike are disfavored). Given that defendants whose pleadings are stricken may amend as a matter of course, striking defenses and affirmative defenses does not, in fact, improve judicial efficiency. *E.g.*, *Sibley*, 304 F.R.D. at 133; *Bayer CropScience*, 2011 WL 6934557 at *2. Rather, expanding *Twombly* and *Iqbal* standards to defenses and affirmative defenses merely encourages motions to strike and the consequent amendments of answers. In the present case, Relators have already filed such motions against four other Defendants, thus requiring the expenditure of this Court's time on dilatory motions that do nothing to advance discovery or the merits of the case.

In their concern for judicial efficiency, courts should also recall that plaintiffs have other remedies for inapplicable affirmative defenses, beyond motions to strike:

> Under the Rules, a plaintiff faced with a vague or possibly frivolous defense is not without remedy. Defendants' affirmative defenses can easily be explored through contention interrogatories. . . . [Also,] a Defendant must make the initial disclosures of persons having discoverable information and of documents pertinent to its defenses. Second, Rule 11(b)(2) provides that defense counsel, by signing such a pleading, certifies to the best of counsel's belief, formed after reasonable inquiry, that the defenses are warranted by existing law . . .

*Tyco Fire Prods.*, 777 F. Supp. 2d at 900; *see also*, *Baron*, 233 F. Supp. 3d at 445-46 ("litigants and their attorneys should not freely recite in their answers a litany of irrelevant and unsupported defenses. Thus, parties and attorneys are held to a basic standard of accountability under Rule 11(b)(2) to plead only what can be supported by the law or to risk sanction."). Given the textual differences and these policy considerations, therefore, the Court should not be persuaded to expand *Twombly* and *Iqbal* to the defenses and affirmative defenses in this case.

## <u>RELATORS HAVE NOT DEMONSTRATED ANY PREJUDICE FROM DI'S DEFENSES AND AFFIRMATIVE DEFENSES</u>

Another significant problem with Relators' Motion is that Relators have not demonstrated any prejudice caused by the inclusion of these defenses and affirmative defenses. Courts in this District refuse to strike pleadings without a showing that the opposing party would be prejudiced by their presence in the litigation. *E.g.*, *Nickens v. State Employees Credit Union, Inc.*, RDB-13-1430, 2014 WL 3846060 at *4-5 (D. Md. Aug. 4, 2014) ("[T]hese allegations solely point out specific alleged defects in the Plaintiff's prima facie case. . . . despite being mislabeled, the assertion of defenses that are not truly 'affirmative' . . . does not prejudice the opposing party. Given all of these issues will continue to be litigated, are logically related to the proceedings, and Plaintiff has experienced no measurable prejudice, taking such a drastic measure under Rule 12(f) is clearly unnecessary."); *Haley Paint Co. v. E.I. DuPont De Nemours and Co.*, 279 F.R.D. 331, 337 (D. Md. 2012) (finding *Twombly* and *Iqbal* apply, but electing not to strike defenses where "plaintiffs articulated no prejudice that would come from a denial of their motion.").

Relators' mere recitation that they may be required to conduct additional discovery to ascertain which defenses are truly at issue has been found "unconvincing." Motion at 2; *Sprint Nextel*, 2013 WL 3776933 at *9. "To the extent that any of the allegedly defective defenses . . .

have no basis, there will be nothing for Sprint to discover or litigate. If the defendants can adduce evidence supporting these defenses . . . , granting the motion to strike and permitting the defendants time to amend their answer . . . will only delay the inevitable litigation of the merits." *Id.*; *see also*, *Bayer CropScience*, 2011 WL 6934557 at *1 (declining to strike defenses in part because of "the limited discovery costs, in relation to the costs imposed on a defendant, since it is unlikely that either side will pursue discovery on frivolous defenses"). In the present case, DI's defenses and affirmative defenses will necessarily be explored in discovery because they are related to the major issues of the case, not simply because DI has stated them. Therefore, the defenses that Relators claim are "boilerplate" will have "little impact on the litigation" unless they are valid, as DI argues. *See Sprint Nextel*, 2013 WL 3776933 at *9; *Lockheed Martin*, 973 F. Supp. 2d at 596 ("Plaintiff has identified no prejudice that would result from the Court's consideration of Defendant's affirmative defense, except perhaps the prejudice that litigants faced with meritorious affirmative defenses invariably incur.").

