**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELGASIM MOHAMED FADLALLA, *et al.*, )<br><br>Plaintiff-Relators, )<br>v. )<br><br>DYNCORP INTERNATIONAL LLC, *et al.*, )<br><br>Defendants. )<br>_____ ) | Case No. 8:15-cv-01806-PX |

**RELATORS' REPLY TO DI'S
RESPONSE IN OPPOSITION TO RELATORS' MOTION
TO STRIKE DI'S DEFENSES AND AFFIRMATIVE DEFENSES**

Rule 1 of the Federal Rules of Civil Procedure states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." All three imperatives are offended by DynCorp's empty Answer and vacuous affirmative defenses.

In its opposition brief, DynCorp claims that it only had 51 days to respond to Relators' complaint and then seeks shelter behind case law that expresses sympathy for the challenges faced by defendants who have only 21 days to formulate a response to a complaint. This rhetorical posture is disingenuous. It ignores the fact that DynCorp had since approximately December 5, 2016 – more than 1,070 days – since the FAC was revealed to it by DOJ to investigate and gather facts. In fact, the time available for DynCorp to investigate possible affirmative defenses and to plead them with the specificity of their actual knowledge began far earlier. DynCorp (and all the defendants) have argued fervently that this case did not begin on June 19, 2015 (the filing of the original complaint in this action). It has argued, in its attempt to invoke the "public disclosure bar," that this action is actually the same as the action that was filed on September 20, 2013,

*Zinnekah v. Global Linguist Solutions*, Case No. 1:13-CV-1185 in the United States District Court for the Eastern District of Virginia.   *See* DEFENDANT DYNCORP INTERNATIONAL LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS RELATORS' FIRST AMENDED COMPLAINT, Doc. 83-1, pages 15-17 of 39.   Thus, by DynCorp's own representations, it has actually had, not 21-days, not 51-days, not 1,073-days, but 2,221-days to investigate the facts that would give rise to a plausible affirmative defense.   Relators are entitled to more than a stone-walling, boiler-plate Answer.

Relators have not formally moved to strike DynCorp's entire Answer; however, good cause exists for the Court act on its own[1] to require that DynCorp roll up its sleeves and provide *real* responses to Relators' 111-page, 593-paragraphs of extremely detailed, date- and fact-specific allegations concerning violations of two highly important statutory regimes in the U.S. Code: the False Claims Act and the Trafficking Victims Protection Reauthorization Act.   It should not go unnoticed that DynCorp – the apparent architect of this fraudulent scam – replied that it lacked "knowledge or information sufficient to form a belief" as to the truth of allegations *389 times* in its Answer.   DynCorp's shrugs its shoulders by claiming that no one has been harmed from its dilatory Answer and hollow Affirmative Defenses.   Not true.   Four years have elapsed since the filing of this action.   The passage of time is prejudicial.   One of the Relators, Dr. Ali Al-Taie, died during this four year wait – died never having realizing justice realized in this case.   With respect to the truth-finding process, Plaintiffs-Relators have been precluded from conducting discovery during this time.   Yet, DynCorp has had access to critical information the entire time.

---

[1] *See* Fed. R. Civ. P. 12(f)(1); *see also* "This Court will not expend its own time in providing defense counsel with a chapter and verse exposition of the more serious flaws in the present responsive pleading . . . Instead it will be left to defense counsel to take a fresh look at the entirety of the current Answer . . ." *Brown v. Autovest LLC*, 2016 U.S. Dist. LEXIS 197308, *1 (N.D. Ill., 2012) (N.D. Ill., Nov. 16, 2016).

For DynCorp to thumb its nose at Rule 1 of the Federal Rules of Civil Procedure – by claiming that it is entitled to conceal its knowledge of facts behind uninformative pleadings, elongate the truth-finding process, and externalize to Relators the cost of extracting from Defendants their knowledge – is unconscionable and does damage to the judicial process.  As then Chief Justice Burger once noted in a 1970 address to the American Bar Association:

> A sense of confidence in the courts is essential to maintain the fabric of ordered liberty for a free people and three things could destroy that confidence and do incalculable damage to society: [1] that people come to believe that inefficiency and delay will drain even a just judgment of its value; [2] that people who have long been exploited in the smaller transactions of daily life come to believe that courts cannot vindicate their legal rights from fraud and over-reaching; [3] that people come to believe the law – in the larger sense – cannot fulfill its primary function to protect them and their families in their homes, at their work, and on the public streets.[2]

