IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

_____
                                        )
UNITED STATES OF AMERICA, ex rel.       )
ELGASIM MOHAMED FADLALLA, et al.,       )
                                        )
        Relators/Plaintiffs,            )
                                        )
v.                                      )       Case No. 8:15-cv-01806- PX
                                        )
DYNCORP INTERNATIONAL, LLC, et al.,     )
                                        )
        Defendants,                     )
                                        )
_____)

## Response in Opposition to Relators' Motion to Strike Shee Atiká Languages, LLC's Affirmative Defenses

The Plaintiff-Relators have moved to strike all of Shee Atiká Languages, LLC's ("SAL") affirmative defenses, along with the affirmative defenses of every other defendant that has answered the Amended Complaint.  Motions to strike under Rule 12(f) are highly disfavored as a dilatory tactic that wastes the parties' and the Court's time and resources.  Relators have failed to demonstrate that SAL's affirmative defense prejudice them in any way:  the asserted defenses provide adequate notice to relators in the context of the pleadings in this case and do not needlessly expand the issues to be explored in discovery.  The affirmative defenses were pleaded properly under Rule 8 and for the reasons set forth below relators' Motion to Strike should be denied.

## Statement of Facts and Procedural Posture

On June 19, 2015, relators filed a Complaint in this matter under seal.  On March 25, 2016, relators filed an Amended Complaint, also under seal.  The allegations in the Amended Complaint relate to events that occurred primarily from 2009 to 2013.

SAL was dissolved in 2012, years before the initiation of this action.  On December 5, 2016, this Court granted a consent motion to partially lift the seal on this matter [D.E. 14].  The United States requested permission to share the existence of the action with "any and all of the Defendants" "in its discretion" [D.E. 13].

Relators imply that, at that time, the government shared the Amended Complaint with SAL.  SAL is aware of no evidence that this occurred.  Instead, to the best of SAL's knowledge, in October 2018 relators contacted SAL's former counsel to inquire about accepting service of the Amended Complaint.  However, relators do not claim to have effectuated service before March 2019.  Additionally, although SAL retained counsel in this matter who made initial filings, including a Motion to Dismiss, undersigned counsel were only retained in this case during mid-September 2019.

On October 21, 2019, SAL filed its Answer and Affirmative Defenses to the Amended Complaint [D.E. 175].  On November 4, 2019, relators, pursuant to Rule 12(f), filed a Motion to Strike all of SAL's affirmative defenses, arguing that the defenses do not provide fair notice of their factual basis and do not meet applicable pleading standards [D.E. 184].

## Argument

## I.    Legal Standard

### a.  Motion to Strike Under Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike from a pleading any matter that is redundant, immaterial, impertinent, or scandalous.  Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic."  5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990).[1]  Relators are entitled to this drastic remedy only if they demonstrate that SAL has raised "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted."  *Id.* § 1381 at 665.

"When reviewing a motion to strike, the court must view the pleading under attack in a light most favorable to the pleader."  *M.T. ex rel. Hayes v. Medley*, No. 14-cv-0424, 2014 WL 1404527, at *1 (D. Md. Apr. 9, 2014) (unpublished).  Courts generally refrain from striking affirmative defenses in the absence of a showing that, by not doing so, the movant would be unfairly prejudiced. *See Baron v. DirecTV, LLC*, 223 F. Supp. 3d 441, 444 (D. Md. 2017); *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 592 (D. Md. 2013).

---

[1] In addition to moving to strike all of SAL's affirmative defenses, relators have moved to strike all of DynCorp International, LLC's affirmative defenses [D.E. 183], all of Thomas Wright, Inc.'s affirmative defenses [D.E. 185], all of Global Linguist Solutions, LLC's affirmative defenses [D.E. 186], and all of KMS Solutions, LLC's affirmative defenses [D.E. 189]. Such a blunderbuss use of the motion to strike should raise questions about the intent of relators in asserting these motions.

