IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. ElGASIM MOHAMED FADLALLA, et al., <br><br> **Plaintiff,** <br><br> v. <br><br> KMS SOLUTIONS, LLC, et al., <br><br> **Defendants.** | Case No. 8:15-cv-01806-PX |

### RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE KMS SOLUTIONS, LLC'S AFFIRMATIVE DEFENSES

Defendant KMS Solutions, LLC ("KMS"), by counsel, hereby opposes Plaintiffs' Motion to Strike its affirmative defenses. ECF 189. Plaintiffs moved to strike all of KMS' affirmative defenses arguing that a heightened standard applies to affirmative defenses and Plaintiffs would be prejudiced by having to expand discovery resources confronting affirmative defenses that it alleges are meritless. Plaintiffs' motion to strike is unconvincing. KMS' affirmative defenses provide Plaintiffs with fair notice of the nature of each defense in accordance with Federal Rule of Civil Procedure 8 and do not needlessly expand the issues to be explored in discovery. Several districts courts within the Fourth Circuit refuse to expand the application of the heightened pleading standards to affirmative defenses based primarily on the textual differences within Rule 8 and concerns for judicial economy. Moreover, Plaintiffs do not allege sufficient prejudice to overcome the Fourth Circuit's disfavor of Motion to Strike under Federal Rule of Civil Procedure 12(f). For these and other reasons discussed in greater detail below, the Court should deny Plaintiff's motion to strike Defendant KMS' affirmative defenses.

1

## I. PROCEDURAL BACKGROUND

On June 19, 2015, Plaintiff filed a Complaint under seal in this matter. ECF 1. On March 25, 2016, Plaintiff filed an Amended Complaint under seal. ECF 9. The allegations in Plaintiffs' Amended Complaint relate to events that occurred from 2009 to 2013. On December 5, 2016, the Court granted a consent motion for a partial lift of the seal. ECF 14. Defendant KMS was served with Plaintiffs' Amended Complaint in November, 2018, more than two years after the complaint was partially unsealed in 2016.

On February 15, 2019, Defendant KMS filed a motion to dismiss for failure to state a claim. ECF 81. The Court granted in part and denied in part the motion to dismiss filed by KMS on September 5, 2019. ECF 146-1. The Court allowed Plaintiffs' False Claims Act claims (Count I and II) to proceed, dismissed Plaintiffs' Reverse False Claim (Count III) against all Defendants, and dismissed Plaintiffs' Trafficking Victims Protection Reauthorization Act claim (Count IV) against Defendants KMS, Thomas/Wright, Inc., and Shee Atika Languages, LLC. ECF 146-1.

On November 4, 2019, KMS filed its Answer and affirmative defenses to the Amended Complaint. ECF 187. Two days later, on November 6, 2019, Plaintiffs filed a Motion to Strike the affirmative defenses asserted by KMS arguing that its affirmative defenses do not provide fair notice of their factual basis and do not meet applicable pleading standards under Federal Rule of Civil Procedure 8. ECF 189, 191.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a "court my strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Nevertheless, the Fourth Circuit has cautioned that "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought

2

by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotations omitted).  As such, "[w]hen viewing a motion to strike, the court must view the pleading under attack in light most favorable to the pleader." *M.T. ex rel. Hayes v. Medley,* No. 14-cv-0424, 2014 WL 1404527, at *1 (D. Md. Apr. 9, 2014) (unpublished).  "[R]ule 12(f) motions will be denied unless the matter under challenge has no possible relation to the controversy and may prejudice the other party." *Id*. at *1.  "Courts generally refrain from striking affirmative defenses in the absence of a showing that, by not doing so, the movant would be unfairly prejudiced." *See Lockheed Martin Corp v. United States*, 973 F. Supp. 2d 591 (D. Md. 2013).  Accordingly, Plaintiffs are therefore only entitled to the "drastic remedy" of a stricken pleading when they can show that any of KMS' affirmative defenses might confuse the issues before the Court and would not, under the facts alleged, constitute a valid defense to the action to this action.  *Id*.

### III. ARGUMENT

**a) The heightened pleading *Twombly/Iqbal* standards should not be applied to affirmative defenses.**

In Plaintiffs' motion to strike, Plaintiffs argue that the heightened pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (hereinafter "*Iqbal*") and *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) (hereinafter "*Twombly*") apply to affirmative defenses under Rule 8(a).  Neither the Fourth Circuit nor the Supreme Court have held that the *Twombly/Iqbal* heightened pleading standards apply to affirmative defenses.  Recently, district courts within the Fourth Circuit have examined the issue and have expressly rejected the application of the *Twombly/Iqbal* heightened standards to affirmative defenses.  *See Henderson v. Gen. Revenue Corp.*, No. 7:17-cv-00292. 2019 WL 4148172, at *3 (W.D. Va. Aug. 30, 2019) (finding that "the trend . . . in recent years has been not to apply the *Twombly/Iqbal* standard to affirmative defenses") (unpublished); *Davis v.

