**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) <br> ELGASIM MOHAMED FADLALLA, *et al.*, ) <br> ) <br> Plaintiff-Relators, ) <br> v. ) <br> ) <br> DYNCORP INTERNATIONAL LLC, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 8:15-cv-01806-PX |

**RELATORS' CONSOLIDATED REPLY TO
THE OPPOSITIONS FILED BY GLS, SAL, KMS,
AND T/WI TO RELATORS' RULE 12(F) MOTIONS TO STRIKE**

Relators submit this consolidated reply to the opposition briefs filed by Thomas/Wright, Inc. ("T/WI") (Doc. 194); Shee Atiká Languages, LLC ("SAL") (Doc. 195); Global Linguist Solutions ("GLS") (Doc. 196); and KMS Solutions, LLC ("KMS") (Doc. 197) to Relators' motions to strike their respective Answers to the First Amended Complaint ("FAC"). GLS, SAL, KMS, and T/WI had well over 2 years to investigate the allegations in the FAC. Their bare-bones, vague Answers do not comply with the Federal Rules and do not provide fair notice of facts that they believe support their defenses.

Rule 1 of the Federal Rules of Civil Procedure states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." In December 2015, Chief Justice Roberts highlighted changes that had been made to the Federal Rules of Civil Procedure – changes that he described as marking a "significant change, for both lawyers and judges, in the future conduct of civil trials." These changes instantiated at the very beginning of the Rules. As Chief Justice Roberts reported:

Rule 1 of the Federal Rules of Civil Procedure has been expanded by a mere eight words, but those are words that judges and practitioners must take to heart. Rule 1 directs that the Federal Rules "should be construed, administered, **and employed by the court and the parties** to secure the just, speedy, and inexpensive determination of every action and proceeding." The underscored words make express the obligation of judges and lawyers to work cooperatively in controlling the expense and time demands of litigation—an obligation given effect in the amendments that follow.

As was true with DynCorp International, LLC's Answer, the Answers filed by GLS, SAL, KMS, and T/WI frustrate the just, speedy, and reasonable cost of resolving this case.

GLS, SAL, KMS, and T/WI all beg off the requirement, consistent with *Iqbal* and *Twombly*, that they provide Relators and the court with plausible facts to support their affirmative defenses. Like DynCorp, GLS, SAL, KMS, and T/WI seek shelter behind case law that sympathizes with the challenges faced by defendants who have only 21 days to formulate a response to a complaint. This rhetorical posture is disingenuous. It ignores the fact that they have all had since approximately December 5, 2016 – more than 1,070 days – since the FAC was revealed to them by DOJ to investigate and gather facts.[1] Moreover, the time available for Defendants to investigate possible affirmative defenses and to plead them with specificity based on their actual knowledge began far earlier. Defendants have argued fervently that this case did not begin on June 19, 2015 (the filing of the original complaint in this action). Rather, in their attempt to invoke the "public disclosure bar," they have argued that this action is actually the same as the action that was filed on September 20, 2013, *Zinnekah v. Global Linguist Solutions*, Case No. 1:13-CV-1185 in the United States District Court for the Eastern District of Virginia. *See*

---

[1] In a preview of the time-delay and expense to come, SAL protests that "Relators imply that, at that time, the government shared the Amended Complaint with SAL. SAL is aware of no evidence that this occurred." Doc. 195, p. 2. Yet, SAL does not need evidence that it was provided a copy of the FAC by DOJ. As the object of the action in question, SAL already *knows* whether or not it was provided a copy of the FAC.

DEFENDANT DYNCORP INTERNATIONAL LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS RELATORS' FIRST AMENDED COMPLAINT, Doc. 83-1, pages 15-17 of 39.[2]  Thus, by Defendants own representations, they have had, not 21-days, not 51-days, not 1,073-days, but 2,221-days to investigate the facts that would give rise to plausible affirmative defenses.  Relators are entitled to more than a stonewalling, boiler-plate Answer.

Relators have not formally moved to strike SAL, KMS, or T/WI's Answers in their entirety; however, good cause exists for the Court to act on its own[3] to require them to roll up their sleeves and provide *real* responses to Relators' 111-page, 593-paragraphs of extremely detailed, date- and fact-specific allegations concerning violations of two highly important statutory regimes in the U.S. Code: the False Claims Act and the Trafficking Victims Protection Reauthorization Act.  It should not go unnoticed that all of these Defendants have made the same factual representations to the Court, *i.e.* slight variants that they lack sufficient knowledge or information sufficient to form even a *belief* in the truth of particular allegations (asserted by GLS approximately

---

[2] KMS adopted the grounds for GLS's motion to dismiss at Doc. 81-1, p. 2.  This adoption and incorporation was made before GLS had filed its motion to dismiss.  For its part, GLS adopted DynCorp's public disclosure argument at Doc. 85-1, p. 15; T/WI at Doc. 100 n.1; and SAL at Doc. 129, n.1.

