**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* )<br>ELGASIM MOHAMED FADLALLA, *et al.* )<br>)<br>Plaintiffs,  )<br>)<br>v.   )<br>)<br>DYNCORP INTERNATIONAL LLC, *et al.* )<br>)<br>Defendants.  )<br>_____ ) | Case No.: 8:15-cv-01806-PX |

**TIGERSWAN, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant TIGERSWAN, LLC ("**Defendant**" or "**TigerSwan**"), by and through its undersigned counsel, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., hereby files its Answer to the First Amended Complaint of PLAINTIFFS ELGASIM MOHAMED FADLALLA, *et al.* ("**Plaintiffs**"), filed March 25, 2016 (Document No. 9) ("**FAC**" or "**Complaint**").

1. To the extent certain allegations relate to TigerSwan, TigerSwan **admits** the allegations contained in Paragraphs 60, 490, and 491.

2. To the extent certain allegations relate to TigerSwan, TigerSwan **denies** the allegations contained in Paragraphs 8, 10, 13, 14, 15, 57, 58, 85, 86, 87, 88, 94, 95, 96, 97, 98, 99, 100, 103, 105, 107, 108, 110, 111, 112, 113, 114, 115, 116, 117, 118, 120, 121, 122, 123, 124, 125, 126, 129, 130, 132, 133, 166, 167, 168, 170, 171, 173, 177, 307, 308, 309, 311, 489. 492, 493, 494, 495, 496, 497, 498, 499, 500, 501, 502, 522, 523, 525, 526, 527, 528, 530, 531, 535, 536, 537, 538, 539, 540, 542, 543, 544, 545, 546, 547, and Prayer for Relief Paragraphs A, B, C, D, E, F, G, H, I, J, K L, M, N, and O.

3. To the extent certain allegations relate to other defendants, TigerSwan **lacks sufficient information** to admit or deny the allegations contained in Paragraphs 4, 9, 11, 12, 16,

17, 18, 19, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, 59, 85, 89, 90, 91, 92, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 111, 112, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 129, 130, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142,143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225, 226, 227, 228, 229, 230, 231, 232, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 252, 253, 254, 255, 256, 257, 258, 259, 260, 261, 262, 263, 264, 265, 266, 267, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289, 290, 291, 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 303, 304, 305, 306, 309, 310, 312, 313, 314, 315, 316, 317, 318, 319, 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 436, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469, 470, 471, 472, 473, 474, 475, 476, 477, 478, 479, 480, 481, 482, 483, 484, 485, 486, 487, 503, 504, 505, 506, 507, 508, 509, 510, 511, 512, 513, 514, 515, 516, 517, 518, 519, 520, 521, 529, 532, 533, 534, 565,

566, 567, 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 579, 580, 581, 582, 583, 584, 585, 586, 587, 588, 589, 590, 591, 592, 593, and therefore, denies the same on that basis.

4. The allegations contained in Paragraphs 1, 6, 15, 21, 55, 56, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 93, 117, 127, 128, 132, 138, 142, 160, 161, 162, 549, 550, 551, 552, 553, 554, 556, 557, 558, 559, 560, 561, 562, 563, and 564 constitute l**egal conclusions** and are, therefore, denied on that basis by TigerSwan.

5. TigerSwan admits that Global Linguist Solutions ("**GLS**") was the prime contractor on Contract No. W911W4-08-D-0002 ("**Contract 1**") and that TigerSwan was a subcontractor on Contract 1. TigerSwan lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 2, and denies the same on that basis.

6. TigerSwan admits that Contract 1 provided for linguist and security services. TigerSwan lacks sufficient information to admit or deny the entirety of the remaining allegations in Paragraph 3, and denies the same on that basis. Further, the terms and conditions of Contract 1 speak for themselves.

7. Tigerswan admits that certain Plaintiffs worked for TigerSwan and provided services in Iraq pursuant to Contract 1. TigerSwan lacks sufficient information to admit or deny the entirety of the remaining allegations in Paragraph 5, and denies the same on that basis. Further, the terms and conditions of Contract 1 speak for themselves.

8. Certain allegation contained in Paragraph 7 are legal conclusions and are denied on that basis. TigerSwan further lacks sufficient information to admit or deny certain allegations contained in Paragraphs 7, and, therefore, denies the same on that basis. Notwithstanding the above, TigerSwan affirmatively represents that it did not provide any services in Kuwait pursuant to Contract 1 or any other contracts referenced in the First Amended Complaint, and,

therefore, denies all allegations in the First Amended Complaint relating to activities in Kuwait and asserting violations of Kuwaiti laws under any contracts.

