### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ELGASIM MOHAMED FADLALLA, *et al.,* <br><br>                              Plaintiffs, <br><br> v. <br><br> DYNCORP INTERNATIONAL LLC, *et al.,* <br><br>                              Defendants. | Case No.  8:15-cv-01806-PX |

### STIPULATED PROTECTIVE ORDER
### REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

WHEREAS the Parties (Defendants DynCorp International LLC, Global Linguist Solutions, LLC, Shee Atiká Languages, LLC, TigerSwan LLC, Thomas Wright, Inc., and KMS Solutions, LLC [collectively "Defendants"] and Relators/Plaintiffs Elgasim Mohamed Fadlalla, Ramzi Zinnekah, Maher Al-Masri, Majdi Abdulghani, Sadiq Al-Saidi, Haidar Al-Saidi, Sinan Marrogy, Neil Magi, Faycal Maroufi, Kidar Mohammad Al-Safar, Mahmoud Ali Luttfi, Nimna L. Jayasinghe Mudalige, Navdeep Kaur Tucker, Waiel Samy Mansour, Samah Fikri, Hamid Skili, Saad Kabbaj, Nada Malek, Louai Salim, Antonio Antar, Akhtar Hayat, Haider Al-Nakash, Parcham Khoshaba Mikhaiel, Edward Youkhana, Dr. Ali Al-Taie, Ali Elsebaey, Noureldin Muhsen, Maryan Mure, and Tebyan Al Nawasreh [collectively "Plaintiffs"]) have stipulated that certain discovery material be treated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY";

Accordingly, it is this 11th day of _____May_____, 2020, by the United States

District Court for the District of Maryland, ORDERED:

**1. Designation of Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."** All documents and materials produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order, as set forth below:

**(a) (i)** Any Party or person who produces or otherwise provides materials or information in this case may designate such information or material, or a portion thereof, as "CONFIDENTIAL" where the Party or person has a good faith belief that the materials so designated contain sensitive personal information, trade secrets or other confidential research, development, or commercial information which is confidential.

**(ii)** The designation of "CONFIDENTIAL" materials and information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL."

**(b) (i)** Any Party or person who produces or otherwise provides materials or information in this case may designate such information or material, or a portion thereof, as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" where the Party or person has a good faith belief that the materials so designated contain non-public sensitive personal, confidential, or proprietary information that if disclosed or disseminated to, or used by, certain entities could result in personal, financial, or business harm to the designating Party or implicate issues of national security. In more detail, such "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" materials may include financial, strategic, or other commercially-sensitive information that the designating

Party views as highly confidential in its business and the disclosure of which would cause significant commercial or economic harm, loss, or disadvantage (such as customer lists, pricing data, or documents revealing competitive business data); information regarding third parties that would result in personal harm, loss, embarrassment, annoyance, oppression, or harassment of such third parties; or confidential or sensitive information that the designating Party is obligated to maintain as highly confidential by the U.S. Government, including but not limited to, controlled unclassified information (CUI), sensitive but unclassified (SBU), or For Official Use Only (FOUO).  Information or materials should only be designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" where the designating Party has a good faith belief that disclosure of the designated information or materials would cause significant and specific harm, and as such, should be used sparingly.

(ii) The designation of "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" materials and information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the words "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

(c)  A Party shall not routinely designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" or make such designations without reasonable inquiry to determine whether it qualifies for such designation.

(d)  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, the designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

(e)  All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" under this Order, or any portion thereof, shall be immediately affixed with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEY'S EYES ONLY" as appropriate if those words do not already appear.

(f)  In the event that documents are made available for inspection at the Party's facilities, such documents may be made available for inspection before being marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY." Once specific documents have been designated for copying, any documents containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information will then be marked accordingly after copying, but before delivery to the Party or Parties who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" documents before they are copied and marked pursuant to this procedure.

(g)  Portions of any deposition may be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" if they are designated as such at the time of the testimony or in a written notice served on all Parties within fourteen (14) business days after receipt by the designating Party of the final transcript of the deposition.  Any testimony which describes a document that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" as described in this Order shall also be deemed to have been given the same confidentiality

designation.

(h) For information produced in a form other than documentary, including the production of electronic files in a native format that cannot be marked, and for any other tangible items that the producing Party believes to contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" materials or information, the producing Party shall affix in a prominent place on the exterior of the medium or container in which the materials, information, or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" as appropriate.  If only a portion or portions of the information or item warrant protection, the producing Party shall make reasonable efforts to identify the protected portion(s).

(i) If any Party becomes aware that information or items it has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" do not in fact properly qualify for such protection, the designating Party shall promptly notify all other Parties that it is withdrawing or changing the mistaken designation.

