**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593
MDD_TJSchambers@mdd.uscourts.gov

January 13, 2022

LETTER TO COUNSEL:

Re:     *Fadlalla et al. v. Dyncorp International, LLC et al.*
        Civil Case No. PX-15-1806

Dear Counsel:

The Court has reviewed the parties' letter (ECF No. 336) regarding whether depositions should be conducted remotely or in person. Having reviewed the parties' submission, I find that no hearing is necessary. *See* Loc. R. 105.6. Pursuant to Fed. R. Civ. P. 30(b)(4), the Court orders that, unless the parties agree otherwise, the depositions of the parties and witnesses identified in the letter shall be taken by remote means.

There is good cause to hold these depositions by remote means. First, Covid-19 hospitalizations are at or near an all-time high in Maryland. Plaintiff-Relators ("Relators") state that "[m]any of the Relators, their counsel and their families are subject to heightened risk of COVID infection due to age and medical conditions." ECF No. 336 at 1. Relators also state that the "28 Relators . . . reside abroad and throughout the United States," and that the 15 witnesses whom Relators wish to depose "are also in disparate locales." *Id.* Requiring the Relators, the other witnesses, and their counsel to travel and appear for in-person depositions in Maryland poses a health risk to these individuals. Second, remote depositions have been successfully conducted throughout the country during the pandemic. Reliable and inexpensive technology is available to ensure that remote deposition testimony can be taken efficiently and fairly. Further, because deponents who appear by remote means can be isolated from others during their testimony, they are not required to wear masks while testifying. Third, given the unpredictable nature of the Covid-19 pandemic, with its intermittent surges and new variants, requiring the depositions to be held in person would likely lead to additional delay in this case. Defendants themselves anticipate the need to delay holding in-person depositions by one month or more. *Id.* at 3. Allowing the depositions to be conducted remotely will allow them to begin sooner and minimize any further delay in this case.

The Court recognizes Defendants' interest in conducting the depositions in person. Deposing a witness in person is more familiar and less cumbersome to most attorneys. But, as Relators note, remote depositions have been successfully conducted throughout the Covid-19 pandemic and "stenographic companies have platforms to manage exhibits effectively (including production of same to the witness in real time)." *Id.* at 2. The Court gives little weight to Defendants' concern that they will not be able to effectively test and judge the credibility of the 28 Relators in remote depositions. If the depositions are conducted remotely, the 28 Relators will not be required to wear masks. This will allow Defendants to observe their demeanor and their

reactions better than if the Relators were deposed in person while wearing masks. In addition, while the credibility of the 28 Relators may be important to Defendants in the evaluation of the strength or weakness of the Relators' claims, the credibility of the Relators during their depositions will not be an issue before the Court at the summary judgment stage. The Court is not permitted to "weigh the evidence or make credibility determinations" in ruling on a motion for summary judgment. *Betton v. Belue*, 942 F.3d 184, 190 (4th Cir. 2019). And to the extent that the Defendants might use recordings or transcripts of the Relators' depositions at trial, the recordings or transcripts of the remote depositions will look the same to a jury as those of an in-person deposition (or better because the deponents will not be masked).

In summary, the current state of the Covid-19 pandemic in Maryland and the availability of reliable technology to conduct remote depositions amount to good cause to order that the depositions described in the parties' letter be conducted remotely pursuant to Rule 30(b)(4).

Despite the informal nature of this letter, it is an Order of Court and will be docketed accordingly.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge