IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ELGASIM MOHAMED FADLALLA, *et al.*, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 8:15-cv-01806-PX |
| DYNCORP INTERNATIONAL LLC, *et al.*, | * * | |
| Defendants. | * * * | |

\*\*\*

## **MEMORANDUM OPINION**

Pending before the Court is the Motion for Reconsideration filed by Defendant Global Linguist Solutions, LLC ("GLS") and joined by Defendants TigerSwan, Inc., KMS Solutions, LLC, Thomas/Wright, Inc., Shee Atika Languages, LLC, and DynCorp International, LLC (hereafter "Defendants"). ECF No. 377. Defendants request reconsideration of this Court's order denying leave to file amended answers to Plaintiff/Relators' Second Amended Complaint. *Id.* The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, reconsideration is denied.

**I.     Background**

The Court has previously reviewed the factual and procedural background in this long-running *qui tam* action and will not repeat itself here. *See* ECF Nos. 145, 342, & 374. Relators have brought claims under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.* ("FCA"), and the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1581, *et seq.* ECF No. 286 ¶¶ 528-633. On November 5, 2021, Defendants moved to add the affirmative defense of the "government action bar," contending that because GLS had previously litigated a contractual claim reimbursement pursuant to the Contract Disputes Act, 41 U.S.C. §§ 7101-7109 ("the CDA

Action"), the FCA's bar to litigation applies here.  ECF Nos. 326-3 at 8-12; 327-1 at 8-12; 328-3 at 7-10; 329-1 at 1; 330-1 at 9-13.  *See* 31 U.S.C. § 3730(e)(3) (FCA bars actions "based upon allegations or transactions which are the subject of a civil suit or an administrative civil money penalty proceeding in which the Government is already a party.").

The Court denied amendment because Defendants failed to make plausible that the CDA Action triggered the bar.  Specifically, the Court concluded that the Defendants had not demonstrated why proceedings before the Armed Services Board of Contract Appeals ("ASBCA") involved the same "allegations or transactions" as the FCA claim, a necessary precondition to the bar's application.  ECF No. 374 at 11.  The Court discussed the interplay between the FCA and CDA to explain why Defendants' mere invocation of the ASBCA appeal did not alone permit the government action bar.  *Id.*  (rejecting Defendants' broad contention that the ASBCA Appeal constitutes a "civil suit" under the government action bar).  The Court specifically explained that no facts made plausible that *this* dispute before the ASBCA allowed the inference that it had been "based upon" any "allegations or transactions" sounding in fraud, as the bar requires.  *Id.*  Accordingly, having found no basis on which the government action bar applies to this case, the Court denied the motion to amend.

Defendants now urge reconsideration.  For the following reasons, the motion must be denied.

**II.    Legal Standards**

Because denial of leave to amend is considered interlocutory, Federal Rule of Civil Procedure 54(b) governs reconsideration.  *See Humane Soc'y of United States v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. DKC 13-1822, 2017 WL 1426007, at *3 (D. Md. Apr. 21, 2017).  Rule 54(b) provides that any order that does not resolve all claims may be "revised at any

time" prior to the entry of a final judgment. Fed. R. Civ. P. 54(b). *See also Fayetteville Invs. v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991). Reconsideration under Rule 54(b) is "guided by the general principals of Rule 59(e)." *Matter of Vulcan Construction Materials, LLC*, 433 F. Supp. 3d 816, 820 (E.D. Va. 2019) (internal brackets and quotations omitted); *Humane Soc'y*, 2017 WL 1426007, at *3. Specifically, reconsideration may be warranted to address: (1) a change in controlling law; (2) additional evidence that was not previously available; or (3) a showing that the prior decision was clearly erroneous or manifestly unjust. *See Boyd v. Coventry Health Care Inc.*, 828 F. Supp. 2d 809, 814 (D. Md. 2011) (quotation omitted). Although the Court endeavors always to reach the correct judgment under law, a mere request for the Court to "reconsider a legal issue or to 'change its mind'" does not provide adequate justification to grant the motion. *Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).