Furthermore, DI does not agree that the defenses and affirmative defenses it pled are "boilerplate" because they contain information which, when combined with the paragraphs of the Complaint and pleadings on the Motions to Dismiss, provide Relators with sufficient notice of their bases. The Fourth Circuit, to date, has only required affirmative defenses to "give[] plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 Fed. Appx. at 203. Courts will generally find fair notice is provided by an affirmative defense when it is "clear to which claims affirmative defenses apply." *Flame, S.A. v. Indus. Carriers, Inc.*, No. 2:13-cv-658, 2014 WL 2871432 at * 2 (E.D. Va. June 24, 2014). Fair notice is determined "in the context of the complaint, the answer, and Defendants['] motion[s] to dismiss." *Warren v. Tri Tech Labs., Inc.*, No. 6:12-CV-00046, 2013 WL 2111669, at *7 (W.D. Va. May 15, 2013); *Grant v. Bank of Am.,*

*N.A.*, No. 2:13-CV-342, 2014 WL 792119 at *4 ("this Court looks to whether the challenged defenses are contextually comprehensible"). Given the facts alleged in the Complaint and the briefing on the Motions to Dismiss already before this Court, DI's defenses and affirmative defenses provide fair notice and are contextually comprehensible. Relators' own Motion to Strike demonstrates that Relators have correlated DI's defenses and affirmative defenses to the issues alleged in the Complaint. *E.g.*, Motion at 3 (relating defense against piercing the corporate veil to the relevant issues in Complaint); Motion at 4-5 (relating DI's affirmative defenses of assumption of the risk and waiver to the "individual Relators' relationships with DynCorp"); Motion at 6 (demonstrating an understanding of DI's subject-matter jurisdiction challenge under the TVPRA). As further discussed below, Relators' challenges to DI's defenses and affirmative defenses show that Relators have fair notice of the issues for discovery, and fail to demonstrate the prejudice necessary to strike pleadings.

## DEFENSES VS. AFFIRMATIVE DEFENSES

Relators incorrectly assert that all of the "Defenses and Affirmative Defenses" included in DI's Answer are "affirmative defenses." *See* Motion at 3 (stating that "DynCorp asserted fifteen boilerplate affirmative defenses"). For several of the defenses and affirmative defenses pled in DI's Answer, Relators charge, "This is not a *bona fide* affirmative defense," *e.g.*, Motion at 3-4 (addressing defenses 1, 3, and 4), as though the addition of that characterization is *per se* sufficient to meet their burden under Rule 12(f). Nowhere do Relators cite authority for the idea that a defense may not be pled in an Answer, along with affirmative defenses.

Relators' Motion to Strike instead seeks to hold DI's defenses and affirmative defenses to the standard for a complaint or counterclaim, rather than the standard for defenses and affirmative defenses. *See* Motion at 5-6 (asserting requirements for "new, plausible factual