Similar reasons motivate the Courts that have applied *Twombly* and *Iqbal* standards to a defendant's answer:

> [T]he considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal* strongly suggest that the same heightened pleading standard should also apply to affirmative defenses. With complaints and with defenses, the purpose of pleading requirements is the same. It is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case.
> …
> A requirement that an affirmative defense be pleaded in accordance with the *Twombly-Iqbal* standard simply means than that it be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts.
> …
> Moreover, by applying the *Twombly-Iqbal* heightened pleading standard to affirmative defenses, a plaintiff will not be left to the formal discovery process to find-out whether the defense exists and may, instead, use the discovery process for its intended purpose of ascertaining the additional facts which support a well-pleaded claim or defense.

---

[2] Burger, "What's Wrong with the Courts: The Chief Justice Speaks Out", U.S. NEWS & WORLD REPORT (vol. 69, No. 8, Aug. 24, 1970) 68, 71 (address to ABA meeting, Aug. 10, 1970).

*Palmer v. Oakland Farms, Inc.*, Civil Action No. 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, at
*15-16 (W.D. Va. June 24, 2010). *See also Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil Action
No. ELH-09-3102, 2017 U.S. Dist. LEXIS 70384, at *102 (D. Md. May 8, 2017) (citing *Palmer*
and applying heightened pleading to affirmative defenses); *Alston v. TransUnion*, No. GJH-16-
491, 2017 U.S. Dist. LEXIS 17031, at *6-7 (D. Md. Feb. 1, 2017) ("This Court joins with the
majority of the judges in this district in holding that the heightened pleading standard of *Iqbal* and
*Twombly* applies to affirmative defenses," and stating that defendants **should "plead affirmative
defenses with facts within their knowledge at the time their answer is due**, while allowing
leave to amend their answer, pursuant to Fed. R. Civ. Proc. 15, if new information is learned during
discovery") (emphasis added).

DynCorp argues that "*Twombly* and *Iqbal* were focused on preventing nuisance <u>complaints</u>
from getting to discovery, not nuisance defenses."  Br. at 9 (emphasis in original).    Thus,
according to DynCorp, nuisance defenses are perfectly fine.  But plaintiffs should not be required
to conduct discovery into nuisance defenses any more than defendants should be required to
proceed to discovery to defend against nuisance claims.  That is precisely the reason why the
majority of courts in this circuit have applied *Twombly* and *Iqbal* to defenses as well as complaints.

Moreover, Plaintiffs-Relators are not seeking to preclude any defense by their Motion.
Rather, they ask the Court to strike the insufficient affirmative defenses and provide an opportunity
for Defendants to serve affirmative defenses that comply with the Rules and the *Twombly* and
*Iqbal* standards, particularly given the ample time that the defendants have had to investigate their
defenses in the context of this case.

DynCorp's Affirmative Defenses should be stricken.  More, DynCorp should be required
to serve an amended Answer that complies with the Rules and includes factual averments with a

level of detail commensurate with the amount of time DynCorp has had to investigate its defenses.

Relators and the United States are entitled to meaningful responses to Relators' complaint.

Respectfully submitted,

/s/ Joseph A. Hennessey
Joseph A. Hennessey, Esq.
The Law Office of Joseph Hennessey, LLC
2 Wisconsin Circle, Suite 700
Chevy Chase, Maryland 20815
Telephone: (301) 351-5614
Email: jhennessey@jahlegal.com

/s/ Charles S. Fax
Charles S. Fax
Rifkin Weiner Livingston LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Cell Phone: (410) 274-1453
cfax@rwllaw.com

Liesel J. Schopler
Rifkin Weiner Livingston LLC
225 Duke of Gloucester Street
Annapolis, Maryland 21401
Telephone: (410) 269-5066
lschopler@rwlaw.com

/s/ Timothy Matthews
Timothy Mathews
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
TimothyMathews@chimicles.com
*Admitted Pro Hac Vice*

Steven A. Schwartz
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 645-4720
steveschwartz@chimicles.com
*Admitted Pro Hac Vice*

5