### b. Applicability of Twombly/Iqbal Standard to Affirmative Defenses

Relators have premised their Motion to Strike on the argument that the heightened pleading standard under Rule 8(a), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), applies to affirmative defenses as well.  Neither the Supreme Court nor the Fourth Circuit have held that the *Twombly/Iqbal* heightened pleading standard applies to affirmative defenses.  District courts in the Fourth Circuit, including decisions within the District of Maryland, are split on this issue.  However, the prevailing direction of the jurisprudence on this issue has been not to apply the *Twombly/Iqbal* pleading standard to affirmative defenses.  *See Henderson v. Gen. Revenue Corp.*, No. 7:17CV00292, 2019 WL 4148172, at *3 (W.D. Va. Aug. 30, 2019) (unpublished) (collecting cases).

The Supreme Court's decisions in *Twombly* and *Iqbal* turned on a detailed analysis of the text of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a) governs pleadings that state claims for relief.  In pleadings that state claims for relief, Rule 8(a) requires that the pleading contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).  The heightened pleading standard articulated in *Twombly* and *Iqbal* arises from the requirement in subsection 2 that the complaint *show* that the pleader is entitled to relief.  *See Twombly*, 550 U.S. at 557 ("The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement

reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief.'").

Rule 8(a) does not govern an answer without counterclaims. Rather, answers are governed by Rules 8(b) and 8(c). Pursuant to Rule 8(b), a party responding to a pleading must (1) "state in short and plain terms its defenses to each claim asserted against it" and (2) admit or deny the complaining party's allegations. Rule 8(c), which addresses affirmative defenses, provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," including (but not limited to) a list of affirmative defenses listed in the text of Rule 8(c).

Rule 8(b) and Rule 8(c) include no parallel requirement to that under Rule 8(a) that a defendant *show* its entitlement to its defenses. Instead, a defendant must only *state* its defenses. In other words, Rule 8 provides that the pleading standard for complaints is different from the standard for answers. "If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitle[ment] to relief' in the subsections governing answers and affirmative defenses." *E.E.O.C. v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012). The drafters' decision not to include parallel language suggests that courts should not apply the same pleading standard.

The different pleading standards under Rule 8(a) on the one hand and Rules 8(b) and 8(c) on the other reflect the very different roles of complaints and answers in the litigation process. Federal courts are courts of limited jurisdiction. *See, e.g.,*

5

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).  A complaint must state facts sufficient for a claimant to avail itself of a federal forum.  Moreover, the claimant must set forth sufficient non-conclusory allegations to "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  Otherwise the claimant does not "unlock the doors of discovery."  *Iqbal*, 556 U.S. at 678.

A defendant, by contrast, has no burden to demonstrate that a case belongs in federal court.  The defendant is brought into federal court.  Likewise, a defendant has no obligation to make a showing of entitlement to discovery regarding the plaintiffs' claims.  "[A]ffirmative defenses do not invoke the jurisdiction of the court and, at least technically, do not expose plaintiffs to liability.  Therefore, judicial economy and equity depend on screening complaints more than they do on screening affirmative defenses."  *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 595 (D. Md. 2013) (internal citations omitted).

Finally, plaintiffs have the benefit of information asymmetry at the pleadings stage.  Unlike defendants, plaintiffs have the ability to decide when they file their complaint.  The different standards under Rule 8(a) versus Rules 8(b) and 8(c) reflect this difference.  "Rule 8(a)'s more demanding principle is better applied to claimants who have had significant time to craft their claims. Applying the same principle to defendants unfairly places on them too substantial a burden too early in the litigation process."  *LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387 (D. Md. 2014).

Relators state that because this Court partially unsealed the First Amended Complaint in December 2016, SAL "had ample time to investigate and discover facts." [D.E. 184-1] at 2. Relators imply that the United States Department of Justice shared the First Amended Complaint with SAL at that time. *Id.* at 1-2. There is no indication that any such communication between SAL and the Department of Justice ever occurred or that SAL was furnished with the First Amended Complaint in that timeframe. As stated in SAL's Answer, SAL was dissolved in 2012. *See* SAL Answer [D.E. 175] at 70. Upon information and belief, in October 2018 relators contacted SAL's former counsel to inquire about accepting service of the Amended Complaint. Relators do not claim to have effectuated service before March 2019. Undersigned counsel were only retained in this case during mid-September 2019. An assertion that SAL's access to information regarding this case equals or even approaches relators' at this stage is wholly unfounded.