*Toyota Motor Credit Corp.*, 251 F. Supp. 3d 925 (D. Md. 2017) (declining to apply *Twombly*/*Iqbal* to affirmative defenses); *Baron v. Directv, LLC*, 233 F. Supp. 3d 441 (D. Md. 2017) (holding that provider was not required to plead its affirmative defenses according to *Twombly*/*Iqbal* plausibility pleading standards); *Hand Held Prods. v. Code Corp.*, No. 2:17-cv-00167, 2017 WL 2537235 at *6 (D.S.C. June 9, 2017) (finding that "*Twombly* and *Iqbal* do not provide the pleading standard applicable to affirmative defenses"); *Advanced Pain Mgmt. Servs. LLC v. Wadhwa*, No. MGJ-12-3579, 2014 WL 253401 at *1 (D. Md. Jan. 22, 2014) (declining to apply *Twombly*/*Iqbal* to affirmative defenses).

These district courts have decided against the application of the *Twombly*/*Iqbal* heightened standards to affirmative defenses due to textual differences between Rules 8(a) and 8(b) and the language of the *Twombly*/*Iqbal* decisions. For example, in *Commerce and Industry Insur. Co.* v. *WMSS Solutions, LLC*, No. TDC-14-1182, 2015 WL 6531585, at *2 (D. Md. Oct. 27, 2015), the court found that the basis for application of the *Twombly*/*Iqbal* standard for affirmative defenses was not compelling, and that it was "not inclined to hold affirmative defenses to that standard in the absence of 4th Circuit guidance to do so." *Id*. at *2. The court also noted that Rule 8(a) differs from the language in 8(b), which only requires that an answer state in short and plain terms its defenses to each claim asserted against it. Furthermore, the court noted that striking all or a portion of the pleading is such a "drastic remedy" that plaintiff must demonstrate that they will be prejudiced if the defense is not stricken to succeed on a motion to strike defenses.

Another reason for declining the application of the *Twombly*/*Iqbal* heightened standards to affirmative defenses is based upon policy considerations. In *Lockheed Martin Corp. v. USA*, 973 F. Supp. 2d 591 (D. Md. 2013), this district court refused to apply *Twombly*/*Iqbal* heightened standards to affirmative defenses. In *Lockheed*, Judge Alexander Williams specifically found that

4

based on the language in Rule 8, that he was unpersuaded that the heightened standard would apply to affirmative defenses. Indeed, the court also considered policy considerations and found that based on the fact that defendant usually have considerably less time to develop affirmative defenses than plaintiff's do to investigate their claims, that the heightened plausibility standard should not apply to affirmative defenses. *Id*. at 594.

On the other hand, courts that have applied the *Twombly*/*Iqbal* heightened standards to affirmative defenses found that (1) it would be inequitable to hold plaintiffs to a higher pleading standard than a defendant; (2) applying the heightened standard would serve judicial economy. However, neither reasoning is persuasive in light of the textual language contained in Rule 8(a), (b), and (c). The pleading standards for affirmative defenses differ from the plausibility standards articulated in *Twombly*/*Iqbal* for complaints. The purpose of affirmative defenses under Rule 8(c) "is simply to guarantee that the opposing party has *notice* of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *See Henderson,* 2019 WL 4148172, at *3. Affirmative defenses as opposed to complaints "do not invoke the jurisdiction of the court and, at least technically, do not expose plaintiffs to liability . . . [t]herefore, judicial economy and equity depend on screening complaints more than they do on screening affirmative defenses." *Lockheed Martin Corp*., 973 F. Supp. 2d at 595 (internal citations omitted).