[3] *See* Fed. R. Civ. P. 12(f)(1); *see also* "This Court will not expend its own time in providing defense counsel with a chapter and verse exposition of the more serious flaws in the present responsive pleading . . . Instead it will be left to defense counsel to take a fresh look at the entirety of the current Answer . . ." *Brown v. Autovest LLC*, 2016 U.S. Dist. LEXIS 197308, *1 (N.D. Ill., 2012) (N.D. Ill., Nov. 16, 2016).

207-times, SAL approximately 498-times,[4] by KMS approximately 172-times,[5] and by KMS approximately 388-times[6]).

Relators' motions to strike do not seek "drastic" remedies.[7]  As the proposed Order makes clear, Relators do not seek to strike Defendants' Answers or Affirmative Defenses with prejudice. Instead, they ask that the Court simply order Defendants to file amended Answers so that Relators have the benefit of understanding what Defendants, six years after the events in question, actually know about the crisis they precipitated in Kuwait.  Far from being dilatory, Relators' motions to strike are designed – consistent with Chief Justice Roberts's imperative – to give effect to Rule 8's obligation to control the time and expense demands of litigation.  GLS's suggestion, Doc.196, p. 12, that "Defendants' affirmative defenses can easily be explored through contention interrogatories to the Defendants and vulnerabilities will be exposed through initial disclosures relating to defenses—not to mention the pleading of defenses is subject to Rule 11" rings hollow. First, it contravenes the message delivered to Congress by Chief Justice Roberts in 2015 (and cites pre- rule change case law).  Second, it ignores the fact that Defendants' assertion of "lack of knowledge or information" is itself subject to the constraints of Rule 11.  GLS and other

---

[4] To be precise, SAL makes no representation that it lacks access to information.  It only claims that it "lacks knowledge."

[5] KMS, perhaps unintentionally, creates a new category for a non-response. One hundred and seventy-two times, it claims that "KMS is without sufficient information or belief to admit or deny the allegations in this paragraph."

[6] Like SAL and KMS, T/WI fashions a variant on the specific representation permitted under the Federal Rules of Civil Procedure.  It repeatedly states that it has "no knowledge or information about" the allegation made by Plaintiffs.

[7] Plaintiffs note GLS's citation of Charles S. Fax, *A Primer on Rule 12(f) Motions to Strike*¸ A.B.A. (Apr. 15, 2016).  Yet, in highlighting the opinion of U.S. District Judge Ellen Hollander in *Blevins v. Piatt*, Civil Action No. ELH-15-1551 (D. Md. Dec. 4, 2015), Mr. Fax counseled that the reader would be well-advised "to review her opinion *closely*." (emphasis added).  It addresses a motion to strike a complaint, not an answer.  And, notwithstanding that a Rule 12(f) motion to strike is disfavored, GLS neglected to report that Judge Hollander partially granted the motion.

Defendants have represented to the Court, *as a matter of fact*, that they lack even access to information that might form even a belief in the truth of Plaintiffs' allegations.  GLS asserts this even though most of Plaintiffs' allegations relate to GLS's own role in the unfolding of events. GLS glibly suggests that expensive and time-consuming discovery would be the better pathway for Plaintiffs and the Court to ascertain what Defendants already know.  Plaintiffs should not be required to conduct discovery into nuisance defenses any more than defendants should be required to proceed to discovery to defend against nuisance claims.  It is these Defendants, not Plaintiffs, who are being dilatory.

Like DynCorp, these Defendants shrug their shoulders when confronted with the insufficiencies of their Answers.  They claim that Plaintiffs have not been harmed by their dilatory tactic.  As has already been noted, that assertion is not true.  The passage of time *itself* is prejudicial. Four years have elapsed since the filing of this action.  One of the Relators, Dr. Ali Al-Taie, died during this four year wait, never having realizing justice.  Plaintiffs-Relators have been unable to conduct discovery during this time.  Yet, Defendants not only have access to their own information regarding Plaintiffs' claims, they have access to their own knowledge and experience of the events. For Defendants to claim that they are entitled to conceal their knowledge of facts behind uninformative pleadings, elongating the truth-finding process, and externalizing to Relators the cost of extracting from Defendants their knowledge does damage to the judicial process.  As then Chief Justice Burger noted in a 1970 address to the American Bar Association:

> A sense of confidence in the courts is essential to maintain the fabric of ordered liberty for a free people and three things could destroy that confidence and do incalculable damage to society: [1] that people come to believe that inefficiency and delay will drain even a just judgment of its value; [2] that people who have long been exploited in the smaller transactions of daily life come to believe that courts cannot vindicate their legal rights from fraud and over-reaching; [3] that people come to believe the law – in the larger sense – cannot fulfill its primary

function to protect them and their families in their homes, at their work, and on the public streets.[8]

Similar reasons motivate the Courts that have applied *Twombly* and *Iqbal* standards to a defendant's answer:

> [T]he considerations of fairness, common sense and litigation efficiency underlying *Twombly* and *Iqbal* strongly suggest that the same heightened pleading standard should also apply to affirmative defenses. With complaints and with defenses, the purpose of pleading requirements is the same. It is to give fair notice to the opposing party that there is some plausible, factual basis for the assertion and not simply to suggest some possibility that it might apply to the case.
> …
> A requirement that an affirmative defense be pleaded in accordance with the *Twombly-Iqbal* standard simply means than that it be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts.
> …
> Moreover, by applying the *Twombly-Iqbal* heightened pleading standard to affirmative defenses, a plaintiff will not be left to the formal discovery process to find-out whether the defense exists and may, instead, use the discovery process for its intended purpose of ascertaining the additional facts which support a well-pleaded claim or defense.

*Palmer v. Oakland Farms, Inc.*, Civil Action No. 5:10cv00029, 2010 U.S. Dist. LEXIS 63265, at *15-16 (W.D. Va. June 24, 2010). *See also Topline Sols., Inc. v. Sandler Sys., Inc.*, Civil Action No. ELH-09-3102, 2017 U.S. Dist. LEXIS 70384, at *102 (D. Md. May 8, 2017) (citing *Palmer* and applying heightened pleading to affirmative defenses); *Alston v. TransUnion*, No. GJH-16-491, 2017 U.S. Dist. LEXIS 17031, at *6-7 (D. Md. Feb. 1, 2017) ("This Court joins with the majority of the judges in this district in holding that the heightened pleading standard of *Iqbal* and *Twombly* applies to affirmative defenses," and stating that defendants **should "plead affirmative defenses with facts within their knowledge at the time their answer is due**, while allowing

---

[8] Burger, "What's Wrong with the Courts: The Chief Justice Speaks Out", U.S. NEWS & WORLD REPORT (vol. 69, No. 8, Aug. 24, 1970) 68, 71 (address to ABA meeting, Aug. 10, 1970).

leave to amend their answer, pursuant to Fed. R. Civ. Proc. 15, if new information is learned during discovery") (emphasis added).

Relators have requested that GLS's Answer be stricken in its entirety.  Though Relators have requested only that SAL, KMS, and T/WI's affirmative defenses be stricken, good cause exists for the Court to strike those Defendants' answers, including their articulation of affirmative defenses, in their entirety as well.  GLS, SAL, KMS, and T/WI should be required to serve amended answers that comply with the Rules and include factual averments with a level of detail commensurate with the amount of time Defendants have had to investigate facts.  Relators and the United States are entitled to meaningful responses to Relators' complaint.

Respectfully submitted,

/s/ Joseph A. Hennessey
Joseph A. Hennessey, Esq.
The Law Office of Joseph Hennessey, LLC
2 Wisconsin Circle, Suite 700
Chevy Chase, Maryland 20815
Telephone: (301) 351-5614
Email: jhennessey@jahlegal.com

/s/ Charles S. Fax
Charles S. Fax
Rifkin Weiner Livingston LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Cell Phone: (410) 274-1453
cfax@rwllaw.com

Liesel J. Schopler
Rifkin Weiner Livingston LLC
225 Duke of Gloucester Street
Annapolis, Maryland 21401
Telephone: (410) 269-5066
lschopler@rwlaw.com

/s/ Timothy Matthews
Timothy Mathews

        Chimicles Schwartz Kriner & Donaldson-Smith LLP
        361 West Lancaster Avenue
        Haverford, Pennsylvania 19041
        Telephone: (610) 642-8500
        TimothyMathews@chimicles.com
        *Admitted Pro Hac Vice*

        Steven A. Schwartz
        Chimicles Schwartz Kriner & Donaldson-Smith LLP
        361 West Lancaster Avenue
        Haverford, Pennsylvania 19041
        Telephone: (610) 645-4720
        steveschwartz@chimicles.com
        *Admitted Pro Hac Vice*