9. With regard to the allegations contained in Paragraph 52, TigerSwan denies that it is a North Carolina corporation. TigerSwan admits the remaining allegations contained therein.

10. With regard to the allegations contained in Paragraph 61, TigerSwan admits that Contract 1 was a Cost Plus Award Fee, Indefinite Duration, Indefinite Quantity ("**IDIQ**") contract, but lacks sufficient information to admit or deny the remaining allegations contained therein and, therefore, denies them on that basis.

11. With regard to the allegations contained in Paragraphs 62 through 71, the terms of Contract 1 speak for themselves. TigerSwan otherwise denies these allegations on this basis.

12. With regard to the allegations contained in Paragraph 83, TigerSwan admits that GLS entered into a teaming agreement with TigerSwan and the GLS was awarded Contract 1. TigerSwan lacks sufficient information to admit or deny the remaining allegations contained therein.

13. With regard to the allegations contained in Paragraph 169, TigerSwan admits it was performing all of the functions that it was responsible for performing. TigerSwan lacks sufficient information to admit or deny these allegations relating to other defendants.

14. With regard to Paragraphs 488, 524, 542, and 548, TigerSwan incorporates and repeats its responses as though fully re-stated in response thereto.

15. To the extent not otherwise expressly admitted or denied, Defendant denies any and all liability under all counts and claims contained in Plaintiffs' First Amended Complaint.

## **AFFIRMATIVE DEFENSES**

In connection with its Answer, TigerSwan asserts the following affirmative defenses to

Plaintiffs' First Amended Complaint.  Nothing stated herein is intended or shall be construed as an admission relevant to Plaintiffs' allegations.  Without assuming or admitting that it has the burden of proof and/or the burden of persuasion with respect to any of these matters, TigerSwan asserts the following:

**FIRST DEFENSE**

The First Amended Complaint fails to state a claim upon which relief can be granted. This includes, but is not limited to, Plaintiffs failing to identify facts meeting the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure, such as, *inter alia*, Plaintiffs' improper reliance on "upon information and belief" and failure to allege specific facts establishing the relevant legal or contractual requirements, describe the fraudulent conduct and statements, or identify specific false claims for payment.

**SECOND DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations including under the False Claims Act, 31 U.S.C. § 3731.

**THIRD DEFENSE**

Plaintiffs' claims are barred by their own negligence, contributory negligence, and/or comparative fault.

**FOURTH DEFENSE**

Plaintiffs' damages are barred in full or part by failure to mitigate damages.

**FIFTH DEFENSE**

Plaintiffs' claims are barred by the lack of sufficient notice.

**SIXTH DEFENSE**

Plaintiffs' claims are barred by the doctrines of unclean hands and failure to join an

indispensable party.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by their own breaches.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel and waiver.

## NINTH DEFENSE

Plaintiffs' claims are barred by the doctrines of justification and national security.

## TENTH DEFENSE

Plaintiffs' claims are barred by assumption of the risk.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by lack of causal connection.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by third-party conduct.

## THIRTEENTH DEFENSE

Plaintiffs fail to plead a false claim as they do not plead facts showing any false or fraudulent statements. Specifically, Plaintiffs fail to make a fraudulent inducement claim because they do not identify facts that prove TigerSwan procured the Contracts by fraud or knowingly induced the Government into either Contract. Plaintiffs fail to make a false certification claim because they do not identify any false certification by TigerSwan or identify facts of that certification. Plaintiffs fail to make an implied false certification claim where they have not identified facts proving what TigerSwan implicitly certified, that TigerSwan was not in compliance with that certification, that such noncompliance was not disclosed, or any particular request for payment. Plaintiffs fail to make an actual false submission claim where they do not identify any false claims for payment or identify facts proving any particular claim for payment.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because and to the extent that TigerSwan never knowingly made, used, or caused to be made or used a false record or statement material to a false or fraudulent claim.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because and to the extent that they fail to identify a breach of a <u>material</u> term of any Contract. Plaintiffs fail to identify, for any purportedly false statement, that it concerns a material requirement within the meaning of 31 U.S.C. § 3729 and *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989 (2016).