(j) If any Party inadvertently fails to designate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" materials, the Party seeking such designation shall make all reasonable efforts to correct the failure as soon as practicable after discovering the omission.  If timely corrected, an inadvertent failure to properly designate qualified information or items does not, standing alone, waive the designating Party's or Parties' right to secure protection for such material under this Order.  Upon receiving timely correction of a designation, the Receiving Party or Parties must make reasonable efforts to assure that the material is treated in accordance with this Order.

(k) If any Party in good faith deems material produced by another Party or

Parties to constitute or contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information of the non-producing Party under this Order, the non-producing Party may timely designate such material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" by informing all Parties in writing of the designation within a reasonable time after discovery of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" material.  The non-producing Party may designate only its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information contained in the production of another Party.  Upon such timely designation, all Parties must make reasonable efforts to assure that the material is treated in accordance with this Order.

**2.   Limitations on Use and Disclosure of Confidential Materials.**

(a)  Information or documents designated as "CONFIDENTIAL" under this Order shall not be used or disclosed by the Parties, counsel for the Parties, or any persons identified in Subparagraph 2(b) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(b)  The Parties and counsel for the Parties shall not disclose or permit the disclosure of any documents or information designated as "CONFIDENTIAL" under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i)  Disclosure may be made to counsel for the respective Parties to this litigation, including any in-house counsel for this litigation, and to employees of such counsel involved in the preparation and trial of the lawsuit.

- 6 -

**(ii)** Disclosure may be made to individual Parties, or to directors, officers, or employees of a Party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation.  Disclosure may be made only to those directors, officers, or employees of a Party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

**(iii)** Disclosure may be made to third-party vendors engaged by any counsel or Party to photocopy, image, or maintain the confidential information. Prior to such disclosure, any such person shall be provided with a copy of this Order and must agree in writing to be bound by the terms of this Order.

**(iv)** Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the Parties or counsel for the Parties to assist in the preparation and trial of this litigation.  Prior to disclosure to any expert, the expert shall be provided with a copy of this Order and must agree in writing to be subject to the provisions of this Order.

**(v)** Disclosure may be made to the Court and court personnel, subject to Section (4) of this Protective Order.

**(vi)** Disclosure may be made to court reporters engaged for depositions. Prior to disclosure to any such court reporter, such person shall be provided with a copy of this Order and must agree in writing to be bound by the terms of this Order.

**(vii)** Disclosure may be made to deposition and trial witnesses.  Prior to such disclosure, deposition and trial witnesses shall be provided with a copy of this Order and must agree in writing to be bound by the terms of this Order.

However, confidential information may be disclosed to a witness who will not agree to be bound by this Order, but only in a deposition at which the Party or Parties who designated the confidential information are represented or have been given notice that confidential information produced by the Party or Parties may be used.  The portion of the deposition transcript involving information or materials designated as "CONFIDENTIAL" shall also be deemed designated "CONFIDENTIAL" pursuant to Section (1) of this Protective Order.

**(viii)**  To any person that a document or item on its face indicates has seen or been sent the document, or a copy of it, prior to the date of this Protective Order, such as authors, recipients, or signatories, to the extent reasonably and in good faith deemed necessary by counsel for a Party in this litigation.

**(c)**  Except as provided in Subsections 2(b) and 3(a), counsel for the Parties shall keep all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" which are received under this Order secure within their exclusive possession and shall take reasonable efforts to store such documents in a secure area.

**3.  Limitations on Use and Disclosure of Highly Confidential-Attorney's Eyes Only Materials.**

**(a)**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party or Parties, information or documents designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" under this Order may only be disclosed by any Party or person subject to this order to those persons identified in subsections 2(b)(i), 2(b)(iii), 2(b)(iv), 2(b)(v), and 2(b)(viii).

(b) All other limitations on the use and disclosure of materials designated as "CONFIDENTIAL" under this order shall apply to materials designated as "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY."

4. **Confidential Information Filed with Court.** To the extent that any materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" pursuant to this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information, shall be filed under seal (by the filing Party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter an "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing Party believes that the materials subject to the Order are not properly classified as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," the filing Party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing Party's rights under Section (6) of this Protective Order.

5. **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Order unless the Party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

6. **Challenging Designation of Confidentiality.**

(a) **Timing.** Any Party may challenge a designation of confidentiality at any

time.  A Party does not waive its right to challenge a confidentiality designation by electing not to raise a challenge within a certain time frame after the original designation is disclosed.

**(b) Meet and Confer.**  Prior to filing any motion permitted under this Order, the Parties shall comply with the provisions of L.R. 104.7.

**(c) Judicial Intervention.**  If the Parties cannot resolve a challenge to a confidentiality designation through meeting and conferring, the challenging Party may file and serve a motion challenging a confidentiality designation within 10 days of the Parties agreeing that the meet and confer process will not resolve their dispute, unless the Parties agree to extend the time period.  Any such motion brought under this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this section.