    **III.**    **Analysis**

Defendants exclusively argue that the Court erred as a matter of law such that reconsideration must be granted. *See* ECF No. 377 at 2. Defendants first maintain that the Court failed to consider the government's "investigative conduct" that preceded the ASBCA appeal as itself an "administrative civil money penalty proceeding" that triggers the government action bar. ECF No. 377 at 3-7. Defendants mischaracterize the Court's prior decision. To be sure, the Court principally concluded that because the CDA Action and FCA claim were not based on the same allegations or transactions, "it is of no moment whether the CDA Action was a civil money penalty proceeding." ECF No. 374 at 12. However, the Court alternatively reasoned that *this* CDA Action likely could never "constitute a 'civil monetary penalty proceeding.'" ECF No. 374

at 12 n.5.  In so doing, the Court had considered the entirety of the proffered facts that, according to Defendants, warranted the defense.  This included the unsupported contention that general "investigative conduct" in connection with a CDA Action somehow constitutes a civil monetary penalty proceeding.  In short, the Court rejected this argument then, as it does now.

Second, Defendants maintain the Court applied the wrong legal standard when concluding that a CDA Action could never form the basis of the government action bar defense.  ECF No. 377 at 7-8.  But the Court did not conclude that a CDA claim could *never* trigger the government action bar.  ECF No. 374 at 12 ("[I]t will be a rare case that a CDA claim bars future FCA suits.  This case is not that.").  Rather, the Court addressed that which Defendants did not—that the statutory interplay between the CDA and FCA severely undercut Defendants' broad arguments that a CDA Action bars future FCA claims.  ECF No. 374 at 11-12.  Defendants' recitation of largely inapposite or unpersuasive authority does not upset this analysis.[1]

Third, Defendants reassert their argument that the government action bar is jurisdictional, and therefore the Court should permit amendment to assert an affirmative defense.  *Compare* ECF No. 377 at 9-10, *with* ECF No. 326-3 at 3-4.  But even assuming for purposes of argument that the bar is "jurisdictional," amendment is not proper without some facts that make plausible its application.  *See* ECF No. 374 at 6 n.3.  Defendants' resurrection of its views on jurisdiction amounts to little more than a plea for the Court to "change its mind."  *See Pritchard*, 3 F. App'x at 53.  Because Defendants have failed to persuade this Court that the government action bar could apply, it matters not whether the bar is "jurisdictional."

---

[1] Defendants seem to suggest that the Court's prior citation to *Schagrin v. DLR Industries, LLC,* No. 14 C 9125, 2018 WL 6064699, at *2 (N.D. Ill. Nov. 20, 2018), is somehow emblematic of the Court's flawed analysis. ECF No. 377 at 7.  But Defendants fail to appreciate that the Court had cited *Schagrin* precisely because that case stands in such factual contrast to this matter, and thus reinforces why the government bar defense is not plausibly generated here.  ECF No. 374 at 12 n.5.

Fourth, Defendants assert that the Court ruled on the motion for leave to amend without the benefit of a "full evidentiary record." ECF No. 377 at 8-9; *see also* ECF No. 387 at 8-9. But Defendants—not this Court—sought amendment of pleadings when they did, and it turns out without sufficient factual basis. Defendants relatedly press that outstanding discovery requests in this case may change the factual landscape. ECF No. 377 at 8. That may be. However, asking the Court to reconsider the propriety of a defense based on facts not yet generated seems backward at best. Should discovery somehow make the defense plausible, then Defendants will have certainly better grounds to seek amendment based on newly discovered evidence. *See* Fed. R. Civ P. 54(b) (interlocutory order may be "revised at any time" prior to final judgment).

## IV.   Conclusion

For the foregoing reasons, Defendants have failed to persuade the Court that reconsideration is proper. Thus, the motion (ECF No. 377) is denied. A separate Order follows.

<u>November 1, 2022</u>             <u>       /s/                              </u>
Date                                                  Paula Xinis
                                                          United States District Judge