allegations" for defense based on the elements of the False Claims Act). DI's research has found no decision in the Fourth Circuit or this District that requires a defense to be pled to the same requirement as a counterclaim, nor has Relators' Motion cited such a decision. *See* Motion at 2. In fact, numerous cases draw a clear line between the pleading standards required for a counterclaim and those for defenses and affirmative defenses. *See*, *e.g.*, *EZShield, Inc., v. Harland Clarke Corp.*, No. MJG-13-0001, 2013 WL 12244288 (D. Md. Sept. 3, 2013) (striking insufficiently pled counterclaims based on *Twombly-Iqbal*, but refusing to strike eight affirmative defenses pled "in rote fashion"); *Bayer CropScience*, 2011 WL 6934557 at *2 (refusing to apply *Twombly–Iqbal* to affirmative defenses, but stating "Counterclaims, in contrast are ordinarily subject to the demands of *Twombly/Iqbal*"); *Information Planning and Mgmt. Serv., Inc. v. Dollar General Corp.*, No. 2:15cv206, 2016 WL 69902 at *3-5 (applying *Twombly–Iqbal* to counterclaim, but not extending to affirmative defenses). Relators' Motion attempts to convert the Fourth Circuit precedent regarding affirmative defenses in *Emergency One, Inc. v. Am Fire Eagle Engine Co.*, 332 F.3d 264 (4th Cir. 2003) into a requirement that defenses and affirmative defenses contain as much factual content as complaints and counterclaims. *See* Motion at 2, 4-5 (asserting, without authority, that defenses and affirmative defenses that do not provide "new" facts must be stricken). In that case, the Court is merely defining "affirmative defense" to determine whether the defendant's claims were an affirmative defense or a challenge to an injunctive remedy. *Id.* at 271-72. The Fourth Circuit did not establish the legal principle claimed by Relators, but rather cited a Second Circuit case that was quoting Black's Law Dictionary. *See id.* (citing *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir 2003) (quoting BLACK'S LAW DICTIONARY, 430 (7th ed. 1999)). The current definition of "affirmative defense" in Black's Law Dictionary differs and does not include the word "new,"

the basis for Relators' entire theory. *See* "affirmative defense," BLACK'S LAW DICTIONARY (11th ed. 2019) ("A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true.").

Furthermore, neither *Emergency One*, nor the cases related to affirmative defenses that cite it, support Relators' sweeping assertion that an affirmative defense must plead new facts in order to be valid. In *Emergency One*, the language cited by Relator is virtually the only discussion of affirmative defenses because the Fourth Circuit decided that the defendant in that case was not, in fact, pleading an affirmative defense. *Id.* at 271-72. None of the 51 Fourth Circuit cases citing *Emergency One* and including any discussion of affirmative defenses apply the principle that Relators seek to press: that every valid affirmative defense must plead facts that differ from the complaint and meet *Twombly–Iqbal* pleading standards. *See, e.g.*, *Malibu Media, LLC v. Gustaferro*, No. 1:14-cv-1544, 2015 WL 4603065 at *2 (E.D. Va. July 28, 2015) (citing Relators' language from *Emergency One*, but refusing to apply *Twombly–Iqbal* to the pleading of affirmative defenses). Relators' unsupported argument, based on a sweeping application of an outdated definition from Black's Law Dictionary and an unsettled application of pleading standards, should be disregarded.

Instead, the standard for including defenses and affirmative defenses in an answer is set by the Federal Rules. FED. R. CIV. P. 12(b) requires "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. . . . No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion." Were DI to avoid stating its relevant affirmative defenses in the Answer, therefore, DI would risk waiving those defenses. FED. R. CIV. P. 12(h)(1); *Sibley*, 304 F.R.D. at 133 ("a plaintiff may largely ignore an answer without formal legal consequence, but a

defendant must assert affirmative defenses in the answer or run the risk of waiving them."). "While counsel often plead vast numbers of affirmative defenses without being sure whether the facts will ultimately support the defenses, such pleading is done precisely so that the defenses will be preserved should discovery or further proceedings reveal factual support." *Wanamaker v. Albrecht*, 99 F.3d 1151 (10th Cir. 1996).