For the foregoing reasons, based on the language of Rule 8(a) as compared with Rules 8(b) and 8(c), as well as the applicable policy and practical considerations, the heightened pleading standard for claims for relief that was articulated in *Twombly* and *Iqbal* should not be extended to affirmative defenses. The proper legal standard for assessing the sufficiency of affirmative defenses, as set forth by the Fourth Circuit, is whether "it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (per curiam) (unpublished); *see also Henderson*, 2019 WL 4148172, at *4 (rejecting heightened pleading standard for affirmative

defenses and applying fair notice test as articulated in *Clem*).  SAL's affirmative

defenses meet that standard.

## II.   Relators have failed to show they are entitled to the drastic remedy of striking SAL's affirmative defenses under Rule 12(f).

### a. Relators have not demonstrated a risk of confusion or shown unfair prejudice.

In reviewing a motion to strike, courts view "the pleading under attack in a

light most favorable to the pleader." *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228,

232 (E.D.N.C. 2010).  The defenses must be considered in the context of the notice

provided by the other pleadings in the case.  *See Warren v. Tri Tech Labs., Inc.*, No.

6:12-CV-00046, 2013 WL 2111669, at *7 (W.D. Va. May 15, 2013) (unpublished).

Relators are only entitled to have SAL's affirmative defenses stricken if relators can

demonstrate that they would be prejudiced by the defenses' inclusion in SAL's

Answer.  *See Baron*, 223 F. Supp. 3d at 444.  Relators raise two bases for their claimed

prejudice:  a lack of notice regarding the defenses and additional discovery related to

the defenses.

Reviewed in the context of the facts pleaded in the Amended Complaint, SAL's

Answer, and the filings regarding Defendants' Motions to Dismiss, relators have

received adequate notice of SAL's affirmative defenses.  In their memorandum,

relators claim that they will be "forced to guess or conduct unnecessarily burdensome

discovery as to the purported bases for SAL's asserted defenses."  [D.E. 184-1] at 1.

They provide no other information about how the assertion of SAL's affirmative

defenses would prejudice them during this litigation.  Relators' claimed

8

incomprehension of SAL's defenses is belied by their own Memorandum, which relates and discusses the asserted defenses to the Amended Complaint in detail.

With respect to the expenditure of discovery resources on confronting SAL's defenses, relators also fail to demonstrate prejudice. If any of SAL's defenses are baseless, "there will be nothing . . . to discover or litigate." *Sprint Nextel Corp. v. Simple Cell, Inc.*, No. CIV. CCB-13-617, 2013 WL 3776933, at *9 (D. Md. July 17, 2013) (unpublished) (denying motion to strike defenses). Even baseless defenses "have little impact on the litigation going forward." *Id.* By contrast, if defendants ultimately can substantiate their defenses, granting the Motion to Strike at this stage and then granting leave to amend the Answer "will only delay the inevitable litigation of the merits." *Id.* In short, relators have failed to demonstrate how the articulation of SAL's defenses prejudices them.

Although relators have failed to demonstrate that the asserted affirmative defenses will prejudice them, SAL risked prejudice to its case if it had failed to raise them. It is well-established that "failure to raise an affirmative defense in the appropriate pleading results in the loss of that defense." *RCSH Operations, L.L.C. v. Third Crystal Park Assoc. L.P.,* 115 F. App'x 621, 629 (4th Cir. 2004) (per curiam) (unpublished) (citations omitted). Rule 12(b) requires that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading." Fed. R. Civ. P. 12(b). Rule 12(h) goes on to provide that certain defenses are waived by failing to include them in the responsive pleading. Fed. R. Civ. P. 12(h). Had SAL failed to include its affirmative defenses in its Answer—*all* of which relators challenge—a

later attempt to amend the Answer to add them would have been subject to relators' challenge for not asserting them earlier.  SAL's assertion of its affirmative defenses complied with Rule 12 and properly provided timely notice to relators of the existence of these defenses.