In addition, "unlike plaintiffs, defendant[s] do not have the luxury of pre-filing investigation . . . [r]equiring factual pleading of affirmative defenses is likely to accomplish nothing more than encouraging a flurry of motions to strike affirmative defenses." *See Henderson,* 2019 WL 4148172, at *4; *see also Lockheed Martin Corp.*, 973 F. Supp. 2d at 594 (finding the "defendants ordinarily have much shorter time to determine and plead affirmative defenses in their answers then plaintiffs have to develop facts that should be pled to support their complaint"). In

this case, Plaintiffs had an extensive amount of time to develop the allegations against Defendants. Plaintiffs filed their first complaint under seal on June 19, 2015, and filed an amended complaint under seal on March 25, 2016. Notwithstanding Plaintiffs' allegation to the contrary, there were no communications between KMS and the Department of Justice and KMS was not furnished with the First Amended Complaint until November 2018. Accordingly, the court should not hold KMS to a higher pleading standard than Plaintiffs in this case. *See LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387 (D. Md. 2014) ("Rule 8(a)'s more demanding principle is better applied to claimants who have had significant time to craft their claims. Applying the same principle to defendants unfairly places on them too substantial burden too early in the litigation process").

For the reasons set forth above, the Court should decline to apply the *Twombly*/*Iqbal* heightened standards to KMS affirmative defenses. As the Fourth Circuit explained, "an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defenses." *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (internal citations omitted). KMS has provided fair notice of its affirmative defenses and has met the Fourth Circuit standard.

### b) Plaintiffs have not demonstrated any prejudice from KMS' affirmative defenses.

Plaintiffs have not shown any prejudice caused by KMS' affirmative defenses. None of the affirmative defenses will require excess discovery or cause delay. A review of the facts and procedural history discloses that the affirmative defenses pled are proper and appropriate. Plaintiffs are well aware of the issues regarding the affirmative defenses, many of which were raised already in KMS' motion to dismiss in this case before the subject Answer was filed. Plaintiffs' assertion that KMS' "boilerplate affirmative defense do not provide fair notice of the

factual basis for the claimed defenses" and that it will force Plaintiffs to "conduct unnecessarily burdensome discovery" is without merit. ECF 189-1 at 1. Plaintiffs fail to demonstrate how any of KMS affirmative defenses allegedly fail to provide fair notice. As discussed above, the Fourth Circuit only requires that affirmative defenses provide "[p]laintiff fair notice of the nature of the defenses." *See Clem v. Corbeau*, 98 F. App'x at 203. Maintaining KMS' affirmative defenses would in no way create unnecessary burdens in discovery or surprise Plaintiffs in any way. There are remedies under Rule 26(b)(2) and 26(c) to ensure discovery remains narrowly tailored. Plaintiffs therefore have not demonstrated that they will be prejudiced if these affirmative defenses are not stricken. *See Haley Paint Co. v. E.I. DuPont De Nemours and Co.*, 279 F.R.D. 331, 337 (D. Md. 2012) (denying motion to strike because "[p]laintiffs have articulated no prejudice that would result from a denial of their motion").

    **c) KMS' affirmative defenses were filed in accordance with Rule 8 and should not be stricken.**

KMS asserted 11 affirmative defenses in its Answer. ECF 187. Plaintiffs have moved to strike all KMS affirmative defenses as either irrelevant, meritless, and unsupported by the facts of this case. ECF 189-1. A review of each of the affirmative defenses discloses that they do not need to be stricken at this time, and they were pled in good faith at the time the answer was filed.

    **i) First Affirmative Defense – Failure to State a Claim Upon Which Relief Can be Granted**

KMS' first affirmative defense is that Plaintiffs have failed to state a claim upon which relief can be granted. ECF 187 at 204. Plaintiffs claim that that the Court has ruled on this issue in KMS' motion to dismiss and that this affirmative defense does not reveal "anything new." ECF 189-1 at 4. Plaintiffs overlook the fact that Rule 12 expressly permits a party to raise the defense of failure to state a claim in any responsive pleading, as well as when moving for judgment on the

pleading and at trial.  KMS seeks to properly assert and preserve its rights.  In addition, Plaintiffs apply a "new" standard that is not in accordance the requirements for affirmative defenses under Rule 8.

### ii) Second Affirmative Defense – Failure to Plead Fraud with Particularity

KMS' second affirmative defense is that Plaintiffs failed to plead fraud with particularity. ECF 187 at 204-05.  Plaintiffs again that the Court has ruled on this issue and that this affirmative defense does not reveal "anything new." ECF 189-1 at 4.  KMS properly asserted this affirmative defense and seeks to preserve its rights.  Contrary to Plaintiffs' assertions, Rule 8 does not establish a rule that a defendant must plead "new facts" in an affirmative defense to survive a motion to strike.

### iii) Third Affirmative Defense – Relators' Claims Are Barred by the Public Disclosure Bar

KMS' third affirmative defense is that Plaintiffs' claims are barred by the Public Disclosure Bar. ECF 187 at 205. Plaintiffs claim that the Court has ruled on this issue and therefore this affirmative defense is moot.  ECF 189-1 at 5. KMS includes this affirmative defense as a reservation of right in the event additional facts become known with respect to whether Plaintiffs are the original sources of these claims during the course of discovery.