## SIXTEENTH DEFENSE

Plaintiffs fail to make a claim based on a violation of Contract 1 or Contract 2, because they have not identified facts showing TigerSwan failed to perform under the Contracts.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because and to the extent that they failed to identify facts showing TigerSwan acted with the requisite scienter in making any alleged statements, representations, or omissions. Plaintiffs' claims are barred, in whole or in part, because and to the extent that Plaintiffs have not offered facts showing the alleged statements, representations, or omissions by TigerSwan were knowing and intentional.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the False Claims Act's public disclosure bar pursuant to 31 U.S.C. § 3730(e)(4). This includes, but is not limited to, the fact that the information on which Plaintiffs base their claims was previously publicly disclosed during

a Congressional hearing, in previous litigation, and in public news sources. Plaintiffs are not original sources for purposes of the public disclosure bar, including but not limited to the fact that Plaintiffs fail to plead facts that materially add to publicly disclosed information. Further, the United States had actual or constructive knowledge of the facts underlying Plaintiffs' allegations.

## NINETEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because and to the extent that TigerSwan did not restrain Plaintiffs' freedom of movement. Plaintiffs' claims are barred, in whole or in part, because and to the extent that TigerSwan did not directly, unconditionally, or continuously control Plaintiffs' passports. Insofar as Plaintiffs' passports were allegedly without consent, TigerSwan had nothing to do with such actions.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because and to the extent that Plaintiffs expressly and/or impliedly assumed the risk of the allegations described in the First Amended Complaint. Plaintiffs are barred from recovering any alleged damages because they have not sustained any injury or damages as a result of any actions allegedly taken by TigerSwan. Plaintiffs were well compensated for their time consistent with the terms of their employment with TigerSwan or certain other Defendants.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because and to the extent that their alleged damages are speculative.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, because the United States ratified, or otherwise consented to, the transactions and occurrences that are the subject of this action.

**TWENTY-THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because of intervening or superseding causes of the alleged loss or harm to Plaintiffs, including, but not limited to, actions taken by AlShora that impacted Plaintiffs' visas, status, and other employment conditions.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' claims related to injuries or other tortious conduct, whether intentional or negligent, that occurred overseas under Contract 1 or Contract 2 are exclusively remediable under the Defense Base Act, 42 U.S.C. § 1651, *et seq*.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims alleging violations of Kuwaiti law are barred, in whole or in part, because of and to the extent that the Defense Cooperation Agreement Status of Forces Agreement, signed by both the United States and Kuwait, provides that United States law applies to United States forces in Kuwait, including civilian contractors.

**TWENTY-SIXTH DEFENSE**

Plaintiffs' claims are barred by accord and satisfaction, arbitration and award, estoppel, and/or res judicata, because and to the extent that the claims have previously been resolved.

**TWENTY-SEVENTH DEFENSE**

Plaintiffs' claims may be barred by discharge in bankruptcy, fraud, illegality, unclean hands, laches, payment, release, ratification, acquiescence, and/or waiver.

TigerSwan further adopts and incorporates all defenses asserted by any other party to the extent applicable and not already asserted herein. TigerSwan's investigation of the allegations asserted in the First Amended Complaint is ongoing and TigerSwan reserves the right to raise

any additional defenses, counter-claims, and third-party claims not asserted herein of which TigerSwan may become aware through discovery or other investigation.

WHEREFORE, having answered Plaintiffs' First Amended Complaint in full, TigerSwan respectfully requests this Court dismiss Plaintiffs' First Amended Complaint with prejudice and award TigerSwan its attorneys' and experts' fees and litigation costs pursuant to 31 U.S.C. § 3730 and 24 U.S.C. § 2412, with pre-judgment and post-judgment interest, as provided by law, and for such other and further proper relief, general, special, legal, and/or equitable, to which TigerSwan may be entitled and this Honorable Court deems just and proper.

    Respectfully submitted,

    SHULMAN, ROGERS, GANDAL,
      PORDY & ECKER, P.A.

    /s/
    Glenn C. Etelson, Bar No. 06760
    12505 Park Potomac Avenue
    Sixth Floor
    Potomac, MD  20854
    (301) 231-0956
    (301) 230-2891
    getelson@shulmanrogers.com

    Lane Hornfeck, Bar No. 20549
    12505 Park Potomac Avenue
    Sixth Floor
    Potomac, MD  20854
    (301) 945-9276
    (301) 230-2891
    lhornfeck@shulmanrogers.com

    ATTORNEYS FOR DEFENDANT
    TIGERSWAN, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that, on this 5th day of March 2020, the foregoing was served on all counsel of record via the Court's electronic filing system.

                                              /s/
                                      Lane Hornfeck

43447013_1