The burden of persuasion in any challenge proceeding is on the designating Party or Parties to justify its designation under Fed. R. Civ. P. 26(c).  Unless the designating Party or Parties have waived the confidentiality designation, all Parties and persons subject to this Order shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation until the Court rules on the challenge.

**7.  Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**
If a Party is served with a discovery request, subpoena, or court order issued in other litigation that seeks or compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," that Party shall (1) promptly notify in writing the designating Party or Parties (and such notice shall include

a copy of the discovery request, order, or subpoena); (2) promptly notify in writing that person or party that caused the discovery request, subpoena, or order to issue in the other litigation that some or all of the material covered by the discovery request, subpoena, or order is subject to this Protective Order (and such notification shall include a copy of this Protective Order); and (3) cooperate in good faith with respect to all reasonable procedures sought by the designating Party or Parties whose confidential information may be affected.

**8. Unauthorized Disclosure of Confidential Information.**  If any Party learns that, by inadvertence or otherwise, it has disclosed information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" by another Party or Parties in this litigation, the disclosing Party shall immediately:

> **(a)** notify the designating Party or Parties in writing of the unauthorized disclosure(s);

> **(b)** use its best efforts to retrieve all unauthorized copies of the confidential information or material;

> **(c)** inform the person or persons to whom unauthorized disclosures were made of all terms of this Order; and

> **(d)** request such person or persons to agree to be subject to the terms of this Order with respect to treatment of the confidential information or material.  If the person or persons to whom unauthorized disclosures were made refuses to be bound by the terms of this Order, and judicial intervention is required, the Party that made the unauthorized disclosure shall, at its own expense, use its best efforts to maintain the protection of the improperly disclosed information and/or material.

**9. Non-Waiver of Attorney-Client Privilege and Work Product Protection.** Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication, information, or material that is protected by the attorney-client privilege or work-product protection, as defined by Fed. R. Evid. 502(g), shall not waive the privilege or protection in the above-captioned case, or any other federal or state proceeding, for either that communication, information, or material or the subject matter of the same, unless there is an intentional waiver of the privilege or protection to support an affirmative use of such communication, information, or material in support of the Party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). The Parties intend that this Stipulated Protective Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, all disclosures not made to support an affirmative use of the communication, information, or material in support of a Party's claim or defense shall be regarded as "inadvertent," and the producing Party is hereby deemed to have taken "reasonable steps to prevent disclosure," regardless of any argument or circumstances suggesting otherwise.

**10. Return of Attorney-Client Privileged or Work-Product Protected Materials**. Except when the requesting Party contests the validity of the underlying claim of attorney-client privilege or work product protection (including a challenge to the reasonableness of the timing or substance of the measures undertaken by the producing party to retrieve the privileged or protected communications, information, or materials in question), any communication, information, or materials that the originating Party claims as attorney-client privileged or work-product protected shall, upon written request, promptly be returned to the originating Party and/or destroyed, at the originating Party's option. If the underlying claim of attorney-client privilege or work product protection is contested, the Parties shall comply with, and the

requesting Party may promptly seek, a judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B).  In assessing the validity of any claim of privilege or protection, the Court shall not consider the provisions of Fed. R. Evid. 502(b)(1) and (2), but shall consider whether timely and otherwise reasonable steps were taken by the originating Party to request the return or destruction of the communications, information, or materials once the producing Party had actual knowledge of (i) the circumstances giving rise to the claim of privilege or protection and (ii) the production of the communication, information, or materials in question.

For purposes of this section, "destroyed" shall mean that the paper versions are shredded, that active electronic versions are deleted, and that no effort shall be made to recover versions that are not readily accessible, such as those on backup media or only recoverable through forensic means. "Actual knowledge" refers to the actual knowledge of an attorney of record or other attorney for that Party with lead responsibilities in the litigation (for example, lead counsel, trial counsel, or a senior attorney with managerial responsibilities for the litigation).

**11. Return or Destruction of Confidential Material at Conclusion of Litigation.**  At the conclusion of the litigation, all material treated as confidential under this Order, whether designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," and not received in evidence shall be returned to the originating Party within thirty (30) days of the final disposition of the litigation as defined in Section (13) below.  If the originating Party and the Parties in possession of confidential material so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the originating Parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**12. Scope.**  This Order covers not only information and material designated as

"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" as provided above, but also (1) all copies, excerpts, summaries, compilations of, or written materials containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" information and materials, and (2) any testimony, conversations, or presentations by the Parties or their counsel that might reveal confidential or highly confidential information or materials, where the Parties or counsel have actual knowledge of the confidential or highly confidential information or materials at issue.  However, this Order does not extend to any information that is in the public domain at the time of disclosure or that becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

      **13. Duration.**  The confidentiality obligations imposed by this Protective Order shall remain in effect even after the final disposition of this litigation, unless a Party or Parties designating material as confidential or highly confidential agree otherwise, an order otherwise directs, or a subsequent change in applicable law or regulations provides otherwise.  If counsel for any Party becomes aware of a change in law or regulations that affects the terms of this provision during the pendency of this litigation, such counsel shall advise counsel for all other Parties.  Final disposition of the litigation is the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time under applicable law.