Defenses are pled according to FED. R. CIV. P. 8(b), which requires a party to "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." There is no requirement for defenses to "show[] that the pleader is entitled to relief," as in complaints. FED. R. CIV. P. 8(a)(2); *Hand Held Prods.*, 2017 WL 2537235 at *5. "Avoidance defenses must be stated affirmatively." *Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 737 (E.D. Mich. 2017); *Haldeman v. United States*, 91 U.S. 584, 586 (1875) ("a defendant may in different pleas state as many separat[e] and independent grounds of defence as he may be advised is material"). "Avoidance" is defined as "The act of evading or escaping" and a "defense" is defined as "[a] defendant's stated reason why the plaintiff or prosecutor has no valid case; esp., a defendant's answer, denial, or plea." BLACK'S LAW DICTIONARY (11th ed. 2019). Including all defenses, therefore does not render the pleading "boilerplate," but states all of DI's possible defenses and affirmative defenses, and provides Relators with fair notice.

Even if Relators were correct that these defenses are incorrectly labeled as "affirmative defenses," striking them serves no purpose. *Haley Paint Co. v. E.I. DuPont De Nemours and Co.*, 279 F.R.D. 331, 337 (D. Md. 2012); *Alston v. Transunion*, No. GJH-16-491, 2017 WL 464369, at *3 (D. Md. Feb. 1, 2017); *Certain Underwriters at Lloyd's*, 2012 WL 2945489 at *5 (declining to strike where "Many other listed defenses are traditional contract law defenses that

do not stray far from addressing the prima facie case, and would not significantly affect the scope of discovery."); *see Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, No. ELH-10-02091, 2011 WL 631145 at \*16 (D. Md. Feb. 11, 2011) (declining to strike denials improperly pled as affirmative defenses); *see also*, *Kohler v. Staples the Office Superstore*, 291 F.R.D 464, 471 (S.D. Cal. 2013) ("But simple mislabeling on Staples' part is not grounds for striking or granting particular summary judgment on its defenses. Negative defenses may also be raised in Staples' answer.").

Several of the "Defenses and Affirmative Defenses" included in DI's Answer, therefore, are properly before the Court as defenses, not affirmative defenses. For instance, Relators' only objections to DI's First defense are (1) that the Court's ruling on this ground in the Motion to Dismiss indicates that "Plaintiffs-Relators have alleged sufficient facts for their veil-piercing claim to survive at this stage," and (2) that this "affirmative defense has not revealed anything *new*." Motion at 3 (emphasis in original). Of course, on the first point, the Court's ruling permits the Relators' claims to proceed to discovery, but that is not a reason to strike DI's defense — it neither shows prejudice to Relators, nor does it show that DI's defense "has no possible relation to the controversy," both of which are required for a pleading to be struck. *E.g.*, *Sheppard*, 302 F.R.D. at 386; *Cohen*, 2017 WL 1173581 at \*3. Given that Relators admit that they must "establish the elements of the claims made in the FAC [First Amended Complaint]," Motion at 3, and the veil-piercing allegations feature prominently in the Complaint, Relators are aware of the facts upon which that defense is aimed and, undoubtedly, that set of facts will be a subject of discovery in this case. Therefore, there can be no prejudice from this defense's presence in the Answer. *See, e.g., Sprint Nextel*, 2013 WL 3776933 at \*9; *Miller v. Live Nation Worldwide, Inc.*, No. TDC-14-2697, 2015 WL 235553 at \*3 (D. Md. Jan. 15, 2015) ("What occurred at the

concert will certainly be at the heart of discovery, and Miller has adequate information about the events . . . to craft effective discovery requests."); *Nickens*, 2014 WL 3846060 at *4 ("Given all of these issues will continue[] to be litigated, are logically related to the proceedings, and Plaintiff has experienced not measurable prejudice, taking such a 'drastic measure' under Rule 12(f) is clearly unnecessary.").