> **b.  SAL has adequately pleaded the challenged affirmative defenses.**

SAL asserted thirteen affirmative defenses in its Answer.  *See* [D.E. 175] at 69-73.  Relators have moved to strike every defense.  Even if considered under the *Twombly/Iqbal* pleading standard, the defenses are adequately pleaded, do not prejudice relators, and provide proper notice to relators when considered in the context of all of the pleadings to this point.

> **i.  Rule 8 Does Not Require Affirmative Defenses to Include "New" Information**

Relators claim that a number of SAL's affirmative defenses should be stricken because they do not reveal anything "new."  The case that relators cite for this proposition, *Emergency One, Inc. v. American Fire Eagle Engine Co.*, 332 F.3d 264 (4th Cir. 2003), analyzed whether a defendant had waived a potential affirmative defense through failure to raise it—not whether an asserted affirmative defense should be stricken.  In other words, the issue with "newness" in that case was a *notice* problem, not an adequacy of pleading problem.  When read in context, the language in *Emergency One* does not stand for the proposition for which relators cite to it.  Rule 8 does not require "newness" in an affirmative defense.

Contrary to relators' argument, the precise definition of what constitutes an affirmative defense does not control whether these assertions should be stricken.

Courts look past labels in pleadings when appropriate, consistent with Rule 8(e)'s mandate that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). If what is labelled as an affirmative defense could more properly be read as a denial, courts simply treat it as a denial. As Wright and Miller note, "[A]s long as the pleading clearly indicates the allegations in the complaint that are intended to be placed in issue, the improper designation should not operate to prejudice the pleader." A. Charles Alan Wright & Arthur R. Miller, 5 Fed. Prac. & Proc. Civ. § 1269 (3d ed.). "[A]ll the federal pleading rules require" is that "the plaintiff has been given 'plain notice' of the matters to be litigated." *Id.* As set forth below, SAL's affirmative defenses provide the requisite notice and are adequately stated.

### ii. *Failure to State a Claim Upon Which Relief Can Be Granted*

SAL's first affirmative defense is that relators have failed to state a claim upon which relief can be granted as to SAL. Relators correctly note that this Court has already adjudicated SAL's Motion to Dismiss pursuant to Rule 12(b)(6). Accordingly, relators cannot claim that they are prejudiced or did not receive notice of the basis for this defense, as it has been thoroughly briefed. Additionally, the Court granted in part and denied in part this Motion. SAL also has a pending Motion for Clarification regarding the scope and extent of the Court's Order on its Motion to Dismiss. *See* [D.E. 157]. This defense was properly asserted and preserved. Its lack of prejudice to relators is demonstrated by the text of Rule 8, which explicitly allows general denials in responsive pleadings, including those based on jurisdictional grounds. *See* Fed. R. Civ. P. 8(b)(3).

### iii.    Failure to Plead Fraud with Particularity

SAL's second affirmative defense is that relators have failed to plead fraud with particularity as to SAL.  For the same reasons as set forth with respect to SAL's first affirmative defense, this defense has been thoroughly briefed, relators are on notice of the basis for this defense, and relators are not unduly prejudiced by its existence in the Answer.  This defense was also properly asserted and preserved.

### iv.    Statutory Limitations on Claims Against Dissolved LLC

SAL's third and fourth affirmative defenses address limitations of claims against dissolved limited liability companies under Alaska law.  In these defenses, SAL identifies the applicable Alaska statutes.  As set forth in these statutes, the operation of the time-bar and damages bar—including the bar date—is fact-specific inquiry.  SAL is entitled to explore whether those facts exist through the discovery process in this case.  The affirmative defenses properly notice relators that this will be an issue; if the defenses are substantiated, relators experience only "the prejudice that litigants faced with meritorious affirmative defenses invariably incur." *Lockheed Martin*, 973 F. Supp. 2d at 596.