### iv) Fourth, Fifth, Sixth, Seventh, and Eighth Affirmative Defenses – Relate to Good Faith Performance of the Contract and the United States' Knowledge, Estoppel, Ratification, and Waiver

KMS' fourth, fifth, sixth, seventh, and eighth affirmative defenses arise from the United States' approval of the subcontracting relationship between KMS and co-defendant GLS.  ECF 187 at 205-07.  Plaintiffs claim that these affirmative defenses are irrelevant as to whether KMS violated the False Claims Act or the TVPRA. ECF 189-1 at 5-6.  As the Court is aware, the Court

dismissed Plaintiffs' TVPRA claims against KMS. ECF 146-1. In light of Plaintiffs' allegations that KMS failed to perform services as subcontractor, any approval by the United States would demonstrate that it performed under the subcontract and therefore would be an adequate defense to False Claims Act liability. For this reason, this affirmative defense should not be stricken.

### v) Ninth Affirmative Defense – Lack of Damages

KMS' ninth affirmative defenses relates to the United States suffering no actual injury or damages under the subcontract agreement with GLS. Plaintiffs claim that this affirmative defense does not reveal "anything new." ECF 189-1 at 7. Plaintiffs bear the burden of proving damages. Plaintiffs suffered no prejudice from this affirmative defense as Plaintiffs are well aware of their burden of proof. Moreover, Rule 8 does not establish that a defendant must plead "new facts" in an affirmative defense to survive a motion to strike.

### vi) Tenth Affirmative Defense – Employment Contract Waiver

KMS' tenth affirmative defense relates to KMS' standard employment contract, which disclosed work conditions in a war zone and waiver of these claims against KMS stemming from those work conditions. ECF 187-1 at 207. KMS includes this affirmative defense as a reservation of right in the event additional facts become known during the course of discovery surrounding Plaintiffs' working conditions. Plaintiffs argue that assumption of the risk is not a defense to the FCA or TVPRA claims. ECF 189-1 at 7. As the Court is aware, the Court dismissed Plaintiffs' TVPRA claims against KMS. ECF 146-1. With respect to the remaining claims, the terms of the subcontract and employment agreements will certainly be at the heart of discovery, and Plaintiffs has adequate information about those contract to enable it to craft effective discovery requests. Plaintiffs have proper notice of this defense demonstrating that there is a lack of prejudice.

### vii) Eleventh Affirmative Defense – Other Defenses

KMS' eleventh affirmative defense is the ability to assert additional defenses when and if such defenses become known during discovery and through trial in this matter. ECF 187 at 207. Plaintiffs claim that this is a broad affirmative defense and should be stricken. ECF 189-1 at 8. KMS includes this affirmative defense as a reservation of right in the event additional facts become known during the course of discovery. Plaintiffs therefore has not demonstrated that they will be prejudiced if these affirmative defenses are not stricken.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to strike KMS' affirmative defenses should be denied. The pleading standards articulated in *Twombly* and *Iqbal* should not apply to affirmative defenses. Plaintiffs are on notice as to what KMS has asserted in each of its affirmative defenses. Plaintiffs have failed to meet their burden of showing that the "drastic remedy" of striking KMS' affirmative defendants is warranted. Alternatively, KMS respectfully requests the Court for leave to file an Amended Answer.

Respectfully submitted,

KMS Solutions, LLC
By Counsel:
/s/ Philip T. Evans
Philip T. Evans (Bar No. 11796)
Holland & Knight, LLP
800 17th St NW, Suite 1100
Washington, DC 20006
Tel (202)955-3000
Fax: (202) 955-5564
Email: philip.evans@hklaw.com

        Megan M. Jeschke (Bar No. 20950)
Holland & Knight, LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
Tel: (703)-720-8028
Fax: (703)-720-8610
Email: Megan.Jeschke@hklaw.com
Counsel for KMS Solutions, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record this 20th day of November 2019.

By Counsel:

/s/ Philip T. Evans
Philip T. Evans (Bar No. 11796)
Holland & Knight, LLP
800 17th St NW, Suite 1100
Washington, DC 20006
Tel (202)955-3000
Fax: (202) 955-5564
Email: philip.evans@hklaw.com
Counsel for KMS Solutions, LLC

Megan M. Jeschke (Bar No. 20950)
Holland & Knight, LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
Tel: (703)-720-8028
Fax: (703)-720-8610
Email: Megan.Jeschke@hklaw.com
Counsel for KMS Solutions, LLC

#71567615_v2