      **14. Non-Party Use of this Protective Order.**  A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such information or material in the same manner and will enjoy the same level of protection under this order as

any Party to this action.

**15. Miscellaneous.**

 **(a) Modification.**  Nothing in this Order abridges the right of any person or Party to seek its modification by the Court in the future.

 **(b) Right to Assert Other Objections**.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

     Respectfully submitted,


**Rifkin Wiener Livingston LLC**    **Orrick, Herrington & Sutcliffe, LLP**

By: */s/ Charles S. Fax* _____  By: */s/ William F. Stute* _____
 Charles S. Fax        William F. Stute
 (D. Md. Bar No. 02490)      (D. Md. Bar No. 20837)

 7979 Old Georgetown Road, Suite 400  Columbia Center
 Bethesda, MD 20814      1152 15th Street, N.W.
 Telephone: +1 301 951 0150   Washington, DC  20005-1706
 *Attorneys for Relators*      Telephone: +1 202 339 8400
             Facsimile: +1 202 339 8500
             *Attorneys for Defendant Global Linguist*
             *Solutions, LLC*

**Law Office of Joseph Hennessey, LLC**

By: */s/ Joseph A Hennessey*
    Joseph A Hennessey
    (D. Md. Bar No. 13799)

    2 Wisconsin Circle, Suite 710
    Chevy Chase, MD 20815
    Telephone:    +1 301 351 5614
    *Attorneys for Relators*

**Thompson Coburn LLP**

By: */s/ Jan Paul Miller*
    Jan Paul Miller
    (D. Md. Bar No. 05257)

    One U.S. Bank Plaza
    St. Louis, MO 63101
    Telephone:    +1 314 552 6365
    *Attorneys for Defendant DynCorp*
    *International LLC*

**Chimicles Schwartz Kriner & Donaldson-Smith, LLP**

By: */s/ Steven A. Schwartz*
    Steven A. Schwartz
    (Admitted Pro Hac Vice)

    361 West Lancaster Avenue
    Haverford, Pennsylvania, 19041
    Telephone:    +1 610 645-4720
    *Attorneys for Relators*

**Holland & Knight, LLP**

By: */s/ Philip Tucker Evans*
    Philip Tucker Evans (D. Md. Bar No. 11796)

    800 17th Street, N.W., Suite 1100
    Washington, D.C. 20006
    Telephone:    +1 202 457 7043
    *Attorneys for Defendant KMS Solutions, LLC*

**Williams Mullen, PC**

By: */s/ Anthony Anikeeff*
    Anthony Anikeeff (Admitted Pro Hac Vice)
    Michael D Maloney (D. Md. Bar No. 11592)

    8300 Greensboro Dr. 11th Fl.
    Tysons, VA 22102
    Telephone:  +1 703 760 5206
    *Attorneys for Defendant Shee Atika*
    *Languages, LLC*

**Moore and Lee LLP**

By: */s/ Richard O. Wolf*
    Richard O. Wolf (D. Md. Bar No. 04989)

    1751 Pinnacle Drive, Suite 1100
    McLean, VA 22102
    Telephone:    +1 703 506 2050
    *Attorneys for Defendant Thomas Wright, Inc.*

**Shulman Rogers Gandal Pordy Ecker P.A.**

By: */s/ Lane Hornfeck*
    Lane Hornfeck (D. Md. Bar No. 20549)

    12505 Park Potomac Ave., Sixth Floor
    Potomac, MD 20854
    Telephone:    +1 301 945 9276
    *Attorneys for Defendant TigerSwan, LLC*

**SO ORDERED.**

    May 11, 2020

Date

Timothy J. Sullivan
United States Magistrate Judge

## EXHIBIT A

I, _____, acknowledge and declare that I have received

a copy of the Protective Order ("Order") in United States of America *ex rel.* Elgasim

Mohamed Fadlalla, *et al.* v. Dyncorp International LLC, *et al.*, United Stated District Court,

District of Maryland, Case No: 8:15-cv-01806-PX.  Having read and understood the terms of

the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of

said Court for the purpose of any proceeding to enforce the terms of the Order.


Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address:_____

Dated: _____


_____

[Signature]