Relators' objections to DI's Second defense, the affirmative defense of statute of limitations, neither demonstrates prejudice nor provides sufficient reasons why the defense should be stricken. Rather, Rule 8(c) specifically lists "statute of limitations" as an affirmative defense that must be "affirmatively state[d]" in a responsive pleading to avoid waiver. *See* FED R. CIV. P. 8(c); 12(h); *Serby v. First Alert*, 934 F.Supp.2d 506, 516 (E.D.N.Y. 2013). Furthermore, given the argument that Relators reference in their Motion and that provided in the Motions to Dismiss in this case, Relators are aware of the specific facts and statute of limitations upon which this defense is based. *See* Motion at 4; ECF No. 83-1 at 25-26; ECF No. 140 at 19-20. Therefore, Relators cannot allege any prejudice from this affirmative defense. Indeed, if the Court were to strike this defense, it would be engaging in "precisely the type of premature evaluation of a defense's merits that cannot occur until the necessary factual background is developed." *Sibley*, 304 F.R.D. at 134 (internal quotations omitted). To avoid such a "premature evaluation," courts generally strike statute of limitations defenses only where the affirmative defense does not "reference the appropriate statute of limitations or the operative dates." *See, e.g.*, *Ulyssix Techs.*, 2011 WL 631145 at *16. DI's Answer cites the relevant statute, and the relevant limitations period, "claims stemming from actions before June 19, 2009." ECF No. 178 at 1-2. Based on Maryland precedent, therefore, Relators have provided no valid reason to strike this defense.

Another legal assertion that appears in Relators' Motion to Strike, but for which Relators have cited no authority is their claim that an Answer may not include anything that contradicts a ruling on a Motion to Dismiss. Motion at 4-6 (opposing DI's defenses 4 through 10 based on the Court's opinion on DI's Motion to Dismiss). As discussed above, Rule 8 requires all defenses and affirmative defenses to be stated. The fact that the Court allowed the case to go to discovery under a Rule 12(b)(6) standard is not the "final word" on those defenses, nor does it bar DI from restating those arguments and notifying Relators that those arguments will be the subject of discovery. Relators' complaints about DI's Seventh affirmative defense, which is based on the public disclosure bar and the other elements of the False Claims Act, pretends that the Court's decision on the Motion to Dismiss decided the merits of the public disclosure bar issue. *See* Motion at 6. Of course, the Court's opinion said no such thing, nor could the merits of that issue be decided in Relators' favor before discovery. *Sibley*, 304 F.R.D. at 134; ECF No. 145 at 8-9 (citing standards for a court's review on a motion to dismiss). Since the Fourth Circuit has stated that the public disclosure bar is "effectively an affirmative defense," *United States ex rel. Beauchamp v. Academi Training Ctr.*, 816 F.3d 37, 40 (4th Cir. 2016), DI's pleading of it as such is proper. In addition, DI provided sufficient facts within this defense to give Relators fair notice of the issues to be explored in discovery, especially in combination with the briefing on the Motions to Dismiss. *Grant*, 2014 WL 792119 at *4; *Tri Tech Labs*, 2013 WL 2111669 at *7. Furthermore, given Relators' admission that it must "establish the elements of the claims made" in its Complaint, Relators cannot possibly allege prejudice related to discovery on the elements of a False Claims Act violation, including the public disclosure bar.

In fact, Relators' Motion does not provide any suggestion of prejudice caused by the presence of defenses and affirmative defenses three through fifteen. For these defenses and

affirmative defenses, DI's Answer provides fair notice, especially when "considered in the context of the complaint, the answer, and Defendants['] motion[s] to dismiss," as such objections must be. *Tri Tech Labs*, 2013 WL 2111669 at *7.

- Relators' complaint about DI's Third defense states merely that it "does not allege anything new," but "only what is already known, i.e., that Relators have the burden of proof in establishing damages." Motion at 4. Given Rule 8's requirement to state each defense, the Fourth Circuit's disfavoring of striking pleadings, and Relators' plain admission that no prejudice comes from DI's inclusion of this defense, the Court does not have a basis to strike this defense.