Relators correctly note that if relators' claims are time-barred under Alaska law, this Court would lack subject-matter jurisdiction.  Fortunately, Rule 12 specifically provides that lack of subject-matter jurisdiction is a defense warranting dismissal if shown at any time during the course of litigation.  Fed. R. Civ. P. 12(h)(3).  SAL's affirmative defenses properly notice relators of this potential issue, should the time-bar later be established in discovery.

### v. Public Disclosure Bar

SAL's fifth affirmative defense is that relators' claims are barred by public disclosure of the basis for their claims. SAL (like other defendants) briefed this issue in its Motion to Dismiss, and the Court thoroughly addressed it in its Order on that motion [D.E. 145]. Accordingly, relators are on notice of the contents of SAL's defense and are not prejudiced by its inclusion.

The public disclosure bar issue has not been resolved fully in this case. In its Order on the motions to dismiss, the Court found that although public disclosure of the alleged fraud had occurred, the relators alleged sufficient facts, when considered true for purposes of a motion to dismiss, to sufficiently allege that they were original sources. It remains to be seen whether these allegations will be substantiated through discovery, or if the evidence will reveal that the relators were not original sources of these claims. The public disclosure defense is not properly resolved before discovery on a motion to strike.

### vi. Good Faith Performance of Contract and the United States' Knowledge, Estoppel, Ratification, and Waiver

SAL's sixth, seventh, eighth, ninth, and tenth affirmative defenses arise from the United States' knowledge of and approval of the subcontracting relationship between SAL and co-defendant Global Linguist Solutions, LLC ("GLS"). As the Court noted, relators' FCA claims are grounded in two theories: (1) that the subcontractors (including SAL) were not true employers and (2) that GLS falsely represented to the government that it was in compliance with the TVPRA and Kuwaiti labor and immigration laws. *See* [D.E. 145] at 13-14.

With respect to the first theory, SAL's alleged liability would arise from its failure to perform sufficient services as a subcontractor. However, there was a written teaming agreement which articulated the proposed subcontract relationship between SAL and GLS, which was approved by the Government. The teaming agreement led to a subcontract that set forth SAL's duties and responsibilities as a subcontractor. The subcontract was provided to the government and the government approved it. If SAL can demonstrate that it performed under the subcontract that the government approved, that is an appropriate defense to relators' theory of liability as pertains to the False Claims Act and any other theories.

The affirmative defenses SAL asserts related to this subcontracting relationship and provide adequate notice to relators that this will be an issue. Relators illustrate that they are sufficiently noticed in their own argument. Relators argue that they have "insufficient information about who in the government allegedly engaged in these claim-defeating actions, what authority such person(s) had with respect to binding the United States, when the government allegedly learned-of [sic] and consented-to [sic] the statutory violations of which Relators complain, or how the government communicated its consent/waiver to these statutory violations." Relators helpfully identify that these are among the issues the parties are entitled to explore during discovery, which also confirms they have complete notice about SAL's affirmative defenses. Indeed, relators brought this action on behalf of the United States and can reasonably be expected to already possess or easily to secure from the

government the responses to the very questions they pose. Relators will not be prejudiced by not striking these defenses.

### vii.    Lack of Damages

SAL's eleventh affirmative defense is that the United States suffered no actual injury or damages. The only basis for relators' assertion that this defense should be stricken is because it restates that relators have the burden of proving damages. SAL is entitled to assert its defenses under Rule 8, particularly one going to an element of a False Claims Act case. The fact that relators' burden already is known to them is not a basis to strike the defense.

### viii.    Collateral Estoppel

SAL's twelfth affirmative defense is that relators are precluded from relitigating issues already determined in prior litigation between SAL and co-defendant GLS. In this defense, SAL specifically identifies the previous lawsuit and the pertinent issue that has already been litigated: SAL's performance under the Subcontract Agreement from December 2007 to June 2012.