- Relators' complaints about DI's Fifth and Sixth affirmative defenses, related to assumption of the risk and waiver repeat their unsupported legal claim that an affirmative defense may not contradict the Court's ruling on a 12(b)(6) motion. Relators claim these affirmative defenses are "deaf to the Court's Memorandum Opinion" and "bald assertions." Motion at 4-5. However, these affirmative defenses provide significant information and fair notice to Relators about the issues to be pursued in discovery, and Relators have provided no reason why discovery on these affirmative defenses would prejudice them in any way. Relators brought this suit based on their employment with GLS and Relators' employment contracts with GLS and the other Defendants will certainly be the subject of discovery. Moreover, Relators' claim that their relationships with DI "have nothing to do with" the FCA claims at issue, Motion at 5, is ludicrous on its face. Relators' Complaint put their relationship with DI and GLS at issue by claiming a litany of tortious conduct and claiming Relators' status as original sources. Any "claimed incomprehension" by Relators about this affirmative defense clearly "ignores the allegations of his own complaint." *Tri Tech Labs*, 2013 WL 2111669 at

*7. The Court's own Opinion on the Motions to Dismiss stated, "One of the fundamental questions in this case, therefore, will be whether Defendants' alleged misconduct may be construed as within or beyond the scope of Relators' employment." ECF No. 145 at 50. Based on the pleadings thus far and the Court's decision, Relators can hardly claim they do not have fair notice of the facts to be investigated surrounding these defenses. Moreover, these claims must be pled as affirmative defenses, or risk being waived. *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012) (preemption under the Defense Base Act "is an affirmative defense); FED. R. CIV. P. 8(c) (listing waiver).

- Relators' challenge to DI's Eighth and Tenth defenses are similarly misplaced, and Relators fail to provide any reason to strike these defenses. FED. R. CIV. P. 12(b)(6) says a party "may assert" a challenge to subject-matter jurisdiction in a motion, but a party is not required to do so. Subject-matter jurisdiction may be challenged, "either through the filing of an answer," or at any time in a litigation. 5B Wright & Miller §1350 (3d ed.); *see Constitutional Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (a "factual evaluation" of subject-matter jurisdiction may occur at any stage of the proceedings, "from the time the answer has been served until after the trial has been completed.") (internal citation omitted). "[W]hen the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous." *Kerns v. United States*, 585 F. 3d 187, 193 (4th Cir. 2009). By pleading these defenses, DI provides the Relators with fair notice that DI intends to challenge their allegations applying the TVPRA extraterritorially and their application of Kuwaiti law in connection with activities of

U.S. troops and contractors abroad. Therefore, the Court has no basis upon which to strike these defenses.

- Relators again challenge DI's reference to the Defense Base Act in its Ninth affirmative defense, asserting their unsupported claim that the Court's decision on Motions to Dismiss precludes any defense predicated on the Defense Base Act. Motion at 6. As discussed above, the Defense Base Act must be pled as an affirmative defense. Also, this pleading provides Relators fair notice of the need for discovery on this defense, and Relators have presented no argument for why including this defense causes them prejudice. Given that the allegations of the complaint encompass torts, from which Relators try to create TVPRA claims, this defense is "contextually comprehensible" (*Grant*, 2014 WL 792119 at *4), and the Court has no reason to strike it.

- Relators' claim that DI's Eleventh defense meets neither *Twombly-Iqbal* standards, nor Rule 11(b) incorrectly interprets this defense as an affirmative defense, and again provides no basis for striking this defense, no basis for prejudice, and no basis for sanctions. As discussed above, the Court's own opinion on the Motion to Dismiss noted that Relators' relationship with Defendants and the terms of their employment will be a key issue in this case. ECF No. 145 at 50. Based on this context, and the allegations in the Complaint, this defense provides fair notice to Relators and is contextually comprehensible.

- Relators' attack on DI's Twelfth affirmative defense is similarly lacking. Given the tortious allegations in the Complaint, as discussed above in relation to the Defense Base Act, DI's defense is not "boilerplate" or "factually vacuous." Motion at 7. Instead, DI is affirmatively pleading and providing fair notice to Relators that there may be an issue related to injuries or damages caused by other parties in this litigation. Conducting discovery on this issue will not

be burdensome in light of the other discovery that will occur, *Certain Underwriters at Lloyd's*, 2012 WL 2945489 at *5, and Relators have again failed to provide any allegations of prejudice.