This defense properly notices relators regarding the existence of the prior litigation and the key determinations that the court made in that case. Relators do not even attempt to argue that this defense meets any legal standard for a motion to strike; instead, they attack the merits of this defense. Resolving the merits of this defense on a motion to strike is premature and improper. SAL is entitled to an opportunity to establish its entitlement to a collateral estoppel defense.

15

### ix.   *Relators' Contractual Waiver*

SAL's thirteenth and final affirmative defense is that relators executed an employment agreement that acknowledged the potentially difficult and life-threatening conditions in a war zone and waived their right to claims against SAL arising from these conditions.  Obviously, what happened to relators will be an issue for discovery in this case.  The evidence regarding their experiences and whether it falls within this contractual waiver are issues that will be borne out and which are not properly resolvable on a pre-discovery motion to strike.  This defense does not add any burden to discovery in this matter and provides relators with proper notice of the issue.

There is no doubt relators have proper notice of this defense.  Indeed, rather than analyzing why their motion satisfies the criteria for a motion to strike, in their Memorandum relators argue the merits of this affirmative defense.  A determination of the merits is premature at this point.

Additionally, relators repeatedly conflate GLS's alleged knowledge in this matter with SAL's knowledge.  Liability on the part of GLS does not necessarily equate to liability for SAL.  SAL already has—accurately—pointed out, and the Court agreed in its Opinion on the Motion to Dismiss, that the Amended Complaint does not include any allegations about SAL's knowledge of the relators' experiences in Kuwait.  [D.E. 145] at 43-44; 48-49.  Those allegations all relate to GLS's knowledge.  Again in their Memorandum relators cite to the Court's Opinion on the Motion to Dismiss—which analyzes allegations pertaining to GLS, not SAL.  *See* [D.E. 184-1]

at 8.  Relators cannot simply conflate different defendants without even alleging, much less proving, what was their knowledge.  In any event, none of this merits-related argument does anything to support relators' Motion to Strike; indeed, it reflects thorough notice of and knowledge about the legitimate defense SAL is asserting.

## Conclusion

SAL's affirmative defenses properly provide notice to relators of potential relevant and legitimate defenses to be explored in discovery, do not needlessly expand discovery, and do not unduly prejudice relators in any way.  The pleading standards for claims for relief articulated in *Twombly* and *Iqbal* should not apply to affirmative defenses.  Even assuming they do apply for purposes of argument only, which SAL does not concede, SAL's defenses, standing alone and when read in the context of all of the pleadings in the case to this point, meet that standard.  Relators are on notice as to what SAL has asserted in each of its affirmative defenses and have failed to meet their burden of showing that the "drastic remedy" of striking SAL's affirmative defenses is warranted and their Motion should be denied.

**SHEE ATIKÁ LANGUAGES, LLC**

By: /s/ Michael D. Maloney
Michael D. Maloney, Esq.
(USDC MD Bar No. 11592)
Email:  mmaloney@williamsmullen.com
**Williams Mullen, P.C.**
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
(703) 760-5200 (telephone)
(703) 748-0244 (facsimile)

/s/ Anthony H. Anikeeff
Anthony H. Anikeeff, Esq. (VA Bar # 20338)
(Admitted *pro hac vice*)
Email:  aanikeeffe@williamsmullen.com
**Williams Mullen, P.C.**
8300 Greensboro Drive, Suite 1100
McLean, Virginia 22102
(703) 760-5200 (telephone)
(703) 748-0244 (facsimile)

/s/ Caitlin M. Poe
Caitlin M. Poe, Esq.
(USDC MD Bar No. 811676 – *pro hac vice*)
Email:  cpoe@williamsmullen.com
**Williams Mullen, P.C.**
301 Fayetteville St., Suite 1700
Raleigh, NC 27601
Telephone:  (919) 981-4085
Facsimile:  (919) 981-4300

*Counsel for Shee Atiká Languages, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record this 18th day of November 2019.


:   By: <u>/s/ Caitlin M. Poe</u>
           Caitlin M. Poe


41376547_4