- Relators claim that DI's Thirteenth affirmative defense is a "misplaced challenge to venue." Motion at 7. The case law clearly states, however, that "Improper venue is an affirmative defense that must be raised before or simultaneously with the filing of a responsive pleading." *Thomas v. FTS USA, LLC*, No. 3:13CV825, 2016 WL 3566657, at *13 (E.D. Va. June 24, 2016) (citing *Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 744 (S.D.W. Va. 2010)); FED. R. CIV. P. 12(b)(3). "[F]ailure to assert any affirmative defense, including venue, results in a binding waiver if allowing the defense would result in unfair surprise or prejudice." *Id.* DI's statement of this affirmative defense does not purport to be a "motion challenging venue," nor is that reason to strike the pleading. Again, Relators have provided no indication of any prejudice that would come from this pleading being included in the Answer, nor can they pretend that, based on the previous pleadings and references to the Virginia litigations at issue, *e.g.*, ECF No. 83-1 at 6-7, that they do not have fair notice of the set of facts to be explored based on this affirmative defense.

- Relators challenge DI's Fourteenth affirmative defense, which it claims is "expansive," but again fail to show any prejudice from DI's pleading. While Relators claim this would "allow DynCorp to assert any affirmative defense in the future," Motion at 8, that fails to consider the inherent limitation within this affirmative defense — the affirmative defenses expressed in the Answers of the other Defendants. Relators appear to forget that parties may amend their pleadings to add affirmative defenses at any time in the litigation, without unfair prejudice to the opposing party. FED. R. CIV. P. 15(a); *Kontrick v. Ryan*, 540 U.S. 443, 445

(2004) ("An answer may be amended to include an inadvertently omitted affirmative defense, and even after the time to amend 'of course' has passed . . ."); *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (reversing district court for failing to allow addition of affirmative defense where opposing party did not show prejudice). Given that DI could, in the near future, amend to add other affirmative defenses, Relators' fail to show the required prejudice to strike this defense.

- DI's Fifteenth defense, for which Relators claim "there is no text included," Motion at 8, is not a defense, but the responsive pleading required under FED. R. CIV. P. 8(b). The formatting may not be recognized by Relators, but it is taken from the format suggested in the Maryland Rules Commentary for the form of an answer, with editorial changes for the order of the affirmative defenses. *See* Niemeyer, Paul V., et al., MARYLAND RULES COMMENTARY, 278-81 ("the nonwaivable defenses are often raised first, followed by specific admissions or denials . . .").

## <u>CONCLUSION</u>

Under their own terms, the pleading standards espoused in *Twombly* and *Iqbal* do not apply to defenses or affirmative defenses, and neither the Fourth Circuit nor the Supreme Court have so applied them. The text of the Federal Rules does not require that defenses and affirmative defenses meet these heightened standards, nor do the policy considerations of fairness to the parties or judicial efficiency counsel towards the application of *Twombly* and *Iqbal* to the pleading of defenses and affirmative defenses. Finally, because Relators have not demonstrated any prejudice that would come from the Court's denial of this disfavored and dilatory Motion to Strike, DI requests that the Court deny Relators' Motion in its entirety.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Jan Paul Miller___
Jan Paul Miller (Md. Fed. ID No.05257)
THOMPSON COBURN LLP
One US Bank Plaza
St Louis, MO 63101
314-552-6365
314-552-6000 (fax)
jmiller@thompsoncoburn.com
Claire M Schenk (Admitted *Pro Hac Vice*)
THOMPSON COBURN LLP
One US Bank Plaza
St Louis, MO 63101
314-552-6462 (office)
314-552-7462 (fax)
cschenk@thompsoncoburn.com

*Attorneys for DynCorp International LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

By /s/ Jan Paul Miller____